**WORTHE HANSON & WORTHE**
A Law Corporation
1851 East First Street, Ninth Floor
Santa Ana, California 92705
Telephone (714) 285-9600
Facsimile (714) 285-9700
jworthe@whwlawcorp.com
tworthe@whwlawcorp.com

JEFFREY A. WORTHE, SBN 080856
TODD C. WORTHE, SBN 177452

Attorneys for Defendant, UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NOAH BUTLER and COLLEEN O'BRIEN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIR LINES, INC., and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.: C07-4369(CRB)<br>ASSIGNED TO:<br>HON. CHARLES R. BREYER<br><br>**MOTION FOR PROTECTIVE ORDER TO PREVENT PLAINTIFF COLLEEN O'BRIEN, ESQ., FROM COMMUNICATING EX PARTE WITH REPRESENTED PARTIES, CONTACTING EMPLOYEES FOR DEFENDANT UNITED AIRLINES, INC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; SUPPORTING DECLARATIONS OF TODD C. WORTHE, ESQ., AND MONICA AFKARI**<br><br>[*Federal Rules of Civil Procedure*, Rule 26(c) and Local Rules, Rule 7-10.]<br><br>[*Filed Concurrently with Ex Parte Application and Declarations of Todd C. Worthe, Esq. And Monica Afkari in Support Thereof.*]<br><br>DATE:<br>TIME:<br>COURTROOM: |

**JURISDICTION** of this Court is invoked on the basis of diversity of citizenship and

1

pursuant to 28 U.S.C. 1332, 28 U.S.C. 1441 and 28 U.S.C. 1446.

This Motion follows a meet and confer conference held on December 21, 2007, pursuant to Local Rules, Rule 37-1.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This action arises from the purchase, and then cancellation, of airplane tickets by Plaintiff, Colleen O'Brien ("**O'BRIEN**"), a licensed California attorney, and her husband, Noah Butler (hereinafter, "Plaintiffs"). **Following the cancellation of the couples' airline tickets, Plaintiffs attempted to use the voided tickets**. When Defendant, United Airlines, Inc. ("**UNITED**"), refused to allow them to board without a valid ticket, Plaintiffs became indignant and enraged. Not long after, **O'BRIEN** filed suit on behalf of herself and her husband, Plaintiff Noah Butler. The Complaint seeks damages for breach of contract, fraud, violation of the Consumers Legal Remedies Act, violation of the Song-Beverly Consumer Warranty Act, *Civil Code* section 1790, and Magnuson-Moss Act, and for negligent and intentional infliction of emotional distress on the grounds UAL's alleged breach of contract caused "grave trauma" to **O'BRIEN**, who was allegedly pregnant at the time of the alleged breach and fraud.

In mid-November 2007, **O'BRIEN** contacted **UNITED** employee, Monica Afkari, telephonically on behalf of herself and her husband, client and co-plaintiff, Noah Butler. **O'BRIEN** contacted Ms. Afkari at her personal residence. [See, Declaration of Monica Afkari at Paragraph 1, Page 1:24-27.] During the conversation, Ms. O'Brien identified herself as simply "Colleen," claiming to be a passenger of **UNITED**; who was having trouble getting refunded for a trip she did not take. "Colleen" indicated to the **UNITED** employee that she had "serviced" her and had given her a receipt evidencing charges for a flight that was never taken. "Colleen" further represented that "her attorneys" were in a lawsuit against **UNITED** and requested that Ms. Afkari assist her in the preparation of their case. Ms. Akfari, recognizing the inappropriate nature of the communication (i.e. at her personal residence in the absence of her attorney of record), directed **O'BRIEN** to contact **UNITED**.

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

Ms. Afkari also asked "Colleen" how she came to have her personal telephone number as it was not listed. "Colleen" flippantly responded that she had obtained the information "via the web". When pressed for further information regarding the source of the **UNITED** employee's personal telephone number, "Colleen" became evasive. [See, Declaration of Monica Afkari at ¶¶¶¶2,3,4 and 5, Page 1-2.]

Ms. Afkari informed "Colleen" that she would have no further direct communication her as it appeared she was representing both herself and her husband, Noah Butler. Ms. Afkari directed **O'BRIEN** to United Airlines Refund and Legal Departments.

