**WORTHE HANSON & WORTHE**
A Law Corporation
1851 East First Street, Ninth Floor
Santa Ana, California 92705
Telephone (714) 285-9600
Facsimile (714) 285-9700
jworthe@whwlawcorp.com
tworthe@whwlawcorp.com

JEFFREY A. WORTHE, SBN 080856
TODD C. WORTHE, SBN 177452

Attorneys for Defendant, UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NOAH BUTLER and COLLEEN O'BRIEN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIR LINES, INC., and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.: C07-4369(CRB)<br>ASSIGNED TO:<br>HON. CHARLES R. BREYER<br><br>**DECLARATION OF TODD C. WORTHE, ESQ., IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>[*Federal Rules of Civil Procedure*, Rule 26(c) and Local Rules, Rule 7-10.]<br><br>[*FILED CONCURRENTLY WITH MOTION FOR PROTECTIVE ORDER AND EX PARTE APPLICATION THEREON*] |

I, TODD C. WORTHE, ESQ., declare as follows:

1. I am an attorney at law duly licensed to practice before all the courts in the State of California, and am a partner in the law firm of Worthe Hanson & Worthe, a law corporation, attorneys of record for Defendant, UNITED AIRLINES, INC. ("**UNITED**"). As such, I have personal knowledge of the file and pleadings in this matter, as well as the facts stated herein. If called upon as a witness, I could and would competently testify to the

1

following:

1. On Thursday, December 20, 2007, your declarant was contacted by United Airlines, Inc., Risk Management and Law Division. Your declarant had a confidential and privileged discussion relating to the direct contact of an employee of United Airlines, Inc., by Plaintiff, Colleen O'Brien ("**O'BRIEN**")

2. **O'BRIEN** is a Plaintiff pro per in this action. She is representing herself and her husband (both of whom are percipient witnesses) and is a licensed attorney admitted to practice law in the State of California.

3. On Thursday, December 20, 2007, your declarant caused to be delivered via facsimile and U.S. Mail a letter to **O'BRIEN** advising her to "cease and desist" all direct contact with any employee of United Airlines, Inc., relative to her litigation.

4. On Friday, December 21, 2007, your declarant received a written report from United Airlines, Inc., employee, Monica Afkari to her Operational Manager Jeff Littlefield dated December 19, 2007.

5. On Friday, December 21, 2007, contacted **O'BRIEN** in an effort to meet and confer in accordance with *Local Rules of the Northern District*, Rule 37-1, requesting **O'BRIEN** to "cease and desist" from any further communications with employees of **UNITED**. [A true and correct copy of my correspondence to **O'BRIEN** dated December 21, 2007 is attached hereto as Exhibit "**A**".]

6. During our conversation **O'BRIEN** advised me that the Motion for Protective Order was unnecessary as she would not be contacting Ms. Afkari again. She followed up the conversation with a correspondence. [A true and correct copy of that correspondence is attached hereto as Exhibit "**B**".]

7. Your declarant has not brought this Motion for Protective Order for any improper purpose such as harassment or delay. Your declarant is extremely concerned with the conduct of **O'BRIEN**, a licensed California attorney. Even more disturbing is the fact that **O'BRIEN** and your declarant were attempting to secure dates for Ms. Akfari's deposition and she knew on December 17 2007, that Ms. Akfari could be reached through

2

1 | this office in care of your declarant. The Initial Disclosures provided by **UNITED** lists all
2 | employees "C/O Worthe Hanson & Worthe."

3 |     8.    Your declarant is not requesting monetary sanctions or reimbursement for travel to and from the United States District Court - Northern District. However, if this Court believes as your declarant believes it will, that this conduct is inappropriate, then by all means **UNITED** would welcome the opportunity to brief the issue of monetary sanctions.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 28th day of December, 2007, at Santa Ana, California.

_____
TODD C. WORTHE, Declarant

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

3

EXHIBIT "A"

## WORTHE HANSON & WORTHE
A LAW CORPORATION

THE XEROX CENTRE
1851 EAST FIRST STREET
NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600
FACSIMILE: (714) 285-9700
info@whwlawcorp.com

TODD C. WORTHE
PARTNER

December 21, 2007

CLIENT NO. 87216

DIRECT DIAL: (714) 955-6960
tworthe@whwlawcorp.com

**Via Facsimile and U.S. Mail:**
Colleen O'Brien, Esq.
O'Brien & Kelleher, LLP
1655 N. Main St. Ste. 220
Walnut Creek, CA 95496

Re:   *O'Brien/Butler v. United Airlines, Inc.*

Dear Ms. O'Brien:

This is an effort to meet and confer in accordance with *Local Rules for the Northern District*, Rule 37-1. Needless to say the enclosed Statement of Ms. Afkari is troublesome to say the least. It is inconceivable that a licensed attorney in the State of California (**without a history of discipline**) would directly contact someone whom she knows to be represented by counsel after notifying her attorney that she wants to take that deposition. United Airlines, Inc., is going to move for a Protective Order preventing any further contact with any employee of United Airlines, Inc.

