**WORTHE HANSON & WORTHE**
A Law Corporation
1851 East First Street, Ninth Floor
Santa Ana, California 92705
Telephone (714) 285-9600
Facsimile (714) 285-9700
jworthe@whwlawcorp.com
tworthe@whwlawcorp.com

JEFFREY A. WORTHE, SBN 080856
TODD C. WORTHE, SBN 177452

Attorneys for Defendant, UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NOAH BUTLER and COLLEEN O'BRIEN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIR LINES, INC., and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.: C07-4369(CRB)<br>ASSIGNED TO:<br>HON. CHARLES R. BREYER<br><br>**DECLARATION OF MONICA AFKARI IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |

I, Monica Afkari, am employed by UNITED AIRLINES, INC. ("**UNITED**") at Oakland International Airport ("**OAK**"). I am presently employed as a Customer Service Representative, and have been since June 4, 1990. If called upon to testify, I could and would competently testify to the following:

1. During the second week of November 2007, and while this litigation was pending, your Declarant received a telephone call at my residence from an unknown person by the name of "Colleen" claiming she was a passenger of **UNITED**, who was having a problem getting her money back from a trip she did not take.

///

1

2. The person named "Colleen" indicated that she was "serviced" by your declarant and was given a receipt and/or printout demonstrating charges for a flight that was never taken.

3. Your declarant was unfamiliar with this situation and could not understand why this contact was being done at your declarant's personal residence.

4. The person named "Colleen" indicated that her "attorneys" were in a lawsuit against **UNITED**, and she desired your declarant's assistance. Your declarant informed "Colleen" that this procedure was "highly inappropriate" and advised her to contact the Refund Department of **UNITED** and/or Headquarters to assist with her problem. Your declarant also recommended that "Colleen" visit the company website on the World Wide Web at www.ual.com.

5. Your declarant advised "Colleen" that it was inappropriate to contact an employee at home to assist with a problem against your declarant's employer.

6. Your declarant asked "Colleen" how she obtained the residential telephone number. The person named "Colleen" indicated that she obtained the information "via the web." Your declarant found this response disingenuous and very unlikely.

7. When questioned about where on the web or web-site, "Colleen" located the personal information for your declarant, "Colleen" became evasive and continued to speak of her matter.

8. Your declarant advised "Colleen" that she would not speak to her nor meet with her as she requested. Your declarant further directed "Colleen" to the United Airlines Refund Department and advised her to contact **UNITED**, directly via the "800" number for United Airlines, Inc., or the World Wide Web.

9. Your declarant advised "Colleen" that her "lawyers" should be contacting United Airlines Legal Department. Most importantly, your declarant advised "Colleen" to refrain from any personal contact ever again.

///

///

10. On December 17, 2007, at approximately 4:00 p.m. "Colleen" contacted your declarant at my residence again requesting my assistance to provide a "written statement" and a personal meeting. "Colleen" also asked your declarant when she would be available in the Bay area due to your declarant's 818 area code, assuming your declarant resided in Los Angeles. "Colleen" advised your declarant that her "lawyer" wanted to issue a subpoena or take a deposition. At this point, your declarant became very unpleasant and clearly stated that "Colleen" was not to attempt personal contact ever again. Your declarant further advised "Colleen" that this matter would be directed to United Airlines Operational Manager, Jeff Littlefield and the United Airlines Legal Department. Your declarant then hung up the phone.

11. The telephone calls from "Colleen" have been persistent, annoying and incredibly frustrating. The name "Colleen" and the phone contact which comes up on the Caller I.D. is 925-465-0448.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 28th day of December, 2007, at Oakland, California.

MONICA AFKARI, Declarant

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                    ) ss
COUNTY OF ORANGE    )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, Ninth Floor, Santa Ana, California 92705.

On December 28, 2007, I served the foregoing document described as **DECLARATION OF MONICA AFKARI IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** to all interested parties in said action by:

☐ BY FACSIMILE TRANSMISSION from FAX No. (714)285-9700 to the FAX number(s) listed below. The facsimile machine I used complied with Rule 2003(3) and no error was report by the machine. Fax Number(s):

☐ BY PERSONAL SERVICE as follows: I caused such envelope to be delivered by hand to the offices of the addressee.

☐ BY MAIL as follows:
  ☐ placing ☐ the original ☐ a true copy thereof in a sealed envelope addressed as stated on the ATTACHED MAILING LIST.
  ☐ I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
  ☐ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒ BY OVERNIGHT DELIVERY: I deposited such an envelope in a box or other facility regularly maintained by express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served as indicated on the attached Service List, at the office address as last given by that person on any document filed in the case and served o the party making service.

☐ STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 28, 2007, at Santa Ana, California.

_____
GINA M. FISHER

**SERVICE LIST**
*O'BRIEN/BUTLER V. UNITED AIRLINES, INC.*

Colleen O'Brien, Esq.
O'Brien & Kelleher, LLP
1655 N. Main St. Ste. 220
Walnut Creek, CA 95496
Phone: 925-280-1250
Fax: 775-249-9120
Email: colleen@eastbayattorneys.com
**ATTORNEY IN PRO PER AND FOR PLAINTIFF NOAH BUTLER**