Colleen O'Brien (Bar No. 215514)
O'Brien & Kelleher, LLP
1655 N. Main St, Suite 220
Walnut Creek, CA 94596-4642
Telephone: (925) 280-1250
Fax: (775) 249-9120
Email: colleen@eastbayattorneys.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NOAH BUTLER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED AIR LINES, INC.,<br><br>    Defendant. | Case No.: C07-04369 CRB<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT<br><br>Judge: Hon. Charles R. Breyer<br>Date: February 22, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 19th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on February 22, 2008 at 10:00 a.m., or as soon thereafter as the parties may be heard, PLAINTIFFS COLLEEN O'BRIEN and NOAH BUTLER will move this Court, at the United States Courthouse located at 450 Golden Gate Ave., San Francisco, California, Courtroom 8, for a protective order, pursuant to Fed.R.Civ.P 26(c), 30(d)(3), and 37(d)(2), regarding the depositions of COLLEEN O'BRIEN and NOAH BUTLER, scheduled to commence on January 14 and 17, 2008, respectively. This motion is based on Defendant's counsel Todd Worthe's bad faith, unreasonable annoyance, embarrassment, harassment, and oppression of Plaintiff and Plaintiffs' counsel Colleen O'Brien throughout the discovery process and his conduct during the depositions of Mina Taheri and of Monica Afkari on January 11, 2008. In light of Mr. Worthe's hostility, aggressiveness, and extremely

1  inappropriate behavior, Plaintiffs request that their depositions be taken only under supervision
2  by the Court.

3  There is a particular and specific need for the protective order in that Mr. Worthe has
4  repeatedly insulted Ms. O'Brien and consistently behaved in an unprofessional manner. This
5  behavior, in which Mr. Worthe has engaged for the last two months, was on display on Friday,
6  when Ms. O'Brien was taking depositions. After repeatedly insulting Ms. O'Brien on the
7  record, insulting her to her legal partner during a break, making frivolous objections, and
8  instructing the witness not to answer relevant and non-privileged questions, Mr. Worthe
9  terminated the deposition when Ms. O'Brien attempted to question the witness about the
10 contents of the witness' sworn declaration. Mr. Worthe then spent some time (on the record)
11 insulting Ms. O'Brien and behaving in an aggressive, threatening, and inappropriate manner.
12 Ms. O'Brien stated that she wanted to call the Court prior to the scheduled Monday deposition
13 of her. Mr. Worthe at first said to call the court, but then categorically refused to call the Court
14 with Ms. O'Brien. After telling Ms. O'Brien on the record that he planned to go after her for
15 "as much monetary sanctions as I can muster up", he stated off the record that he would "see
16 you Monday at 1:00," obviously referencing the Monday deposition of Ms. O'Brien.
17 Plaintiffs' request the Court refer to the videotape of the Afkari deposition, particularly at times
18 14:44, 14:46, 14:48 and 14:51, which will exemplify the abuse, harassment, and need for a
19 protective order. Videotape of the earlier deposition with similar and cumulative abusive
20 behavior on the part of Mr. Worthe will be lodged when received.

21 As explained in the Declaration of Colleen O'Brien and as is apparent from the
22 videotape, prior to filing this motion, Plaintiffs' attorney Colleen O'Brien, attempted to get Mr.
23 Worthe to call the Court with her in an attempt to resolve his issues without a formal motion,
24 but Mr. Worthe refused her suggestion.

25 This motion is based on this Notice of Motion and Motion, the accompanying
26 Memorandum of Points and Authorities, the Declarations of Colleen O'Brien, Esq, and Daniel
27 Kelleher, Esq., the videotape of the deposition which is being lodged with this court, and the
28

pleadings and papers on file in this action.

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

This motion is made pursuant to FRCP 26(c), 30(d)(3), and 37(d)(2). As detailed in the DECLARATION OF COLLEEN O'BRIEN IN SUPPORT OF MOTION, Plaintiffs' counsel has made repeated attempts to engage in a professional cooperative manner with Defendant's counsel Todd Worthe, and those attempts have been met with abuse, hostility, threats, and harassment. As detailed in the DECLARATION OF DANIEL C. KELLEHER, Mr. Worthe continues to display erratic, irrational, and threatening behavior towards Ms. O'Brien, in the utter absence of provocation. He embarrassed and harassed her in the middle of a court proceeding in front of the court officers, her colleague, and the deponent, without cause or provocation, while referencing her deposition the following Monday. Ms. O'Brien's attempts to resolve the issue prior to her deposition were met with scorn.

Plaintiffs believe that in view of this environment of increasing hostility and unprofessional displays by Mr. Worthe, it would be not only pointless, but reckless for them to try to continue to conduct and participate in discovery without court supervision and oversight. Plaintiffs move for this order prior to both Plaintiffs' depositions based on Mr. Worthe's continuing threats, insults, and harassment. Mr. Worthe's behavior at the deposition on Friday, January 11, 2008, suggests that he plans to use the deposition to berate, insult, abuse and threaten Plaintiffs, rather than to discover facts relevant to the case. Plaintiffs ask the Court for relief at the earliest possible opportunity.

Among the insults and degradations performed on the record and in front of others during the course of the deposition by Mr. Worthe:

- That Ms. O'Brien is "unethical";
- That she is "a disgrace to the legal profession";
- That no one who actually works as an attorney "for a living" would conduct himself as Ms. O'Brien has;

- That Mr. Worthe will "get as much sanctions against [Ms. O'Brien] as he can muster up";
- That Ms. O'Brien accomplished nothing during her examinations "except making nothing but an absolute joke of [the legal] profession";
- That Ms. O'Brien does not know what she is doing;
- That Ms. O'Brien had been there "since 9:00 wasting everyone's time".

Most of these insults were hurled at Ms. O'Brien after Mr. Worthe had terminated the deposition and refused to contact the court. Among the statements he made regarding Ms. O'Brien off-the-record on the same date:

- That Ms. O'Brien is stupid;
- That she is crazy;
- That Ms. O'Brien is the worst lawyer he has ever met.

Plaintiffs therefore move under FRCP 26(c), 30(d)(3), and 37(d)(2) to ask that these depositions be conducted only under some kind of court supervision, attended by a magistrate judge or other third-party discovery referee who can rule on objections and monitor Mr. Worthe's conduct, and that they take place in the courthouse, and at Defendant's expense, if additional expenses are necessary. As an alternative, Plaintiffs have offered that they are

//
//
//
//
//
//
//
//

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT

1  willing to be deposed on written questions.  Finally, this court is requested to issue an order
2  directing United's attorneys to refrain from ad hominem attacks, threats, and insults directed at
3  Plaintiffs.  This court is also requested to make any other orders it deems appropriate to shield
4  Plaintiffs from continued abuse and harassment by United's lawyers.  *See Chambers v.*
5  *NASCO, Inc.,* 501 U.S. 32, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991) (federal courts have
6  inherent power to control conduct of litigation).

Respectfully submitted,

Date: _____14 Jan 08_____            _____/s/_____
                                                Colleen O'Brien
                                                O'Brien & Kelleher, LLP
                                                Attorneys for Plaintiffs