Colleen O'Brien (Bar No. 215514)
O'Brien & Kelleher, LLP
1655 N. Main St, Suite 220
Walnut Creek, CA 94596-4642
Telephone: (925) 280-1250
Fax: (775) 249-9120
Email: colleen@eastbayattorneys.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NOAH BUTLER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED AIR LINES, INC.,<br><br>　　　　Defendant. | Case No.: C07-04369 CRB<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Judge: Hon. Charles R. Breyer<br>Date: February 22, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 19th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

　　　Please take notice that on February 22, 2008 at 10:00 a.m., or as soon thereafter as the parties may be heard, PLAINTIFFS COLLEEN O'BRIEN and NOAH BUTLER will move this Court, at the United States Courthouse located at 450 Golden Gate Ave., San Francisco, California, Courtroom 8, for an order awarding sanctions to Plaintiffs, pursuant to the court's inherent power to levy sanctions, 28 U.S.C. §1927 and Local Rule 7-4, as well as FRCP 26(c) and 37(a)(3)(B)(1), based on Defendant's counsel Todd Worthe's discovery abuse in terminating the deposition of Monica Afkari without cause or reason, his refusal to confer about the termination, and his bad faith, unreasonable annoyance, embarrassment, harassment, and oppression of Plaintiff and Plaintiffs' counsel Colleen O'Brien throughout the discovery process and his conduct toward her during the depositions of Monica Afkari and Mina Taheri on January 11, 2008.

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal courts have the inherent power to levy sanctions, including attorney's fees, for willful disobedience of a court order, or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. In addition, a court may assess sanctions against counsel who willfully abuse judicial processes. *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 966 (9th Cir. 2004); *Fink v. Gomez,* 239 F.3d 989, 991 (9th Cir. 2001). Courts may also assess sanctions for an attorney's acting recklessly, wantonly, or for an oppressive purpose. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-259.

As is demonstrated in the Declarations of Colleen O'Brien and Daniel C. Kelleher filed in Support of this Motion and Plaintiffs' Motion for a Protective Order, and as is clear from the videotape of the deposition lodged with this court in support of this motion, Defendant's counsel Todd Worthe unilaterally terminated Plaintiffs' deposition of Monica Afkari without discussion or cause. He refused to consult the court about the dispute or to discuss it with Plaintiffs' counsel, and his objection was an improper one premised on the idea that Ms. Afkari could not be questioned about factual assertions made in her Declaration, due to attorney-client privilege. He then proceeded on the record to insult Ms. O'Brien and to make threats against her.

Plaintiffs respectfully request the court sanction Mr. Worthe and his client by ordering the following:

Pursuant to FRCP 26(c), the court issue an order terminating Mr. Worthe's application for a protective order as a sanction for refusing to allow Ms. Afkari to be questioned regarding her Declaration offered in Support of that Motion;

Pursuant to FRCP 26(c) and 30(d)(4), the court order as a sanction that both Plaintiffs' depositions shall be conducted under Court supervision or upon written questions;

Pursuant to FRCP 27(a)(3)(B(1) and 37(d)(2); the court order Mr. Worthe to reimburse Plaintiffs for all costs associated with taking Ms. Afkari's deposition;

Pursuant to the court's inherent power, 28 U.S.C. §1927, and *Earthquake Sound Corp. v. Bumper Indus.* 352 F.3d 1210, 1220 (9th Cir. 2003) (awarding attorney's fees), the court award Plaintiffs' attorney's fees in the amount of $5,000;

Pursuant to the court's inherent power, 28 U.S.C. §1927, and *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1007-1109, the court award Plaintiff Colleen O'Brien emotional distress sanctions in the amount of $10,000.

Respectfully submitted,

Date: _____14 Jan 08_____     _____/s/_____
Colleen O'Brien
O'Brien & Kelleher, LLP
Attorneys for Plaintiffs