Colleen O'Brien (Bar No. 215514)
O'Brien & Kelleher, LLP
1655 N. Main St, Suite 220
Walnut Creek, CA 94596-4642
Telephone: (925) 280-1250
Fax:  (775) 249-9120
Email: colleen@eastbayattorneys.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NOAH BUTLER, et al., | Case No.: C07-04369 CRB |
| Plaintiffs, | DECLARATION OF COLLEEN O'BRIEN IN SUPPORT OF MOTIONS FOR A PROTECTIVE ORDER AND REQUEST FOR SANCTIONS |
| v. | |
| UNITED AIR LINES, INC., | |
| Defendants. | Judge: Hon. Charles R. Breyer<br>Date: February 22, 2008<br>Time: 10:00 a.m.<br>Place; Courtroom 8, 19th Floor |

I, COLLEEN O'BRIEN, declare:

1. I am a Plaintiff in this action, and the attorney of record for Plaintiffs. This is a declaration in support of Plaintiffs' Motions for a Protective Order and for Sanctions, as well as a meet and confer declaration pursuant to FRCP 26(d) and 30(d)(4). If called as a witness, I would testify as set forth below.

2. On January 11, 2008, I conducted the deposition of a Person Most Knowledgeable for Defendant United Air Lines, Inc. and a United employee named Monica Afkari, whose declaration Defendant's attorney Todd Worthe has submitted to this court in support of an ex

---

1
DECLARATION OF COLLEEN O'BRIEN IN SUPPORT OF MOTION FOR A
PROTECTIVE ORDER AND REQUEST FOR SANCTIONS

parte and unnoticed motion for a protective order against me, pursuant to Cal. Rules Prof. Conduct 2-100, alleging that I engaged in unethical conduct.

3.  In addition to the deponents and me, the depositions were attended by Todd Worthe, the attorney for Defendant United Air Lines, a court reporter, a videographer, and, for much of the day, my law partner Attorney Dan Kelleher from O'Brien & Kelleher, LLP.

4.  In the two months prior to the depositions, Mr. Worthe had displayed increasing levels of personal hostility and animus towards me.  By way of example, the last four times I had spoken to Mr. Worthe on the phone, he had slammed down the phone on me mid-call.  Since November 2007, he has started every conversation with me by screaming at me and continuing to yell throughout.  He has repeatedly attacked me personally and questioned my competence, making comments such as, "What law school did you go to?", "I can't believe you're a licensed California attorney", "Northern California lawyers don't know how to do anything", and "What kind of a lawyer are you?"  These statements have been made at various times since November 2007—always in the context of my attempts to confer with Mr. Worthe about his legal positions, a discovery plan, and/or the facts of the case.  As a consequence of his personal contempt for me, we have never actually had a discussion about the actual issues in the case.  I have never responded to his hostility in kind.  My focus has always remained on trying complete discovery in time to file Plaintiffs' Motion for Summary Judgment before a three-week jury trial I have scheduled starting on January 28, 2008.

5.  In part, the highly personal nature of Mr. Worthe's attacks on me and his increasing hostility and belligerence caused me to ask Mr. Kelleher to attend the January 11, 2008 depositions.

6.  There were two depositions on January 11, starting at 9 a.m.  Mr. Worthe started out the morning with hostile displays towards me, and his inappropriate mood and behavior fluctuated

DECLARATION OF COLLEEN O'BRIEN IN SUPPORT OF MOTION FOR A
PROTECTIVE ORDER AND REQUEST FOR SANCTIONS

from sarcasm to anger throughout the day. This was very uncomfortable as he was sitting about two feet away from me. For example, he presented me at the deposition—for the first time—with several inches of discovery documents, and mocked me for not being familiar with the items he had just produced. He did this though I had asked him for these documents in advance of the deposition.

