Colleen O'Brien (Bar No. 215514)
O'Brien & Kelleher, LLP
1655 N. Main St, Suite 220
Walnut Creek, CA 94596-4642
Telephone: (925) 280-1250
Fax:  (775) 249-9120
Email: colleen@eastbayattorneys.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NOAH BUTLER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIR LINES, INC.,<br><br>Defendant. | Case No.: C07-04369 CRB<br><br>PLAINTIFFS' FIRST AMENDED NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT<br><br>Judge: Hon. Charles R. Breyer<br>Date: February 29, 2008<br>Time: 8:30 a.m.<br>Place: Courtroom 8, 19th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on February 29, 2008 at 8:30 a.m., or as soon thereafter as the parties may be heard, PLAINTIFFS COLLEEN O'BRIEN and NOAH BUTLER will move this Court, at the United States Courthouse located at 450 Golden Gate Ave., San Francisco, California, Courtroom 8, for a protective order, pursuant to Fed.R.Civ.P 26(c), 30(d)(3), and 37(d)(2), regarding the depositions of COLLEEN O'BRIEN and NOAH BUTLER, scheduled to commence on January 14 and 17, 2008, respectively.

This motion is based on Defendant's counsel Todd Worthe's bad faith, unreasonable annoyance, embarrassment, harassment, and oppression of Plaintiff and Plaintiffs' counsel Colleen O'Brien throughout the discovery process and his conduct during the depositions of Mina Taheri and of Monica Afkari on January 11, 2008.  In light of Mr. Worthe's hostility,

PLAINTIFFS' FIRST AMENDED NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1

aggressiveness, and extremely inappropriate behavior, Plaintiffs request that their depositions be taken only under supervision by the Court.

There is a particular and specific need for the protective order in that Mr. Worthe has repeatedly insulted and abused Ms. O'Brien and consistently behaved in an unprofessional manner. This behavior, in which Mr. Worthe has engaged for the last two months, was on display on Friday, when Ms. O'Brien was taking depositions. After repeatedly insulting Ms. O'Brien on the record, insulting her to her legal partner during a break, making frivolous objections, and instructing the witness not to answer relevant and non-privileged questions, Mr. Worthe terminated the deposition when Ms. O'Brien attempted to question the witness about the contents of the witness' sworn declaration. Mr. Worthe then spent some time (on the record) insulting Ms. O'Brien and behaving in an aggressive, threatening, and inappropriate manner. Ms. O'Brien stated that she wanted to call the Court prior to the scheduled Monday deposition of her. Mr. Worthe at first said to call the court, but then categorically refused to call the Court with Ms. O'Brien. After telling Ms. O'Brien on the record that he planned to go after her for "as much monetary sanctions as I can muster up", he stated off the record that he would "see you Monday at 1:00," obviously referencing the Monday deposition of Ms. O'Brien. Plaintiffs' request the Court refer to the videotape of the Afkari deposition, particularly at times 14:44, 14:46, 14:48 and 14:51, which will exemplify the abuse, harassment, and need for a protective order. Videotape of the earlier deposition with similar and cumulative abusive behavior on the part of Mr. Worthe will be lodged when received.

As explained in the Declaration of Colleen O'Brien and as is apparent from the videotape, prior to filing this motion, Plaintiffs' attorney Colleen O'Brien, attempted to get Mr. Worthe to call the Court with her in an attempt to resolve his issues without a formal motion, but Mr. Worthe refused her suggestion.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Colleen O'Brien, Esq, and Daniel Kelleher, Esq., the videotape of the deposition, which is being lodged with this court, and the

PLAINTIFFS' FIRST AMENDED NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

2

pleadings and papers on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

## STATEMENT OF THE ISSUES TO BE DECIDED

Whether the conduct of Defendant's counsel Todd Worthe toward Plaintiffs' counsel and Plaintiff Colleen O'Brien before and during the depositions on January 11, 2008 was harassing and abusive, warranting an order of this court protecting Plaintiffs from Mr. Worthe's harassing and abusive behavior.

## STATEMENT OF RELEVANT FACTS

On April 23, 2006, Plaintiffs booked cross-country air travel on Defendant United Air Lines (UAL) for travel from Oakland to Rochester in July 2006. Plaintiff O'Brien, who was pregnant at the time, needed extra room for the long red-eye flight. When the electronic tickets arrived and UAL refused to make good on its promise to provide the seat assignments Plaintiffs required, Plaintiffs faxed UAL a cancellation notice on April 30, 2006.

