Colleen O'Brien (Bar No. 215514)
O'Brien & Kelleher, LLP
1655 N. Main St, Suite 220
Walnut Creek, CA 94596-4642
Telephone: (925) 280-1250
Fax:  (775) 249-9120
Email: colleen@eastbayattorneys.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NOAH BUTLER, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>UNITED AIR LINES, INC.,<br><br>   Defendant. | Case No.: C07-04369 CRB<br><br>PLAINTIFFS' FIRST AMENDED NOTICE OF MOTION AND MOTION FOR SANCTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Judge: Hon. Charles R. Breyer<br>Date: February 29, 2008<br>Time: 8:30 a.m.<br>Place: Courtroom 8, 19th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on February 29, 2008 at 8:30 a.m., or as soon thereafter as the parties may be heard, PLAINTIFFS COLLEEN O'BRIEN and NOAH BUTLER will move this Court, at the United States Courthouse located at 450 Golden Gate Ave., San Francisco, California, Courtroom 8, for an order awarding sanctions to Plaintiffs, pursuant to the court's inherent power to levy sanctions, 28 U.S.C. §1927 and Local Rule 7-4, as well as FRCP 26(c) and 37(a)(3)(B)(1).

This motion is based on Defendant's counsel Todd Worthe's discovery abuse in terminating the deposition of Monica Afkari without cause or reason, his refusal to confer about the termination, and his bad faith, unreasonable annoyance, embarrassment, harassment, and oppression of Plaintiff and Plaintiffs' counsel Colleen O'Brien throughout the discovery process and his conduct toward her during the depositions of Monica Afkari and Mina Taheri

on January 11, 2008.  Plaintiffs seek monetary, terminating, and protective sanctions, involving limitations on Defendant's ability to conduct the depositions of Plaintiffs.

## **MEMORANDUM OF POINTS AND AUTHORITIES**
## **STATEMENT OF THE ISSUES TO BE DECIDED**

Whether the conduct of Defendant's counsel Todd Worthe toward Plaintiffs' counsel and Plaintiff Colleen O'Brien before and during the depositions on January 11, 2008 was harassing and abusive, and whether his unilateral termination of the deposition without conferring or consulting the court warrants monetary, terminating, and protective sanctions.

## **STATEMENT OF RELEVANT FACTS**

On April 23, 2006, Plaintiffs booked cross-country air travel on Defendant United Air Lines (UAL) for travel from Oakland to Rochester in July 2006.  Plaintiff O'Brien, who was pregnant at the time, needed extra room for the long red-eye flight. When the electronic tickets arrived and UAL refused to make good on its promise to provide the seat assignments Plaintiffs required, Plaintiffs faxed UAL a cancellation notice on April 30, 2006.

On June 3, 2006, UAL informed Plaintiffs it would provide the seats they needed. Plaintiffs rebooked the flights and their credit card was rebilled.  Plaintiffs received new email confirmations from UAL reflecting the new billing and a new itinerary showing the seat assignments and reflecting the rebill.  Between June 3, 2006 and July 18, 2006, Plaintiffs received numerous written and verbal assurances from UAL that they had confirmed, paid for seats and tickets.  An itinerary printed from UAL's website dates July 14, 2006 reflects "ticketed", "confirmed" reservations. On the night of July 18, 2006, Plaintiffs were refused boarding or any other flight accommodations by UAL.  After numerous attempts to talk to UAL about the problem, Plaintiffs flew on another airline at a greater expense and at greater inconvenience.

For a year, Plaintiffs wrote letters to UAL and noticed its agent for service of process of violations of California's consumer protection laws.  No substantive response was received

from UAL. After a year, Plaintiffs filed suit in state court. Defendants removed the case to federal court and filed an answer alleging cancellation and refund of the purchase price.

At the November 30, 2007 case management conference in this case, and after required 26(f) disclosures of all Plaintiffs documentary evidence had been made by Plaintiffs, Defendant's counsel represented to this court both orally and in his CMC statement that Plaintiffs reservation had been "cancelled", and that Plaintiffs had knowingly attempted to board the plane using "voided, cancelled" tickets. This court permitted discovery to go forward. Plaintiffs had the last name of a customer service representative who had told them on July 19, 2006 that their tickets had not been "cancelled", but, rather, "printed" by UAL, and who had provided Plaintiffs with documentation to this effect. Plaintiffs' counsel repeatedly asked Todd Worthe, counsel for Defendants, in November and December if this person named "Afkari" was still a UAL employee and whether UAL would produce her for deposition. Plaintiffs and Defendant were well aware that this court had given less than 60 days for discovery before the Motions for Summary Judgment had to be filed.

On December 4, 2007, Defendant's counsel wrote that he had no idea whether this "Afkari" was still a UAL employee and complained that Plaintiffs had failed to provide him with a first name. Plaintiffs continue to ask Mr. Worthe over the next several weeks whether Ms. Afkari still worked for UAL and whether she should be subpoenaed for a deposition. Throughout December, Mr. Worthe continued to ignore Plaintiffs' requests for information about Ms. Afkari's status and whether she would be produced by UAL. Mr. Worthe refused to confer on the phone or otherwise about a discovery plan and would hang up the phone on Plaintiff's counsel when she called to ask about discovery. See generally, DECLARATION OF COLLEEN O'BRIEN IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER AND FOR SANCTIONS.

