1  **WORTHE HANSON & WORTHE**
    A Law Corporation
2     1851 East First Street, Ninth Floor
        Santa Ana, California 92705
3        Telephone (714) 285-9600
          Facsimile (714) 285-9700
4        jworthe@whwlawcorp.com
        tworthe@whwlawcorp.com
5
    JEFFREY A. WORTHE, SBN 080856
6  JOHN R. HANSON, SBN 149794
    TODD C. WORTHE, SBN 177452
7
    Attorneys for Defendant, UNITED AIRLINES, INC.
8

9

10                **UNITED STATES DISTRICT COURT**

11        **NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12  NOAH BUTLER and COLLEEN O'BRIEN,   )   **CASE NO.: C07-4369(CRB)**
                                        )
13                  Plaintiffs,          )
                                        )
14  v.                                   )   **DEFENDANT UNITED AIRLINES,**
                                        )   **INC.'S MOTION FOR SUMMARY**
15  UNITED AIR LINES, INC., and DOES 1  )   **JUDGMENT; MEMORANDUM OF**
    through 100, Inclusive,              )   **POINTS AND AUTHORITIES IN**
16                                       )   **SUPPORT THEREOF** [Declaration of
                    Defendants.          )   Todd C. Worthe, Esq., Declaration of
17                                       )   Mina Taheri; Statement of Uncontroverted
                                        )   Facts and Conclusions of Law; and
18                                       )   Proposed Order Thereon filed
                                        )   concurrently herewith]
19                                       )
                                        )   DATE:      February 29, 2008
20                                       )   TIME:      10:00 a.m.
                                        )   DEPT.:     8
21  _____)
22

23        **JURISDICTION** of this Court is invoked on the basis of diversity of

24  citizenship and pursuant to 28 U.S.C. 1332, 28 U.S.C. 1441 and 28 U.S.C. 1446.

25

26        **TO THE ABOVE-ENTITLED COURT, THE PARTIES HEREIN AND**

27  **THEIR RESPECTIVE ATTORNEYS OF RECORD:**

28  ///

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1    **PLEASE TAKE NOTICE** that on February 29, 2008, at 10:00 a.m., or as soon

2  thereafter as the matter may be heard in Courtroom 8 of the United States District

3  Court for the Northen District of California, located at 450 Golden Gate Avenue, San

4  Francisco, CA, 94102, Defendant and moving party, UNITED AIRLINES, INC.

5  ("UNTIED") will and hereby does move the Court, pursuant to *Federal Rules of Civil*

6  *Procedure, Rule* 56(b), for entry of Summary Judgment in its favor and against

7  Plaintiffs, NOAH BUTLER and COLLEEN O'BRIEN (collectively, "PLAINTIFFS")

8    This motion is brought pursuant to *Federal Rules of Civil Procedure, Rule* 56(b)

9  and is based upon the following grounds:

10    1.    The claims asserted by PLAINTIFFS against UNITED do not present any

11  genuine issue of material fact for trial and UNITED is entitled to judgment as a matter

12  of law because there is no triable issue of material fact as to any Cause of Action

13  contained within the Complaint, as the undisputed evidence establishes that UNITED

14  was never paid by PLAINTIFFS and there was therefore no contract between

15  PLAINTIFFS and UNITED for travel. Further, plaintiffs fraud claim fails, since it is

16  premised on the existence of a contract between plaintiffs and defendant. Plaintiffs'

17  consumer protection claims are pre-empted in their entirety by the 1978 Airline

18  Deregulation Act. Plaintiffs' claims for violation of the Magnuson-Moss Act fails, as

19  no "consumer products" as the term is defined in that Act are at issue. Finally, there

20  is no evidence to support plaintiffs' last cause of action for intentional or negligent

21  infliction of emotional distress.

22    This motion is based upon this Notice, the Memorandum of Points and

23  Authorities, Separate Statement of Uncontroverted Facts and Conclusions of Law,

24  concurrently served and filed herein, on the Supporting Declarations of Monica

25  Afkari and John R. Hanson, Esq., on the pleadings, the depositions, and exhibits

26  submitted in support, the papers and records on file herewith, and on such matters of

27  ///

28  ///

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1  which the Court may take judicial notice, and on such argument or other matters as

2  the Court may permit at the hearing.

