**WORTHE HANSON & WORTHE**
A Law Corporation
1851 East First Street, Ninth Floor
Santa Ana, California 92705
Telephone (714) 285-9600
Facsimile (714) 285-9700
jworthe@whwlawcorp.com
tworthe@whwlawcorp.com

JEFFREY A. WORTHE, SBN 080856
TODD C. WORTHE, SBN 177452

Attorneys for Defendant, UNITED AIRLINES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NOAH BUTLER and COLLEEN O'BRIEN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIR LINES, INC., and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.: C07-4369(CRB)<br><br>**DECLARATION OF MINA TAHERI IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT, UNITED AIRLINES, INC.**<br><br>[Notice of Motion and Motion for Summary Judgment; Declaration of Todd C. Worthe, Esq., and Proposed Order Thereon filed concurrently herewith]<br><br>DATE:     February 29, 2008<br>TIME:     10:00 a.m.<br>DEPT.:    8 |

**JURISDICTION** of this Court is invoked on the basis of diversity of citizenship and pursuant to 28 U.S.C. 1332, 28 U.S.C. 1441 and 28 U.S.C. 1446.

## DECLARATION OF MINA TAHERI

I, MINA TAHERI, declare as follows:

1.     Your Declarant is employed by United Airlines, Inc., and has been for the past eight (8) years. Your Declarant's present position is Senior Analyst with Credit Card Process and Disputes. Your Declarant has held her present position for the past three years. Your Declarant is familiar with the facts and circumstances surrounding the allegations contained within the Complaint of Plaintiffs, O'BRIEN

1

and BUTLER ("**PLAINTIFFS**"). Your Declarant could and would competently testify to the following:

2. Your Declarant has worked in the Refund Department for United Airlines, Inc., ("**UNITED**") for the past five (5) years. My job duties include review and research of issues of crediting and debiting related to credit card disputes. In the regular business of the Refund Department for UNITED, memoranda, reports, emails, passenger name records and data compilations concerning disputes are created. These memoranda, reports, emails, passenger name records and data compilations concern acts, events, conditions or opinions, made at or near the time by, or from information transmitted by, a person with knowledge are kept in the course of a regularly conducted business activity. It is the regular practice of UNITED to make such memoranda, reports, emails, passenger name records and data compilations in the course of business.

3. The documents attached hereto collectively as Exhibit "A" are memoranda, reports, emails, passenger name records kept by UNITED in connection with the claim of plaintiffs in this action. Based on my personal knowledge, and on my review of the documents, I have personal knowledge of the following:

4. On April 23, 2008, **PLAINTIFFS** purchased tickets for travel on **UNITED** between Oakland International Airport ("**OAK**") and Rochester, New York ("**ROC**"). Two separate tickets were purchased at Four Hundred Nineteen Dollars and Fourteen Cents ($419.14) each for a total of Eight Hundred Thirty Eight Dollars and Thirty Eight Cents ($838.38) plus a $20.00 Reservation Fee. **PLAINTIFFS** used a Chase Credit Card in the name of **O'BRIEN** for said purchase.

5. On or about April 30, 2006, **O'BRIEN** disputed the aforementioned charges with her credit card company and was credited the aforementioned amount(s). On May 26, 2006, **UNITED** was debited the total amount of Eight Hundred Thirty Eight Dollars and Thirty Eight Cents ($838.38). On May 31, 2006, UNITED was debited for $20.00. As plaintiffs' had been credited the money for their

2

1  e-tickets, the tickets were not paid for. In such a case it is UNITED's practice to print
2  the ticket, rendering it void. Plaintiffs' tickets were printed pursuant to this practice
3  on July 6, 2006.

4      6.     It is the custom and practice of **UNITED** to keep open all reservations
5  even in the event of a disputed credit card charge, so that if the passenger changes his
6  or her mind, they can still fly if they pay on the date of travel. On June 3, 2006, since
7  **PLAINTIFFS** still had a valid *reservation*, but not a valid *ticket*, **UNITED** contacted
8  **O'BRIEN** to advise of a schedule change.

9      7.     On or about June 3, 2006, Chase Credit Card Company billed **O'BRIEN**
10  Eight Hundred Thirty Eight Dollars and Thirty Eight Cents ($838.38) plus 20.00.
11  However, **UNITED** was not credited for that amount. **UNITED** received no
12  additional money from **PLAINTIFFS** for travel on the reservation itinerary,
13  reservation number LSDN10.

14      8.     The Credit Card Statements produced by **O'BRIEN** in connection with
15  this action establish that **UNITED** did not charge her credit card for tickets after the
16  amounts were disputed and the amounts were taken from **UNITED**'s account. If
17  rebill was done pursuant to a UNITED reversal request, UNITED's account would
18  have received the credits (reversals). UNITED was never credited for the disputed
19  charge.

20      9.     Your Declarant contacted Chase Bank directly in an effort to determine
21  what transpired. A true and correct copy of correspondence between Chase and
22  **UNITED** are attached hereto and referred hereto collectively as Exhibit "B".

23      10.     Chase Merchant Services Department has confirmed that **UNITED** has
24  been debited twice in the amount of Eight Hundred Thirty Eight Dollars and Thirty
25  Eight Cents ($838.38), At this time **UNITED** has been owed the sum of Eight
26  Hundred Thirty Eight Dollars and Thirty Eight Cents ($838.38) (for the second
27  debit), since June 22, 2006.
28

DECLARATION OF MINA TAHERI IN SUPPORT OF UNITED'S MOTION FOR SUMMARY JUDGMENT

11. **O'BRIEN** has had all of her money since July, 2006. It appears as though **O'BRIEN** believes that her credit card was charged by **UNITED** on June 3, 2006, for the exact same fare she received on April 23, 2006, and canceled due to her credit card dispute. However, had UNITED charged plaintiffs a second time, it would have issued completely different ticket numbers, and in some cases different reservation codes and the credit card statements produced by **O'BRIEN** would reflect a different billing code. The fact that plaintiffs' statement does not reflect a different billing code establishes UNITED did not re-bill plaintiffs after being debited.

12. If **UNITED** rebills an account after a credit card dispute the opening number on the same ticket is changed to begin with "916" instead of "016." **O'BRIEN** and **BUTLER** were issued ticket numbers bearing numbers "0162140207653" and "0162140207654" on April 23, 2006. Those tickets and charges were disputed by **O'BRIEN** and Chase credited her account on or about May 29, 2006. No other tickets were issued to plaintiffs.

13. On July 6, 2006, **UNITED** "strayed" the tickets, since it had not been paid the fare of Eight Hundred Thirty Eight Dollars and Thirty Eight Cents ($838.38). "Straying" means the e-tickets were printed by UNITED to ensure they were no usable. This was done in an effort to ensure that no one could use the ticket unless and until **UNITED** received just compensation for the fare.

14. Your Declarant's investigation has revealed that the issuing bank, Chase Credit Card Company made a mistake and never looked at the original charge back. **UNITED** was then debited a second charge back when **O'BRIEN** initiated her second credit card dispute. **UNITED** has yet to receive a reversal of any debit to its merchant services account. The records from Chase Bank show five (5) separate

///
///
///
///

1  ///
2  charge backs or debits relating to these transactions.
3      15.   O'BRIEN first received her credit on May 29, 2006. On July 19, 2006,
4  Chase credited O'BRIEN's account.
5      I declare under penalty of perjury under the laws of the State of California that
6  the foregoing is true and correct and executed this 23 day of January, 2008, at
7  Chicago, Illinois.

                                                        _____
                                                        MINA TAHERI, Declarant

5