On December 17, 2007, **O'BRIEN** (i.e. "Colleen") again contacted the **UNITED** employee at her personal residence and requested that Ms. Afkari provide a written statement and submit to an in-person meeting. "Colleen" further informed Ms. Afkari that "her attorneys" wanted to issue a subpoena for her deposition. The **UNITED** employee directed "Colleen" to the Legal Department and noted that her phone number was 925-465-0448. Ms. Afkari then terminated the conversation. [See, Declaration of Monica Afkari at ¶11.]

On December 20, 2007, counsel for **UNITED** sent **O'BRIEN** a cease and desist letter advising **O'BRIEN** to refrain from contacting **UNITED** employees directly and especially at their personal residences. [A true and correct copy of **UNITED**'s counsel's correspondence dated December 20, 2007 is attached to the Declaration of Todd C. Worthe, Esq. as Exhibit "A".] In response, **O'BRIEN** attempted to justify her actions by hiding behind Rule 2-100 of the *Rules of Professional Conduct*. [A true and correct copy of **O'BRIEN**'s Correspondence dated December 21, 2007 attached to the Declaration of Todd C. Worthe, Esq. as Exhibit "B".] While Rule 2-100 may allow **O'BRIEN** to communicate directly with **UNITED** employees on behalf of herself as an attorney-litigant, it does not authorize such communications on behalf of her husband, client and co-plaintiff, Noah Butler, who is not attorney-litigant. Nor does Rule 2-100 permit attorney-litigants to misrepresent both their identities and professional capacity.

**O'BRIEN**'s actions on behalf of herself, her husband, client and co-plaintiff Noah Butler, have left **UNITED** with no alternative but to seek a protective order from the Court

3

to prevent any further *ex parte* communications with **UNITED** employees under the guise that such contact is permissible pursuant to Rule 2-100. Having flagrantly infringed upon the attorney-client privilege, **UNITED** further requests the Court order **O'BRIEN** disclose the nature, extent and substance of all *ex parte* communications she has had with any and all **UNITED** employees since the filing of the Complaint.

This Motion follows.

## II.  ARGUMENT

### A.  This Court has the Authority to Issue a Protective Order Preventing Plaintiff Colleen O'Brien from Initiating Any Further Improper Ex Parte Communications with Represented UAL Employees.

*Federal Rules of Civil Procedure*, Rule 26 (c) of the Federal Rules of Civil Procedure provides in pertinent part, as follows:

"(1) In General.

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(E) designating the persons who may be present while the discovery is conducted;..."

This Court is therefore authorized to issue a Protective Order to prevent any further improper ex parte communications with represented employees of **UNITED**.

**B.     This Protective Order Is Necessary and Appropriate To Avoid Further Improper Communications between Plaintiff O'Brien and Employees of UAL Represented by Counsel.**

Generally, communications by counsel to an opposing party represented by counsel are disfavored and prohibited. *Rule of Professional Conduct,* Rule 2-100(A) provides in pertinent part, as follows:

> "While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer." [See, Rule of Professional Conduct 2-100(A).]

The rule was enacted to prevent counsel from taking advantage of a represented party in their counsel's absence and ensuring the integrity of the attorney-client privilege. [See, *Graham v. United States* 96 F.3d 446, 449 (1996). A caveat to this general rule is the situation where an attorney is representing himself or herself in a matter. He or she is permitted to communicate with the represented opposing party directly and indirectly. See, Rule 2-100(c).] California recognizes attorney-litigants have independent rights as a party to an action which should not be abrogated because of her professional status. However, **O'BRIEN** is representing her interests and those of her husband, Noah Butler. Her dual representation and dual status as attorney-litigant have placed her is a theoretical "grey area". While she may have been permitted to contact **UNITED** employees on her own behalf, she certainly was not permitted to contact them as the attorney for her husband and client, Noah Butler. Moreover, whatever rights bestowed upon **O'BRIEN** by virtue of Rule 2-100(c) to communicate directly with **UNITED** employees were eliminated the moment she chose to misrepresent both her identity, her capacity as both lawyer and litigant, and the purpose and nature of her calls. In light of the fact **O'BRIEN** knew the **UNITED** employees were

5

represented by counsel and that her underhanded attempts at acquiring information from said employees was improper, her conduct must not continue.

Therefore, the Court should issue a Protective Order preventing **O'BRIEN** from initiating any further improper *ex parte* communications with any employees of **UNITED** directly or indirectly for engaging in bad faith discovery tactics.

### C. Having Purposefully and Repeatedly Violated the Attorney-Client Privilege, the Court Should Order Plaintiff Colleen O'Brien to Disclose the Nature, Extent and Substance of All Ex Parte Communications.