Please contact me upon receipt of this letter so that we may further discuss same. If I do not hear from you by close of business December 28, 2007, we will move the court Ex Parte for the relief requested.

Very truly yours,

WORTHE HANSON & WORTHE

By: *[signature]*
TODD C. WORTHE

TCW:gmf

EXHIBIT "B"

# O'BRIEN & KELLEHER, LLP
### ATTORNEYS AT LAW
### WALNUT CREEK • VACAVILLE

**VIA FACSIMILE**

December 21, 2007

Todd C. Worthe, Esq.
Worthe, Hanson & Worthe
1851 E. First Street, 9th Floor
Santa Ana, CA 92705

Re: *Butler v. UAL*, NDCA, C 07-04369

Dear Mr. Worthe,

As I told you on the phone during our meet-and-confer, you do not need a protective order preventing me from contacting Ms. Afkari and other present UAL employees because I do not intend to contact them. I do not know why this assurance is not enough for you, but let me say it again: <u>I have no intention of contacting her or other known present employees of United as we move forward.</u>

I asked you on the phone for your authority to make this request as there was no cited authority in your letter; you provided none. If your authority is California Rule of Professional Conduct 2-100, Communication with a Represented Party, I suggest you review that rule and the discussion that follows it very carefully before moving for a protective order. Pay particular attention to rule paragraphs A, and discussion paragraphs 1, 2, and 5. I will be happy to review any other authority you provide to me, such as a case or other statute.

Finally, I must point out that your letter of December 4 indicated no knowledge of Afkari and certainly no purported representation. The first indication I ever had from you that Ms. Afkari "is an employee of United Airlines and will be represented by this firm when she is provided for deposition" was on December 19, 2007, which is obviously <u>after</u> December 17.

Again, I will respect your request that I not contact UAL employees as a professional courtesy, which is what you asked me for in your letter of December 20—even though I do not think you have the authority to make this demand. I am pleased that you are going to secure her for deposition in early January.

As always, I am available to talk to you on the phone about this.

Very Truly Yours,
O'Brien & Kelleher, LLP

Colleen O'Brien
Attorney for Plaintiffs

WALNUT CREEK • 1655 N. MAIN ST STE 220. WALNUT CREEK. CA 94596 • (925) 280-1250
VACAVILLE • 78 CERNON ST STE C. VACAVILLE. CA 95687 • (707) 470-0304
FAX: (775) 249-9120
WWW.EASTBAYATTORNEYS.COM

/2007 14:42   7752499120         O'BRIEN & KELLEHER                                PAGE  01



# O'BRIEN & KELLEHER
### ATTORNEYS AT LAW

### WALNUT CREEK

Walnut Creek Office
1655 N. Main St, Ste 220
Walnut Creek, CA  94596
Phone: (925) 280-1250
Fax: (775) 249-9120

# Fax

| | | | |
|---|---|---|---|
| **To:** Todd Worthe | | **From:** Jenny Pocekay | |
| **Fax:** 714-285-9700 | | **Pages:** 2 (including this cover page) | |
| **Phone:** | | **Date:** December 21, 2007 | |
| **Re:** Butler et al. v. United Air Lines, Inc | | **CC:** | |

☒ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

● Comments:

Dear Mr. Worthe,

Please find attached correspondence from Colleen O'Brien for December 21, 2007.

Thank you,

Jenny Pocekay

**PROOF OF SERVICE**

STATE OF CALIFORNIA)
                              )ss
COUNTY OF ORANGE  )

      I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, Ninth Floor, Santa Ana, California 92705.

      On December 28, 2007, I served the foregoing document described as **DECLARATION OF TODD C. WORTHE, ESQ. IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** to all interested parties in said action by:

☐    BY FACSIMILE TRANSMISSION from FAX No. (714)285-9700 to the FAX number(s) listed below. The facsimile machine I used complied with Rule 2003(3) and no error was report by the machine.    Fax Number(s):

☐    BY PERSONAL SERVICE as follows: I caused such envelope to be delivered by hand to the offices of the addressee.

☐    BY MAIL as follows:
        ☐    placing ☐ the original ☐ a true copy thereof in a sealed envelope addressed as stated on the ATTACHED MAILING LIST.
        ☐    I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
        ☐    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒    BY OVERNIGHT DELIVERY: I deposited such an envelope in a box or other facility regularly maintained by express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served as indicated on the attached Service List, at the office address as last given by that person on any document filed in the case and served o the party making service.

☐    STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 28, 2007, at Santa Ana, California.

                                                                      _/s/ Gina M. Fisher_
                                                                      GINA M. FISHER

**SERVICE LIST**
*O'BRIEN/BUTLER V. UNITED AIRLINES, INC.*

Colleen O'Brien, Esq.
O'Brien & Kelleher, LLP
1655 N. Main St. Ste. 220
Walnut Creek, CA 95496
Phone: 925-280-1250
Fax: 775-249-9120
Email: colleen@eastbayattorneys.com
**ATTORNEY IN PRO PER AND FOR PLAINTIFF NOAH BUTLER**