7. He was very sarcastic and snippy throughout the deposition of Mina Taheri, but we got through it. However, he terminated the deposition of Ms. Afkari after about 45 minutes. He did this when I started to question her about the declaration bearing her signature that he had filed accusing me of unethical conduct. His termination was based on a claim of "attorney-client privilege", which he refused to discuss with me, even though I tried to explain to him that no privilege should still attach to factual statements made in a declaration she had signed and submitted to the court. Before we could discuss it, he ordered the deponent to leave, then continued to insult me, and threaten me with sanctions. He removed his microphone, stood, paced, shook, turned red, and stood over where I was sitting. He was very sarcastic and unreasonable. I made every attempt to confer with Mr. Worthe under the circumstances, including a suggestion that we should call the court for guidance and to resolve our disputes. After having initially made that suggestion, he refused to do consult the court. The DVD of the Deposition of Monica Afkari, which I swear is a true and correct copy of the proceedings, is lodged with this motion. The court will see the unprofessional behavior of which I speak. The DVD will be sent by overnight mail to the judge's chambers for viewing by the court, to be followed by the DVD of the Deposition of Mina Taheri when it becomes available. It was apparent to me that Mr. Worthe was looking for any excuse to "shut down" the depositions, as he says on the record.

8. As Mr. Worthe states on the DVD, he planned to take my deposition on Monday, January 14, 2008 at 1:00 p.m. My spouse, Noah Butler's, deposition was scheduled for Thursday, January 17, 2008. Up until Friday's events, we were both planning to attend those depositions on Monday and Thursday. However, Mr. Worthe's oppressive behavior has escalated to a point beyond which any reasonable attorney or party should have to bear. For me to continue to attempt to solider through discovery under these conditions seems reckless. I am very upset and embarrassed by his conduct and abuse.

9. On Sunday, January 13, 2008, I notified Mr. Worthe by fax and phone message that both Plaintiffs' depositions are suspended pending a ruling on Plaintiffs' Motion for a Protective Order and for Sanctions, and that he should take all available steps to cancel his arrangements. A copy of that fax is attached to this Declaration as Exhibit 1.

10. Although it has never been easy, I have tried very hard to work with Mr. Worthe on a discovery plan, and to confer with him about disputes. At his request, I moved the deposition from my office in Walnut Creek to Oakland for the convenience of the United witnesses. I agreed to conduct the deposition on January 11, 2008—the only date he would offer or allow for them to be deposed. He has responded to my calm and concessions in the face of his abuse with increasing abuse—as if his inability to get me to respond in kind infuriates him even more.

11. As an attorney, I understand that United has a right to depose me and to depose Mr. Butler. However, no attorney, party or deponent should have to endure this type of annoyance in any legal proceeding. I have the right to conduct and attend depositions free from this harassment and verbal abuse by United's lawyers. Given Mr. Worthe's comments about seeking every sanction he can think of against me, I have every reason to believe that he will continue to try to goad and provoke me, and then file a motion for sanctions no matter what my reaction.

12. Mr. Butler, my spouse, is also a Plaintiff in this case. He was scheduled to be deposed on Thursday. As an attorney, I am used to tolerating a certain amount of unpleasant and offensive behavior. However, Mr. Worthe's behavior is beyond the normal limits of aggressive advocacy on behalf of one's client. It would be unfair and oppressive for Mr. Butler to have to endure Mr. Worthe's aggressive abusive behavior towards me. After the court looks at this video, the court will no doubt understand why no spouse should be expected to sit through abuse directed at his wife while his reaction to the insults is being video recorded.

13. Plaintiffs suggest that there are a number of alternative means to conduct these depositions, and are willing to attend a deposition supervised by the court or submit to a written deposition on questions.

14. I have every reason to believe that Mr. Worthe will continue to proceed in this outrageous manner unless sanctioned and enjoined by this court. He has already engaged in abuse of process in this case, prior to January 11, 2008. A few weeks ago, he moved ex parte and by unnoticed motion for a protective order even though I had already agreed to the relief he wanted simply to calm him down, and I instructed him he had no authority for his motion or demand before he filed it. He filed it anyway. This incident is instructive. Mr. Worthe's idea of a meet-and-confer before he filed that unnoticed motion was to scream at me and insult me on the phone for five minutes. He never once asked me what happened between Afkari and me or what my position was. When I was finally able to interrupt him for long enough to ask him about his legal authority for his demand that I not contact United employees, he insulted my intellect. That conversation took place on December 21, 2007. Mr. Worthe describes that same conversation in his Motion for Protective Order as "uneventful". It appears that to him, a conversation in which he gets exactly what he asks for and screams at opposing counsel for five solid minutes is a non-

event. His only aim in this litigation seems to be to harass me and insult me to my face, before the court, and in front of other people. His defense of United seems to consist of calling me "crazy", "incompetent", and "unethical", which he has done repeatedly over the last eight weeks.