On June 3, 2006, UAL informed Plaintiffs it would provide the seats they needed. Plaintiffs rebooked the flights and their credit card was rebilled. Plaintiffs received new email confirmations from UAL reflecting the new billing and a new itinerary showing the seat assignments and reflecting the rebill. Between June 3, 2006 and July 18, 2006, Plaintiffs received numerous written and verbal assurances from UAL that they had confirmed, paid for seats and tickets. An itinerary printed from UAL's website dates July 14, 2006 reflects "ticketed", "confirmed" reservations. On the night of July 18, 2006, Plaintiffs were refused boarding or any other flight accommodations by UAL. After numerous attempts to talk to UAL about the problem, Plaintiffs flew on another airline at a greater expense and at greater inconvenience.

For a year, Plaintiffs wrote letters to UAL and noticed its agent for service of process of violations of California's consumer protection laws. No substantive response was received

1  from UAL. After a year, Plaintiffs filed suit in state court. Defendants removed the case to
2  federal court and filed an answer alleging cancellation and refund of the purchase price.
3      At the November 30, 2007 case management conference in this case, and after required
4  26(f) disclosures of all Plaintiffs documentary evidence had been made by Plaintiffs,
5  Defendant's counsel represented to this court both orally and in his CMC statement that
6  Plaintiffs reservation had been "cancelled", and that Plaintiffs had knowingly attempted to
7  board the plane using "voided, cancelled" tickets. This court permitted discovery to go
8  forward. Plaintiffs had the last name of a customer service representative who had told them
9  on July 19, 2006 that their tickets had not been "cancelled", but, rather, "printed" by UAL, and
10 who had provided Plaintiffs with documentation to this effect. Plaintiffs' counsel repeatedly
11 asked Todd Worthe, counsel for Defendants, in November and December if this person named
12 "Afkari" was still a UAL employee and whether UAL would produce her for deposition.
13 Plaintiffs and Defendant were well aware that this court had given less than 60 days for
14 discovery before the Motions for Summary Judgment had to be filed.
15     On December 4, 2007, Defendant's counsel wrote that he had no idea whether this
16 "Afkari" was still a UAL employee and complained that Plaintiffs had failed to provide him
17 with a first name. Plaintiffs continued to ask Mr. Worthe over the next several weeks whether
18 Ms. Afkari still worked for UAL and whether she should be subpoenaed for a deposition.
19 Throughout December, Mr. Worthe continued to ignore Plaintiffs' requests for information
20 about Ms. Afkari's status and whether she would be produced by UAL. Mr. Worthe refused to
21 confer on the phone or otherwise about a discovery plan and would hang up the phone on
22 Plaintiff's counsel when she called to ask about discovery. See generally, DECLARATION
23 OF COLLEEN O'BRIEN IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER AND
24 FOR SANCTIONS.
25     On December 21, 2007, Defendant's counsel demanded that Plaintiffs' counsel refrain
26 from contacting UAL employees. Plaintiffs' counsel referred Mr. Worthe to the relevant Rule
27 of Professional Conduct, but agreed to abide by his request as a professional courtesy. See
28

PLAINTIFFS' FIRST AMENDED NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
4

generally PLAINTIFFS' RESPONSE TO DEFENDANT UAL'S EX PARTE APPLICATION FOR A PROTECTIVE ORDER.

Despite the fact that he had obtained the relief he supposedly sought through meet-and-confer, on December 28, 2008, Mr. Worthe moved for a protective order by ex parte application and unnoticed motion. His stated authority for that Motion was Cal. Rule Professional Conduct 2-100, which restricts attorney contact with known present employees about the subject of the representation on matters to be imputed to the employer. Rule 2-100 also expressly exempts attorneys who are also parties to the litigation. In support of that application, Mr. Worthe submitted a Declaration of Monica Afkari. In that Declaration, Ms. Afkari swears under penalty of perjury that she has received "persistent, repeated, and annoying" calls at "home" from someone identifying herself only as "Colleen" who otherwise misrepresented her identity to Afkari and "spoke about her matter". Plaintiffs contend this Declaration contains numerous falsehoods and misrepresentations to the court, and that Mr. Worthe filed the ex parte application and noticed motion for the improper purpose of harassing and embarrassing Ms. O'Brien in order to gain an advantage in this dispute.