On December 21, 2007, Defendant's counsel demanded that Plaintiffs' counsel refrain from contacting UAL employees. Plaintiffs' counsel referred Mr. Worthe to the relevant Rule of Professional Conduct, but agreed to abide by his request as a professional courtesy. See generally PLAINTIFFS' RESPONSE TO DEFENDANT UAL'S EX PARTE APPLICATION

FOR A PROTECTIVE ORDER.  Despite the fact that he had obtained the relief he supposedly sought through meet-and-confer, on December 28, 2008, Mr. Worthe moved for a protective order by ex parte application and unnoticed motion.  His authority for that Motion was Cal. Rule Professional Conduct 2-100, which restricts attorney contact with known present employees about the subject of the representation on matters to be imputed to the employer.  Rule 2-100 also expressly exempts attorneys who are also parties to the litigation.  In support of that application, Mr. Worthe submitted a Declaration of Monica Afkari.  In that Declaration, Ms. Afkari swears under penalty of perjury that she has received "persistent, repeated, and annoying" calls at "home" from someone identifying herself only as "Colleen" who otherwise misrepresented her identity to Afkari and "spoke about her matter".  Plaintiffs contend this Declaration contains numerous falsehoods and misrepresentations to the court, and that Mr. Worthe filed the ex parte application and noticed motion for the improper purpose of harassing and embarrassing Ms. O'Brien in order to gain an advantage in this dispute.

At her deposition on January 11, 2008, Plaintiffs counsel attempted to question Ms. Afkari about the Declaration. Ms. Afkari testified that "Colleen" had identified herself using her full name—first and last, contradicting Mr. Worthe's representation in his papers that "Colleen" misidentified herself. Ms. Afkari testified that "Colleen" had phoned her three times total—once was a voicemail message, once was a callback on Afkari's cell phone from a "dropped call", and only one of these "persistent, repeated" calls was a substantive conversation of any length.  Ms. Afkari testified that she had actually called "Colleen" from her cell phone.  Mr. Worthe made objections based on "attorney-client" privilege and "union rep" privilege.  He instructed Ms. Afkari not to answer questions including questions about the home phone number on which "Colleen" had allegedly left a message, and he refused to confer about the relevance of the testimony.  He ended the deposition without discussion or consultation with the court, before Ms. O'Brien could question Ms. Afkari about her sworn Declaration.  He berated, insulted, and otherwise abused Ms. O'Brien.  This motion followed.

## ARGUMENT

Federal courts have the inherent power to levy sanctions, including attorney's fees, for willful disobedience of a court order, or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. In addition, a court may assess sanctions against counsel who willfully abuse judicial processes. *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 966 (9th Cir. 2004); *Fink v. Gomez,* 239 F.3d 989, 991 (9th Cir. 2001). Courts may also assess sanctions for an attorney's acting recklessly, wantonly, or for an oppressive purpose. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-259 (1975).

As is demonstrated in the Declarations of Colleen O'Brien and Daniel C. Kelleher filed in Support of this Motion and Plaintiffs' Motion for a Protective Order, and as is clear from the videotape of the deposition lodged with this court in support of this motion, Defendant's counsel Todd Worthe unilaterally terminated Plaintiffs' deposition of Monica Afkari without discussion or cause. He refused to consult the court about the dispute or to discuss it with Plaintiffs' counsel, and his objection was an improper one premised on the idea that Ms. Afkari could not be questioned about factual assertions made in her Declaration, due to attorney-client privilege. He then proceeded on the record to insult Ms. O'Brien and to make threats against her. This is a continuation of a pattern of abuse: the unnoticed ex-parte motion for a protective order he filed on December 28, 2007 was frivolous and done solely to harass and embarrass Ms. O'Brien.

Plaintiffs respectfully request the court sanction Mr. Worthe and his client by ordering the following:

Pursuant to FRCP 26(c), the court issue an order terminating Mr. Worthe's application for a protective order as a sanction for refusing to allow Ms. Afkari to be questioned regarding her Declaration offered in Support of that Motion;

Pursuant to FRCP 26(c) and 30(d)(4), the court order as a sanction that both Plaintiffs' depositions shall be conducted under Court supervision or upon written questions;

Pursuant to FRCP 27(a)(3)(B(1) and 37(d)(2); the court order Mr. Worthe to reimburse Plaintiffs for all costs associated with taking Ms. Afkari's deposition;

Pursuant to the court's inherent power, 28 U.S.C. §1927, and *Earthquake Sound Corp. v. Bumper Indus.* 352 F.3d 1210, 1220 (9th Cir. 2003) (awarding attorney's fees), the court award Plaintiffs' attorney's fees in the amount of $5,000;

Pursuant to the court's inherent power, 28 U.S.C. §1927, and *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1007-1109, the court award Plaintiff Colleen O'Brien emotional distress sanctions in the amount of $10,000.

Respectfully submitted,

Date: _____18 Jan 08_____          _____/s/_____
                                              Colleen O'Brien
                                              O'Brien & Kelleher, LLP
                                              Attorneys for Plaintiffs