3

4  Dated: January 24, 2008                     **WORTHE HANSON & WORTHE**

5

6                                              By:_____

7                                                  JOHN R. HANSON, ESQ.
                                                   Attorneys for Defendant, UNITED
8                                                  AIRLINES, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

# TABLE OF CONTENTS

PAGE(S)

I.     STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

II.    STANDARD FOR GRANTING THE MOTION.  . . . . . . . . . . . . . . . . . . . . -4-

III.   PLAINTIFFS CANNOT ESTABLISH A BREACH OF CONTRACT. . . . . -5-

IV.    PLAINTIFFS CANNOT ESTABLISH A CAUSE OF ACTION FOR
       FRAUD OR MISREPRESENTATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

V.     PLAINTIFFS' STATE LAW CONSUMER PROTECTION CLAIMS
       ARE EXPRESSLY PREEMPTED BY THE AIRLINE
       DEREGULATION ACT OF 1978. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

VI.    PLAINTIFFS' CLAIM THAT UNITED VIOLATED THE
       MAGNUSON-MOSS WARRANTY-FEDERAL TRADE
       COMMISSION IMPROVEMENT ACT IS NOT SUPPORTED
       BY ANY EVIDENCE.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

VII.   UNITED IS NOT LIABLE FOR INTENTIONAL OR
       NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS. . . . . . . . . . . -13-

VIII.  CONCLUSION.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

# **TABLE OF AUTHORITIES**

**PAGE(S)**

## **STATUTES**

15 U.S.C. 2301 (1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

49 U.S.C. § 41713(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8--11-

49 U.S.C.Appx. 1305(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

*Airline Deregulation Act* of 1978 . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-, -8-

California *Civil Code* §1550 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

California *Civil Code* §1709 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

California *Civil Code* §1710 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

California *Civil Code* §1790 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

California *Civil Code* § 3294 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

California *Civil Code* § 3333 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

*Federal Rules of Civil Procedure, Rule* 56(b) . . . . . . . . . . . . . . . . . . . . . . . -2-

*Federal Rules of Civil Procedure, Rule* 56(c) . . . . . . . . . . . . . . . . . . . . . . . . -4-

*Federal Rules of Civil Procedure, Rule* 56(d) . . . . . . . . . . . . . . . . . . . . . . . -4-

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1   Song-Beverly Consumer Warranty Act, *Civil Code* section 1790 . . . . . . . . . . . -1-, -8-

2

3   **CASES**

4   *American Airlines, Inc. v. Wolens*,

5        513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995) . . . . . . . . . . . . . . . -9--11-

6

7   *Anderson v. Liberty Lobby, Inc.* 477 US 242, 252,

8        106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

9

10  *Boylan v. Hot Springs R. Co.,* 132 U.S. 146, 10 S.Ct. 50,

11       33 L.Ed. 290 (1889) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

12

13  *Butler-Rupp v. Lourdeaux* 134 Cal.App.4th 1220, 1227 (2005.) . . . . . . . . . . . . . -14-

14

15  *Cadlo v. Owens-Illinois, Inc.* (2004) 125 Cal.App.4th 513, 519 . . . . . . . . . . . . . . -7-

16

17  *Calero v. Unisys,* 271 F.Supp.2d 1172, 1177 (N.D. Cal. 2003) . . . . . . . . . . . . . . -13-

18

19  *Charas v. Transworld Airlines*, 160 F.3d 1259, 1261 (9th Cir. 1998) . . . . . . . . . . -12-

20

21  *Morales v. Trans World Airlines, Inc.*,

22       504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed. 157 (1992) . . . . . . . . . . . . . . . . -8--10-

23

24  *Power Standards Lab, Inc. v. Federal Exp. Corp.*

25       (2005) 127 Cal.App.4th 1039, 1044 . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-, -11-

26

27  *Rulon-Miller v. Int'l Bus. Mach. Corp.*,

28       162 Cal.App.3d 241, 254, 208 Cal.Rptr. 524 (1984) . . . . . . . . . . . . . . . . . . . -13-

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

*Schneider v. TRW, Inc.*, 938 F.2d 986, 992 (9th Cir. Cal. 1991.)  . . . . . . . . . . . . . . -13-

*Small v. Fritz Companies, Inc.* (2003) 30 Cal.4th 167, 173.  . . . . . . . . . . . . . . . . . -7-

*Wishnick v. Frye* (1952) 111 Cal.App.2d 926, 930  . . . . . . . . . . . . . . . . . . . . . . . . -7-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2  ## I.    STATEMENT OF FACTS.

3      This action arises from the purchase, and then cancellation, of airplane tickets

4  by plaintiff Colleen O'Brien, a licensed California attorney, and her husband, Noah

5  O'Brien.

6      According to Ms. O'Brien's *verified* complaint, on or about April 23, 2006, she

7  and her husband entered into an agreement with UNITED AIRLINES, INC.

8  (hereinafter, "UAL.") In her complaint, Ms. O'Brien attaches a copy of an email

9  confirmation, purportedly sent by United Airlines on June 3, 2006, to Ms. O'Brien as

10  Exhibit "A" to plaintiffs' complaint.   Ms. O'Brien's complaint is unclear as to

11  whether she claims the June 3, 2006 email *memorializes* the alleged April 23, 2006

12  agreement or whether the June 3, 2006 email *is* the April 23, 2006 agreement.