The privilege from disclosure accorded the client's communications to his counsel is the oldest of the confidential communication privileges. The objective of the privilege is to enhance the value which society places upon legal representation by assuring the client the opportunity for full disclosure to the attorney unfettered by fear that others will be informed.

*Evidence Code* Section 954 provides in pertinent part, as follows:

> "Subject to Section 912 and except as otherwise provided in this article, the client, whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer if the privilege is claimed by:
>
> (a) The holder of the privilege;
>
> (b) A person who is authorized to claim the privilege by the holder of the privilege; or
>
> (c) The person who was the lawyer at the time of the confidential communication, but such person may not claim the privilege if there is no holder of the privilege in existence or if he is otherwise instructed by a person authorized to permit disclosure.
>
> The relationship of attorney and client shall exist between a law corporation as defined in Article 10 (commencing with Section 6160) of Chapter 4 of Division 3 of the Business and Professions Code and the persons to whom it renders professional services, as well as between such persons and members of

the State Bar employed by such corporation to render services to such persons. The word "persons" as used in this subdivision includes partnerships, corporations, limited liability companies, associations and other groups and entities."

In order to preserve the integrity of the attorney-client privilege and to encourage on-going full disclosure, the Court should endeavor to protect the confidential relationship between attorney and client. Moreover, in order for counsel for **UNITED** to adequately represent its interests and to ensure that **O'BRIEN** does not benefit from her questionable conduct, it is respectfully submitted that **O'BRIEN** be ordered to disclose the nature, extent and substance of all ex parte communications she has initiated with all employees of **UNITED**. **O'BRIEN** knew when she contacted the affected employee she was not "just" an in pro per litigant; she knew she was representing her husband Mr. Butler and that she was misrepresenting her own capacity by not disclosing same. Because the communications were in violation of the attorney-client privilege, full disclosure is warranted, necessary, and should be ordered forthwith.

### III. CONCLUSION

On the basis of the foregoing, it is respectfully submitted that this most Honorable Court issue a Protective Order preventing any further communications between **O'BRIEN**, in her capacity as counsel for Noah Butler, and any employee of **UNITED**. It is further submitted that as a result to the Ms. O'Brien's misrepresentations and questionable conduct, the Court should order her to disclose the nature, extent and substance of all *ex parte* communications initiated by Ms. O'Brien.

DATED: December 28, 2007                    **WORTHE HANSON & WORTHE**

By:_____
TODD C. WORTHE, ESQ.
Attorneys for Defendant, UNITED
AIRLINES, INC.

7

# PROOF OF SERVICE

STATE OF CALIFORNIA)
                   )ss
COUNTY OF ORANGE   )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, Ninth Floor, Santa Ana, California 92705.

On December 28, 2007, I served the foregoing document described as **MOTION FOR PROTECTIVE ORDER TO PREVENT PLAINTIFF COLLEEN O'BRIEN, ESQ. FROM COMMUNICATING EX PARTE WITH REPRESENTED PARTIES, CONTACTING EMPLOYEES FOR DEFENDANT UNITED AIRLINES, INC., MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATIONS OF TODD C. WORTHE, ESQ., AND MONICA AFKARI** to all interested parties in said action by:

☐ BY FACSIMILE TRANSMISSION from FAX No. (714)285-9700 to the FAX number(s) listed below. The facsimile machine I used complied with Rule 2003(3) and no error was report by the machine. Fax Number(s):

☐ BY PERSONAL SERVICE as follows: I caused such envelope to be delivered by hand to the offices of the addressee.

☐ BY MAIL as follows:
  ☐ placing ☐ the original ☐ a true copy thereof in a sealed envelope addressed as stated on the ATTACHED MAILING LIST.
  ☐ I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
  ☐ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒ BY OVERNIGHT DELIVERY: I deposited such an envelope in a box or other facility regularly maintained by express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served as indicated on the attached Service List, at the office address as last given by that person on any document filed in the case and served o the party making service.

☐ STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 28, 2007, at Santa Ana, California.

_____
GINA M. FISHER

**SERVICE LIST**
*O'BRIEN/BUTLER V. UNITED AIRLINES, INC.*

Colleen O'Brien, Esq.
O'Brien & Kelleher, LLP
1655 N. Main St. Ste. 220
Walnut Creek, CA 95496
Phone: 925-280-1250
Fax: 775-249-9120
Email: colleen@eastbayattorneys.com
**ATTORNEY IN PRO PER AND FOR PLAINTIFF**
NOAH BUTLER