15. I am informed and believe and thereon allege that Mr. Worthe intends to conduct my deposition and that of my spouse in a harassing, abusive, and oppressive manner. He has already attempted to conduct discovery into matters wholly unrelated to this lawsuit, such as into my psychiatric history and the facts surrounding my admission to the California Bar. In our first and second phone calls, he threatened my spouse and I repeatedly with "mental status exams". He only backed off that threat when I informed him that he would have to move the court for such an exam. In his third phone call to me, he demanded a copy of the Complaint, which it was apparent he had never seen. I believe, based on his past behavior, that if not first enjoined by this court, he will harass me with personal, professional, and business questions wholly unrelated to a claim or defense in this matter and continue to harass and insult me. Based on what I have seen, his aggression and spite towards me continues to escalate, and will continue. I do not know him, and I have no idea what are the limits of his bad and unbalanced behavior. I do know that he behaved in an uncivil manner when he knew he was being taped—when he, in fact, had requested the taping. I know he describes phone calls in which he screams at me without pausing and then hangs up on me as "uneventful". This leads me to believe it is imprudent and unwise for me to be in a room from this point forward without court supervision.

16. As is apparent from the transcript, I attempted to meet and confer with Mr. Worthe about his depositions of Plaintiffs and about his behavior by suggesting we call the court then and again on Monday. He rejected my attempt to resolve this dispute without this motion.

17. My hourly fee for conducting depositions is $300 per hour. I spent three hours preparing for and conducting Ms. Afkari's deposition. I spent ten hours drafting and researching this motion, and I paid for Ms. Afkari's discontinued deposition as well as an expedited video transcript of the deposition to file with this motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: January 14, 2008  _____/s/_____
                          Colleen O'Brien
                          O'Brien & Kelleher LLP
                          Attorney for Plaintiffs

7
DECLARATION OF COLLEEN O'BRIEN IN SUPPORT OF MOTION FOR A
PROTECTIVE ORDER AND REQUEST FOR SANCTIONS

# EXHIBIT 1

# O'BRIEN & KELLEHER, LLP
### ATTORNEYS AT LAW
### WALNUT CREEK • VACAVILLE

**Via FAX – (714) 285-9700**

January 13, 2008

Todd C. Worthe, Esq.
Worthe Hanson & Worthe
1851 E 1st St 9FL
Santa Ana, CA 92705

Dear Mr. Worthe:

Please be advised that because of the conduct you displayed towards me and my colleague at the depositions on Friday, January 11, 2008, the Depositions of Plaintiffs Colleen O'Brien and Noah Butler are suspended, and Plaintiffs will not appear for deposition on either Monday, January 14, 2008 or Thursday, January 17, 2008, pursuant to FRCP 26(c), 30(d)(4), and 37(d)(2), so that Plaintiffs can file a motion for a protective order and for sanctions.

Again, Plaintiffs will not appear pending the outcome of a motion for a protective order and sanctions to be filed with the court as soon as practicable. You should take all immediate steps to cancel the court reporter and videographer. I am notifying you of the suspension by facsimile and by telephone call to your office.

The court has not set a deadline for the close of discovery, so suspending the depositions will not work any hardship on your client. I am aware, however, that the court's deadline for filing a summary judgment motion approaches. If you wish to file a motion to continue the summary judgment hearing pending the outcome of Plaintiffs' motion and until such time as the depositions of Plaintiffs can be conducted, I will not oppose that motion.

In the meantime, if you wish to conduct a deposition on written questions, Plaintiffs will respond to that request.

Very truly yours,
**O'Brien & Kelleher, LLP**

*Colleen O'Brien*