At her deposition on January 11, 2008, Plaintiffs counsel attempted to question Ms. Afkari about the Declaration. Ms. Afkari testified that "Colleen" had identified herself using her full name—first and last, contradicting Mr. Worthe's representation in his papers that "Colleen" misidentified herself. Ms. Afkari testified that "Colleen" had phoned her three times total—once was a voicemail message, once was a callback on Afkari's cell phone from a "dropped call", and only one of these "persistent, repeated" calls was a substantive conversation of any length. Ms. Afkari testified that she had actually called "Colleen" from her cell phone. Mr. Worthe made objections based on "attorney-client" privilege and "union rep" privilege. He instructed Ms. Afkari not to answer questions including questions about the home phone number on which "Colleen" had allegedly left a message, and he refused to confer about the relevance of the testimony. He ended the deposition without discussion or consultation with the court, before Ms. O'Brien could question Ms. Afkari about her sworn

PLAINTIFFS' FIRST AMENDED NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

5

Declaration. He berated, insulted, and otherwise abused Ms. O'Brien. This motion followed.

### ARGUMENT

This motion is made pursuant to FRCP 26(c), 30(d)(3), and 37(d)(2). As detailed in the DECLARATION OF COLLEEN O'BRIEN IN SUPPORT OF MOTION, Plaintiffs' counsel has made repeated attempts to engage in a professional cooperative manner with Defendant's counsel Todd Worthe, and those attempts have been met with abuse, hostility, threats, and harassment. As detailed in the DECLARATION OF DANIEL C. KELLEHER, Mr. Worthe continues to display erratic, irrational, and threatening behavior towards Ms. O'Brien, in the utter absence of provocation. He embarrassed and harassed her in the middle of a court proceeding in front of the court officers, her colleague, and the deponent, without cause or provocation, while referencing her deposition the following Monday. Ms. O'Brien's attempts to resolve the issue prior to her deposition were met with scorn.

Plaintiffs believe that in view of this environment of increasing hostility and unprofessional displays by Mr. Worthe, it would be not only pointless, but reckless for them to try to continue to conduct and participate in discovery without court supervision and oversight. Plaintiffs move for this order prior to both Plaintiffs' depositions based on Mr. Worthe's continuing threats, insults, and harassment. Mr. Worthe's behavior at the deposition on Friday, January 11, 2008, suggests that he plans to use the deposition to berate, insult, abuse and threaten Plaintiffs, rather than to discover facts relevant to the case. Plaintiffs ask the Court for relief at the earliest possible opportunity.

Among the insults and degradations performed on the record and in front of others during the course of the deposition by Mr. Worthe:

- That Ms. O'Brien is "unethical";
- That she is "a disgrace to the legal profession";
- That no one who actually works as an attorney "for a living" would conduct himself as Ms. O'Brien has;

PLAINTIFFS' FIRST AMENDED NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

6

- That Mr. Worthe will "get as much sanctions against [Ms. O'Brien] as he can muster up";
- That Ms. O'Brien accomplished nothing during her examinations "except making nothing but an absolute joke of [the legal] profession";
- That Ms. O'Brien does not know what she is doing;
- That Ms. O'Brien had been there "since 9:00 wasting everyone's time".

Most of these insults were hurled at Ms. O'Brien after Mr. Worthe had terminated the deposition and refused to contact the court. Among the statements he made regarding Ms. O'Brien off-the-record on the same date:

- That Ms. O'Brien is stupid;
- That she is crazy;
- That Ms. O'Brien is the worst lawyer he has ever met.

Plaintiffs therefore move under FRCP 26(c), 30(d)(3), and 37(d)(2) to ask that these depositions be conducted only under some kind of court supervision, attended by a magistrate judge or other third-party discovery referee who can rule on objections and monitor Mr. Worthe's conduct, and that they take place in the courthouse, and at Defendant's expense, if additional expenses are necessary. As an alternative, Plaintiffs have offered that they are willing to be deposed on written questions. Finally, this court is requested to issue an order directing United's attorneys to refrain from ad hominem attacks, threats, and insults directed at Plaintiffs. This court is also requested to make any other orders it deems appropriate to shield

//
//
//
//
//

PLAINTIFFS' FIRST AMENDED NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

7

1  Plaintiffs from continued abuse and harassment by United's lawyers.  *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991) (federal courts have inherent power to control conduct of litigation).

Respectfully submitted,

Date:  _____18 Jan 08_____        _____/s/_____
Colleen O'Brien
O'Brien & Kelleher, LLP
Attorneys for Plaintiffs

PLAINTIFFS' FIRST AMENDED NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

8