13      Plaintiffs assert a first cause of action for breach of contract, based on their

14  allegation that plaintiff had valid reservations defendant refused to honor.

15      Plaintiffs assert a second cause of action to the effect that UAL fraudulently

16  refused to honor their contract.  According to plaintiffs, UAL repeatedly stated

17  Plaintiffs did not pay for their tickets, did not have reservations, had failed to procure

18  the proper tickets "and the like." (Plaintiffs complaint, p. 4, para. FR-2.)   Plaintiff

19  does not allege any facts which might show justifiable reliance on the allegedly false

20  statements.

21      Plaintiff's allege a third cause of action for violation of the Consumers Legal

22  Remedies Act, asserting that the tickets purchased were goods or services.

23      Plaintiff's fourth cause of action asserts violations of the Song-Beverly

24  Consumer Warranty Act, *Civil Code* section 1790, and other state law-based

25  consumer protection statutes.  Plaintiffs further assert UAL violated the Magnuson-

26  Moss Act.

27  ///

28  ///

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1    Finally, plaintiffs assert causes of action for negligent and intentional infliction

2  of emotional distress on the grounds UAL's alleged breach of contract caused "grave

3  trauma" to plaintiff, who was pregnant at the time of the alleged breach and fraud.

4    Discovery in this matter has established that plaintiffs did in fact purchase

5  tickets for travel on UNITED. However, due to Ms. O'Brien's dissatisfaction with

6  her seating - she alleges she was verbally promised seats in the Economy Plus section

7  of the aircraft - she sent correspondence to UNITED cancelling her reservation and

8  demanding a refund of the amounts paid.  In a letter dated April 30, 2006 to

9  UNITED, Ms. O'Brien stated, "This is to inform you that I am cancelling reservation

10  number LSDN10 issued 23 April for passengers due to your breach of contract. ... I

11  have notified my credit card company to remove all the United charges from my

12  account.  You are on notice that if United makes any attempt to assert a right to those

13  disputed charges based on an assertion of nonrefundability, I will bring a legal action

14  against United for damages.  (**Exhibit "C"** plaintiff correspondence to UNITED

15  dated April 30, 2006.)

16    UNITED was debited the sum of Eight Hundred Thirty Eight Dollars and

17  Thirty Eight Cents ($838.38) on that date.  (Declaration of Mina Taheri in Support of

18  Motion for Summary Judgment by Defendant, UNITED AIRLINES, INC., page 2,

19  lines 11 - 14, filed concurrently herewith.)

20    On June 3, 2006, after UNITED's account was debited by plaintiffs' credit card

21  company, UNITED contacted O'BRIEN regarding a schedule change.  Plaintiffs

22  tickets were cancelled, but they still held a valid reservation.  It is UNITED's custom

23  and practice to keep open all reservations, even in the event of a disputed credit card

24  charge, so that if the passenger changes his or her mind, they can still fly if they pay

25  on the date of travel.  (Declaration of Mina Taheri in Support of Motion for Summary

26  Judgment by Defendant, UNITED AIRLINES, INC., page 2, lines 15 - 19, filed

27  concurrently herewith.)

28  ///

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE (714) 285-9600

1    *On June 2, 2006, plaintiff O'BRIEN received correspondence from Charles*
2    *Travis, a Financial Service Advisor, informing her that the sum of $858.38 had been*
3    *credited to her account.* (Plaintiff's Response to UNITED Request for Production of
4    Documents, Document Bates Number P000059, June 2, 2006 correspondence to
5    Plaintiff. **Exhibit "D."**)

6        On or about June 3, 2006, plaintiffs' credit card company may have re-billed
7    O'BRIEN's credit card in the amount of $838.38. However, UNITED had no part in
8    that re-billing and was not credited for that amount. After being debited $838.38
9    after plaintiff cancelled her ticket, UNITED received no funds at any time from or on
10    behalf of plaintiffs from any source. (Declaration of Mina Taheri in Support of
11    Motion for Summary Judgment by Defendant, UNITED AIRLINES, INC., page 2,
12    lines 20 - 23, filed concurrently herewith.)

13        Chase Manhattan Services Department confirmed to UNITED employee Mina
14    Taheri that UNITED was debited on two occasions for the sum of $838.38.
15    (Declaration of Mina Taheri in Support of Motion for Summary Judgment by
16    Defendant, UNITED AIRLINES, INC., page 3, lines 2 - 5, filed concurrently
17    herewith.)

18        Despite her instructions to her credit card company to cancel the charge paid to
19    UNITED for the tickets, and despite her statement to UNITED that she was
20    cancelling payment and threatening UNITED not to dispute her action, Ms. O'BRIEN
21    and Mr. BUTLER apparently attempted to fly on the reservation at issue on or about
22    July 18, 2006. As was noted above, Plaintiffs' reservation remained valid, but unpaid
23    for. When they arrived and attempted to check in, they were told they needed to see
24    an agent.

25        On July 19, 2006, Ms. O'BRIEN again wrote to UNITED, stating, "This is to
26    inform you that I intend to file suit against your company in California for breach of
27    contract, fraud, infliction of emotional distress and any other statutory violations
28    stemming from reservation LSDN10 and your repeated failure to honor it on July 18

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1   and July 19." She again states, "I have notified my credit card company to remove all
2   the United charges from my account. You are on additional notice that if United
3   makes any attempt to assert a right to those disputed charges based on an assertion of
4   "non-refundability", I will include a claim for additional damages." (**Exhibit "E,"**
5   Plaintiff's correspondence dated July 19, 2006.)

6       The undisputed evidence in this case establishes UNITED was debited the cost
7   of plaintiffs' tickets on two separate occasions. Although plaintiffs assert they were
8   also debited on a second occasion for the cost of the tickets, records from plaintiffs'
9   credit card company establish that no payment was made to UNITED.

10      In this Motion, UNITED establishes that the alleged contract between it and
11  plaintiffs was cancelled at the request of plaintiffs and any consideration refunded at
12  plaintiffs' request. Although it does appear that plaintiffs later attempted to travel on
13  the unpaid reservation, the undisputed evidence in this case establishes that there was
14  no consideration paid to UNITED for that travel, and thus no contract for
15  transportation.

16      As the existence of a valid contract for travel between UNITED and plaintiffs
17  is a pre-requisite to each of plaintiffs' claims, evidence that no such contract existed
18  establishes the absence of any genuine issue of material fact as to plaintiffs' claims.
19  Accordingly, UNITED is entitled to summary judgment as a matter of law.

20  **II.    STANDARD FOR GRANTING THE MOTION.**

21      Summary judgment shall be granted whenever "the pleadings, depositions,
22  answers to Interrogatories and Admissions on file, together with the affidavits, if any,
23  show that there is no genuine issue of material fact and that the moving party is
24  entitled to judgment as a matter of law." *Federal Rules of Civil Procedure, Rule*
25  56(c). In the event the court determines that summary judgment may not be had to the
26  entire action, *Federal Rules of Civil Procedure, Rule* 56(d) requires the court, if
27  practicable, to determine which material fact exists without substantial controversy
28  and what material facts are actually in good faith controverted and to make an order

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1    specifying these facts and directing such further proceedings in the action as are just.

2    Notwithstanding the requirement that inferences be drawn in favor of plaintiffs,

3    the evidence on which this court determines whether summary judgment should be

4    granted must be viewed in light of the United States Supreme Court's decision in

5    *Anderson v. Liberty Lobby, Inc.* 477 US 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202

6    (1986), holding that, "mere existence of a scintilla of evidence in support of the

7    plaintiff's position will be insufficient; there must be evidence on which the jury

8    could reasonably find for the plaintiff." Thus, "the mere existence of some alleged

9    factual dispute between the parties will not defeat an otherwise properly supported

10   motion for summary judgment, the requirement is that there be no genuine issue of

11   material fact." *Anderson, supra,* 477 U.S. at 247-248.

12   In bringing this motion for summary judgment, UNITED respectfully submits

13   there is no triable issue of material fact as to any Cause of Action contained within

14   the Complaint as plaintiffs cannot establish the existence of a contract between

15   themselves and UNITED. Further, plaintiff's claims under state law consumer

16   protection statutes are expressly pre-empted by the *Airline Deregulation Act* of 1978.

17   ## III.   PLAINTIFFS CANNOT ESTABLISH A BREACH OF CONTRACT.

18   Plaintiffs' first cause of action is for breach of contract. The terms of the

19   contract UNITED is alleged to have breached are not specified by plaintiff, instead

20   they refer to a document attached as Exhibit "A" to their verified complaint. This

21   document appears to be an itinerary forwarded by UNITED to Ms. O'BRIEN. It

22   bears the notation, "This document is for reference only." There are no references to

23   the cost of tickets. The document does contain a hyper-link on the right side entitled,

24   "United Carrier Passenger Notice." The hyper-link brings the recipient to the

25   UNITED contract of carriage documents.

26   Despite the lack of clarity as to the terms of the contract plaintiffs allege

27   UNITED breached, it seems apparent plaintiffs are claiming that UNITED refused to

28   provide them transport. Further, reference to plaintiffs verified complaint establishes

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1  that plaintiffs complain that UNITED's refusal to provide them transport on July 19,

2  2006, is the breach which is the subject of their action. **(Exhibit "F,"** Plaintiffs'

3  verified complaint.)

4          California *Civil Code*, section 1550 provides, "It is essential to the existence of

5  a contract that there should be (a) Parties capable of contracting; (b) Their consent;

6  (c) A lawful object; and (d) A sufficient cause or consideration." When a party is

7  required to pay for tickets as a pre-requisite to obtaining passage, a refusal to pay for

8  the ticket results in there being no contract in force between the parties. Where there

9  is no contract in force, there is no claim for breach of contract. *(See, e.g., Boylan v.*

10  *Hot Springs R. Co.,* 132 U.S. 146, 10 S.Ct. 50, 33 L.Ed. 290 (1889).)

11          As is set forth above in the statement of facts, plaintiffs purchased tickets for

12  travel on UNITED and then disputed the charge, demanding that both UNITED and

13  her credit card company credit her account for the cost of the tickets.  As is

14  established in the declaration of UNITED employee Mina Taheri the credit was

15  issued to plaintiff.  UNITED received no other payment made by or on behalf of

16  plaintiffs for travel subsequent to issuance of the refund and plaintiffs have not

17  produced any evidence that they made a second payment to UNITED.  Accordingly,

18  plaintiffs cannot establish the existence of consideration for any contract of

19  transportation between themselves and UNITED.   In the absence of consideration

20  there is no contract.  In the absence of a contract, plaintiffs cannot prove a breach of

21  contract.  Accordingly, plaintiffs cannot prevail on their first cause of action for

22  breach of contract as a matter of law.

23  **IV.   PLAINTIFFS CANNOT ESTABLISH A CAUSE OF ACTION FOR**

24          **FRAUD OR MISREPRESENTATION.**

25          In order to establish a cause of action for fraud, plaintiffs are required to

26  produce evidence supporting each of the elements of that claim.  In their California

27  Judicial Council form complaint, plaintiffs assert UNITED "fraudulently" refused to

28  honor their contract.  UNITED repeatedly stated that plaintiffs did not pay for their

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1    tickets, did not have reservations, had failed to procure the proper tickets "and the
2    like." According to plaintiffs, these statements were false. Plaintiffs state they had
3    valid reservations that UNITED failed to honor.

4        Under California law, in order to prove fraud, a plaintiff must establish the
5    existence of a false statement. "The well-known elements of a cause of action for
6    fraud are: (1) a misrepresentation, which includes a concealment or nondisclosure; (2)
7    knowledge of the falsity of the misrepresentation, i.e., scienter; (3) intent to induce
8    reliance on the misrepresentation; (4) justifiable reliance; and (5) resulting damages."
9    *Small v. Fritz Companies, Inc.* (2003) 30 Cal.4th 167, 173. "Each element in a cause
10   of action for fraud or negligent misrepresentation must be factually and specifically
11   alleged." *Cadlo v. Owens-Illinois, Inc.* (2004) 125 Cal.App.4th 513, 519. "The
12   omission of a single one of these elements in an action for deceit will normally
13   prevent recovery." *Wishnick v. Frye* (1952) 111 Cal.App.2d 926, 930. "In order to
14   satisfy the requirement of scienter, it may be established either that defendant had
15   actual knowledge of the untruth of his statements, or that he lacked an honest belief in
16   their truth, or that the statements were carelessly and recklessly made, in a manner not
17   warranted by the information available to defendant." (*Id.*).

18       In this action, plaintiffs cannot establish at least two of the elements required
19   for recovery. First, as is established above, UNITED's assertion that plaintiffs did
20   not have a valid ticket is true. Following plaintiffs' refusal to pay the purchase price
21   for their tickets, there was no valid contract for travel. The statements alleged by
22   plaintiffs to be fraudulent cannot support the cause of action unless they are false.
23   Plaintiffs cannot produce evidence of falsity. In the absence of evidence that
24   plaintiffs had paid UNITED a second time for tickets, UNITED had no reason to
25   believe plaintiffs had valid tickets. Accordingly, UNITED cannot establish the
26   element of scienter.

27   ///
28   ///

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1  **V.    PLAINTIFFS' STATE LAW CONSUMER PROTECTION CLAIMS ARE**
2      **EXPRESSLY PREEMPTED BY THE AIRLINE DEREGULATION ACT**
3      **OF 1978.**

4      In addition to their contract and tort-based claims, plaintiffs also allege a third

5  cause of action pursuant to the Consumers Legal Remedies Act, asserting that the

6  tickets purchased were goods or services.  They further allege a fourth cause of action

7  claiming violations of the Song-Beverly Consumer Warranty Act, California *Civil*

8  *Code* §§1790, 1709, 1710[1], 3294[2], 3333[3].  In addition, plaintiffs assert claims

9  pursuant to sections "17200 and 17500, et seq." but do not state what statutes the

10  sections are part of.  UNITED assumes plaintiffs intended to refer to the Business and

11  Professions Code.  As applied to air carriers, enforcement of these state law-based

12  consumer protection statutes is expressly preempted by the Airline Deregulation Act

13  of 1978.

14      In 1978, Congress passed the Airline Deregulation Act ("ADA").  The Act

15  contains a clause expressly precluding States from enforcing any "law, regulation or

16  other provision" having the force and effect of "law related to a **price, route, or**

17  **service** of an air carrier." (49 U.S.C. § 41713(b).  As regards plaintiffs' causes of

18  action, the U.S. Supreme Court's decision in *Morales v. Trans World Airlines, Inc.*,

19  504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed. 157 (1992), is directly on point for the

20  proposition that section 41713(b) pre-empts any State attempt to regulate an air

21  carrier's trade practices.

22      In *Morales*, the National Association of Attorneys General (NAAG) adopted

23  guidelines that contained detailed standards purporting to govern the content and

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

[1] Civil Code sections 1709 and 1710 set forth the definition of deceit and the measure of damages therefore.

[2] Civil Code section 3294 sets forth the requirements for establishing a claim for punitive damages.  It is not a cause of action in and of itself.

[3] Civil Code section 3333 merely sets forth the measure of damages in tort claims.  It is not a cause of action in and of itself.

1  format of, among other things, airline advertising. The States' Attorneys General

2  determined that these guidelines would be enforced through the individual states'

3  consumer protection statutes. Texas's Attorney General sent a notice of intent to sue

4  to several air carriers based upon these guidelines. The air carriers responded by

5  bringing suit for injunctive relief precluding the states from enforcing the standards

6  on the grounds the predecessor statute to section 41713(b)[4] preempted any such

7  effort.

8      In finding that the ADA did preempt the state's efforts to regulate air carrier

9  advertising, the Supreme Court noted that prior to the enactment of the ADA, states

10 were free to regulate intrastate airfares and to enforce state laws against deceptive

11 trade practices. (*Morales*, supra, 504 U.S. 374, 378.) However, in 1978, Congress,

12 determining that "maximum reliance on competitive market forces" would best

13 further "efficiency, innovation, and low prices" as well as "variety [and] quality of air

14 transportation services," enacted the Airline Deregulation Act (ADA). (*Id.*) In order

15 to assure that states would not undo federal regulation by enacting regulations of their

16 own, the ADA included a preemption provision precluding the states from enforcing

17 any law related to an air carrier's "rates, routes or services." Further, in order to give

18 the preemption provision the broad effect Congress intended, the Court held that the

19 preemption statute prohibits not only the direct regulation of prices by states, but also

20 preempts indirect regulation "relating to" prices that have the "forbidden significant

21 effect" on such prices. (*Morales*, 504 U.S. 374 at 385 - 388.)

22      Shortly after deciding *Morales*, the Supreme Court again took up the issue of

23 express preemption of state regulation of an air carrier's trade practices. In *American*

24 *Airlines, Inc. v. Wolens*, 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995),

25 members of American's frequent flyer program challenged certain changes to that

26 program enacted by American and brought a class action alleging violations of the

27

28  [4]49 U.S.C.Appx. 1305(a)(1) preempted any state attempt to enforce any law related to and air carrier's " rates, routes, or services."

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1  Illinois Consumer Fraud and Deceptive Practices Act and also claims for breach of

2  contract. Although the Court was mainly concerned with the issue of whether claims

3  of breach of contract would survive the ADA's express preemption, the Court made it

4  clear that the ADA preempted any state attempt to use its consumer protection laws to

5  regulate an air carrier. The Court held that statutes like the Illinois Consumer Fraud

6  Act and the NAAG guidelines at issue in *Morales*, "highlight the potential for

7  intrusive regulation of airline business practices inherent in state consumer protection

8  legislation typified by the Consumer Fraud Act." *(Wolens*, supra, 513 U.S. 219, 227

9  - 228, emphasis added.) The Court found an air carrier's private bargains with its

10 passengers could be enforced without interfering with Congress's intent to deregulate

11 the aviation industry but held, "the Consumer Fraud Act serves as a means to guide

12 and police the marketing practices of the airlines; the Act does not simply give effect

13 to bargains offered by the airlines and accepted by airline customers." (*Id.* At 228.)

14 As such, application of the provisions of the Illinois Consumer Fraud Act to air

15 carriers was preempted by section 41713(b).

16      Courts in California have recognized the similarity of the consumer protection

17 statutes at issue in *Morales* and *Wolens*, and in this state, preemption of consumer

18 fraud statutes under section 41713(b )(1) has been analyzed in terms of the *Wolens*

19 decision. In *Power Standards Lab, Inc. v. Federal Exp. Corp.* (2005) 127

20 Cal.App.4th 1039, 1044, the court reviewed *Wolens* and derived the following rule,

21              [T]he preemption provision "permits state-law-based court

22              adjudication of routine breach-of-contract claims" although

23              it "stops States from imposing their own substantive

24              standards with respect to rates, routes, or services, but not

25              from affording relief to a party who claims and proves that

26              an airline dishonored a term the airline itself stipulated. This

27              distinction between what the State dictates and what the

28              airline itself undertakes confines courts, in breach-of-

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1    contract actions, to the parties' bargain, with no enlargement
2    or enhancement based on state law or policies external to
3    the agreement. ... As one federal court held, "when the state
4    begins to change the parties's financial arrangements ... it is
5    supplying external norms, a process that the national
6    government has reserved to itself in the air transportation
7    business. [Citation.]

8         In the instant case, the *Wolens* rule described by the *Power Standards Lab, Inc.*
9    court applies to permit plaintiffs to pursue a breach of contract cause of action, if one
10   exists, as such a claim would seek only state enforcement of the bargain allegedly
11   made by plaintiff and UNITED. However, causes of action based on state law or
12   policies external to the agreement between the parties are expressly preempted.
13   Although plaintiffs are not entirely specific as to the manner in which UNITED
14   violated the consumer protection statutes at issue, it appears plaintiff seeks to utilize
15   California's consumer statutes to regulate the manner in which UNITED sells tickets
16   to passengers. (**Exhibit "F"** Plaintiffs Complaint, attachment to complaint, pp. 1 - 3.)
17   Plaintiff's consumer protection causes of action, based on state public policy as to the
18   manner in which businesses may conduct trade, seeks to impose "external norms"
19   through the use of statutory enhancements and enlargements on the manner in which
20   UNITED conducts the core element of its business. It is these "external norms" that
21   Congress intended to prevent states from imposing when it enacted Section 41713(b).

22        The State may provide plaintiffs contractual relief, if plaintiffs prove breach
23   and damages. It may not require disgorgement of alleged profit, or award attorney's
24   fees not provided in the underlying contract, as these "enhancements" are creations of
25   State public policy and not components of the parties' bargain.

26        UNITED wishes to emphasize it is not arguing for broad preemption of all
27   claims against air carriers. Although the lower courts have differed in their opinions
28   regarding what "services" means in the context of express preemption, there has

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1   never been any disagreement that state attempts to regulate the manner in which

2   airlines compete in the aviation industry are preempted.  Thus, in *Charas v.*

3   *Transworld Airlines*, 160 F.3d 1259, 1261 (9th Cir. 1998), the Ninth Circuit Court of

4   Appeals held, "In enacting the ADA, Congress intended to preempt only state laws

5   and lawsuits that would adversely affect the economic deregulation of the airlines and

6   the forces of competition within the airline industry."

7        It is not difficult to determine that if plaintiffs' consumer protection claims

8   were to succeed, state regulation of the manner in which the airline competes for

9   passengers and tickets them would have an immediate and massive effect on prices

10  charged by air carriers.  In addition, if California were to attempt regulation of an air

11  carrier's ticketing procedures, there is nothing to stop all other states from imposing

12  their own requirements, resulting in a jumble of inconsistent regulation.  Because

13  Plaintiffs' consumer protection causes of action seek to impose State standards on the

14  manner in which air carriers conduct business, they are preempted.

15  **VI.**  **PLAINTIFFS' CLAIM THAT UNITED VIOLATED THE MAGNUSON-**

16         **MOSS WARRANTY-FEDERAL TRADE COMMISSION**

17         **IMPROVEMENT ACT IS NOT SUPPORTED BY ANY EVIDENCE.**

18       Plaintiff alleges that UNITED violated the Magnuson-Moss Act ("the Act.")

19  That act is concerned with express and implied warranties made in connection with

20  the sale of consumer products.  The term "consumer product" as used in the Act is

21  defined in 15 U.S.C. 2301 (1).  "The term "consumer product" means any tangible

22  personal property which is distributed in commerce and which is normally used for

23  personal, family, or household purposes (including any such property intended to be

24  attached to or installed in any real property without regard to whether it is so attached

25  or installed)."  There is no allegation in plaintiffs' verified complaint that would

26  support an argument that UNITED sold plaintiffs any consumer product.  Plaintiffs'

27  assertion is that UNITED refused to transport them.  Plaintiffs cannot establish any

28  basis for asserting a cause of action under the Act.

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1    Further, even if the Act applied to contracts for the provision of services,

2    UNITED has established there was no contract between itself and plaintiffs by reason

3    of plaintiffs demand that their money be refunded.  In the absence of a contract, there

4    is nothing to warrant, either impliedly or expressly.  Thus, UNITED cannot have

5    breached any warranty covered by the Act with regard to plaintiff.  Plaintiffs' claim

6    that UNITED violated the Magnuson-Moss Act appears to be nothing more than

7    "kitchen sink" pleading.

8    **VII.    UNITED IS NOT LIABLE FOR INTENTIONAL OR NEGLIGENT**

9    **INFLICTION OF EMOTIONAL DISTRESS.**

10    Plaintiffs assert that "as a further natural and consequential result of

11    Defendant's breach of the contract described herein ..." Plaintiff suffered injuries to

12    her person.  (**Exhibit "F,"** Plaintiff Complaint, attachment to Complaint p. 3, lines 18

13    - 20.)  Plaintiffs cannot recover for either intentional or negligent infliction of

14    emotional distress for two reasons.  First, and most obviously, there has been no

15    breach of contract by defendant by reason of plaintiffs' refusal to pay for their tickets.

16    Second, as regards intentional infliction of emotional distress,  California

17    permits recovery for conduct "so extreme and outrageous as to go beyond all possible

18    bound of decency and to be regarded as atrocious and utterly intolerable in a civilized

19    community." *Calero v. Unisys,* 271 F.Supp.2d 1172, 1177 (N.D. Cal. 2003), citing,

20    *Rulon-Miller v. Int'l Bus. Mach. Corp.,* 162 Cal.App.3d 241, 254, 208 Cal.Rptr. 524

21    (1984).   Summary judgment as to a claim of intentional infliction of emotional

22    distress is proper if a claim cannot reasonably be regarded as so extreme and

23    outrageous as to permit recovery. *Schneider v. TRW, Inc.*, 938 F.2d 986, 992 (9th Cir.

24    Cal. 1991.)  In the instant case, plaintiffs' claim is solely that UNITED refused to

25    allow her to fly claiming she had no ticket, a position UNITED has demonstrated is

26    true.  This court can and should determine that such conduct is not extreme and

27    outrageous as a matter of law.

28    ///

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1    As regards both intentional infliction of emotional distress and negligent

2  infliction of emotional distress, California law provides, "conduct amounting to a

3  breach of contract becomes tortious only when it also violates a duty *independent of*

4  *the contract arising from principles of tort law."* *(See, e.g., Butler-Rupp v.*

5  *Lourdeaux* 134 Cal.App.4th 1220, 1227 (2005).) Here, plaintiffs's sole argument is

6  that UNITED did not permit her to fly, stating she did not have a valid ticket.

7  UNITED certainly has no independent duty to permit plaintiff to fly on its aircraft.

8    Further, California law has never permitted recovery for negligent infliction of

9  emotional distress arising out of economic injury or property damage. *Butler-Rupp*

10  *v. Lourdeaux, supra* at 1228, citing, *Erlich v. Menezes*, 21 Cal.4th 543, 558 (1999).

11  In this case, plaintiffs' sole claim of damages is that as a result of the alleged breach

12  she was required to purchase more expensive tickets on another airline. Such

13  economic injury will not support an action for infliction of emotional distress.

14  Accordingly, plaintiff cannot establish a claim for either negligent or intentional

15  infliction of emotional distress.

16  **VIII.  CONCLUSION.**

17    It is apparent this case has assumed *cause cèlèbre* status for plaintiffs.

18  However, regardless of the vehemence with which they argue they have been injured,

19  several facts cannot be disputed. First, plaintiffs demanded their funds be returned to

20  them. Their credit card company obliged them, debiting UNITED's account for the

21  cost of the tickets. Next, regardless of what their own credit card company did,

22  UNITED never re-billed plaintiffs nor was it ever credited for the cost of the

23  cancelled tickets. Accordingly, plaintiffs cannot show the existence of consideration

24  for a contract for transportation. Regardless of how many causes of action they

25  assert, the basic fact is that UNITED is not responsible for plaintiffs' situation and

26  ///

27  ///

28  ///

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

-14-

1    this case should be resolved by a grant of Summary Judgment in favor of UNITED

2    AIRLINES, INC. and against plaintiffs.

3

4    Dated: January 24, 2008                    **WORTHE HANSON & WORTHE**

5

6

7                                              By:_____
                                                  JOHN R. HANSON, ESQ.
8                                                 Attorneys for Defendant, UNITED
                                                  AIRLINES, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600