1  **WORTHE HANSON & WORTHE**
   A Law Corporation
2  1851 East First Street, Ninth Floor
   Santa Ana, California 92705
3  Telephone (714) 285-9600
   Facsimile (714) 285-9700
4  jhanson@whwlawcorp.com
   tworthe@whwlawcorp.com
5
   JOHN R. HANSON, SBN 149794
6  TODD C. WORTHE, SBN 177452

7  Attorneys for Defendant, UNITED AIRLINES, INC.

8              **UNITED STATES DISTRICT COURT**

9       **NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| NOAH BUTLER and COLLEEN O'BRIEN, | CASE NO.: C07-4369(CRB) |
| Plaintiffs, | ASSIGNED TO: HON. CHARLES R. BREYER |
| v. | |
| UNITED AIR LINES, INC., and DOES 1 through 100, Inclusive, | **DEFENDANT UNITED AIR LINE, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF TODD C. WORTHE, ESQ. IN SUPPORT** |
| Defendants. | |
| | DATE: February 29, 2008 |
| | TIME: 8:30 a.m. |
| | DEPT.: Courtroom 8, 19th Floor |

**JURISDICTION** of this Court is invoked on the basis of diversity of citizenship and pursuant to 28 U.S.C. 1332, 28 U.S.C. 1441 and 28 U.S.C. 1446. **COMES NOW** Defendant and Responding party, United Airlines, Inc. ("**UNITED**") and submits this Opposition to Plaintiffs, Colleen O'Brien and Noah Butler's (collectively, "**PLAINTIFFS**") Motion for Protective Order.

1

## I. **INTRODUCTION**

**PLAINTIFFS** have filed this Motion for Protective Order under *Federal Rules of Civil Procedure,* Rules 26(c), 30(d)(3), and 37(d)(2) for their depositions to be conducted under court supervision, attended by a magistrate judge or other third-party referee, and that they take place in a courthouse, and at Defendant's expense, or to be deposed on written questions, in the alternative. **PLAINTIFFS** also seeks an Order directing counsel for **UNITED** to refrain from "ad hominem attacks, threats, and insults" directed at **PLAINTIFFS**. **PLAINTIFFS'** brief contains numerous misleading factual representations and outright omissions. **PLAINTIFFS** dwell on three general arguments that they do not (and indeed, cannot) support as a matter of fact or law: (1) That Todd C. Worthe, Esq.'s conduct at the depositions held January 11, 2008, establish the requisite "good cause" for the issuance of a protective order; (2) That **UNITED**'s counsel intends to embarrass and insult **PLAINTIFFS** at their depositions; and , (3) That the line of questioning which led to the termination of the second deposition was proper despite a dispositive motion pending. These arguments fail for the following reasons:

- **PLAINTIFFS** failed to comply with the meet and confer and certification requirements set forth in *Federal Rule of Civil Procedure,* Rule 26(c). At no time did **PLAINTIFFS** confer or attempt to confer in good faith with Defendant's counsel in an effort to resolve the dispute without court action.
- Due to Plaintiff Colleen O'Brien's conduct prior to and during the deposition, **PLAINTIFFS** were advised by Todd C. Worthe, Esq. that he would not be taking **PLAINTIFFS'** depositions. Based on the evidence produced thus far, Defendant **UNITED** has filed a Motion for Summary Judgment without the necessity of **PLAINTIFFS'** depositions.
- Plaintiff, O'Brien's attempt to question the **UNITED** employee, Monica Afkari on collateral matters regarding Plaintiff O'Brien's misconduct and to be addressed by Defendant's pending Motion for Protective Order, was improper,

2

attempted to violate the privacy rights of the employee, and disregarded the objections of counsel, which led to the termination of the deposition.

Based on the foregoing and for reasons sets forth below, **PLAINTIFFS** Motion bust be denied.

I. **STATEMENT OF FACTS.**

This action arises from the purchase, and then cancellation, of airplane tickets by Plaintiff Colleen O'Brien, a licensed California attorney, and her husband, Noah O'Brien. According to Ms. O'Brien's *Verified* Complaint, on or about April 23, 2006, she and her husband purchased airline tickets that **UNITED** refused to honor. **PLAINTIFFS** asserts cause of action for breach of contract, fraud, violation of the Consumers Legal Remedies Act, violations of the Song-Beverly Consumer Warranty Act, *Civil Code* section 1790, and the Magnuson-Moss Act, and finally causes of action for negligent and intentional infliction of emotional distress.

Discovery in this matter has established that **PLAINTIFFS** did in fact purchase tickets for travel on **UNITED**. However, due to Ms. O'Brien's dissatisfaction with her seating - she alleges she was verbally promised seats in the Economy Plus section of the aircraft - she sent correspondence to **UNITED** cancelling her reservation and demanding a refund of the amounts paid. In a letter dated April 30, 2006 to **UNITED**, Ms. O'Brien stated, "This is to inform you that I am cancelling reservation number LSDN10 issued 23 April for passengers due to your breach of contract. ... I have notified my credit card company to remove all the **UNITED** charges from my account. You are on notice that if **UNITED** makes any attempt to assert a right to those disputed charges based on an assertion of non-refundability, I will bring a legal action against **UNITED** for damages."

Despite her instructions to her credit card company to cancel the charge paid to **UNITED** for the tickets, and despite her statement to **UNITED** that she was cancelling payment and threatening **UNITED** not to dispute her action, **PLAINTIFFS** apparently attempted to fly on the reservation at issue on or about July

18, 2006. When they arrived and attempted to check in, they were told they were denied boarding due to their failure to pay. On July 19, 2006, Ms. O'BRIEN again wrote to **UNITED**, stating, "This is to inform you that I intend to file suit against your company in California for breach of contract, fraud, infliction of emotional distress and any other statutory violations stemming from reservation LSDN10 and your repeated failure to honor it on July 18 and July 19." She again states, "I have notified my credit card company to remove all the **UNITED** charges from my account. You are on additional notice that if **UNITED** makes any attempt to assert a right to those disputed charges based on an assertion of "non-refundability", I will include a claim for additional damages." [1] Despite the fact the evidence clearly demonstrates Plaintiff did not have a valid contract with United, Plaintiff initiated the instant action because she is "independently wealthy" and "does this for fun". [See, Declaration of Todd C. Worthe, at ¶ 6.]

From the outset, discovery in this matter has been exceedingly contentions due to personal nature of this case. Specifically, Plaintiff is representing herself in *pro per* and is one of the attorneys of record for her husband. **PLAINTIFFS** lack of decorum was made apparent at the outset of this action. Plaintiff constantly telephoned counsel for **UNITED**. When it became apparent Plaintiff would do or say anything in the course of the telephonic conversations, counsel for **UNITED** requested that all correspondence regarding discovery be in writing. When Plaintiff's daily barrage of e-mails became harassing, Defendant's counsel instructed her to send letters via U.S. Mail. Plaintiff refused, The harassing conduct continued, and **UNITED**'s counsel pressed forward.

**PLAINTIFFS**' conduct rose to the level of harassment requiring the Court's intervention when she repeatedly contacted a **UNITED** employee, Monica Afkari, at

---

[1] On July 18, 2007, **PLAINTIFFS** purchased and used tickets from another airline for approximately $1,400.00. Therefore, even if a contract had been formed and breached, Plaintiff's actual monetary damages would be approximately **$500.00**.

4

her private residence. Defendant's counsel requested that she cease and desist any further communications with represented parties, at which point Plaintiff asserted she had a right to such contact by virtue of *Rule of Professional Conduct* 2-100; exploiting her dual role as both litigant in *pro per* and attorney of record on behalf of Plaintiff, Noah Butler. Plaintiff's position forced Defendant to move the Court for a Protective Order preventing further harassment of Defendant's employees[2]. [See, Declaration of Todd C. Worthe at ¶ 6.]

**PLAINTIFFS** harassing, unethical, and unprofessional conduct continued at the Depositions of **UNITED** employees, Mina Teheri and Monica Afkari, held January 11, 2008. Despite the fact everyone but Plaintiff O'Brien and her partner, Daniel C. Kelleher, Esq., had incurred the expense of flying into the Bay Area for the depositions, she was unprepared, unprofessional and insisted she was entitled to a seven-hour deposition over what is actually a $500.00 dispute, at best. After spending five (5) hours questioning the **UNITED** PMK, Plaintiff O'BRIEN attempted to question the **UNITED** employee, Monica Afkari, whom O'BRIEN had harassed at her private residence, on issues relating to the pending Motion for Protective Order filed by Defendant **UNITED**. Counsel for **UNITED** attempted to assert his client's privacy rights, to no avail. Frustrated by the futility of his attempts to meet and confer with Plaintiff and her co-counsel, United's counsel instructed his client not to answer and terminated the deposition at 4:30 p.m. on Friday, January 11, 2008.

Defendants submit this Memorandum of Law in Opposition to **PLAINTIFFS'** Motion for a Protective Order. **PLAINTIFFS** cannot even remotely reach the very substantial Constitutional criteria they face in a motion of this sort. It is clear that **PLAINTIFFS'** over-reaching motion is designed principally to delay and to avoid engaging in discovery, to prejudice defendants, and to avoid embarrassment.

---

[2] Defendant's United Air Lines, Inc. Ex Parte Application for Motion for Protective Order was filed on December 28, 2007.

5

## II. LEGAL ARGUMENT

### A. Standard for Motion for Protective Order

*Federal Rule of Civil Procedure,* Rule 26(c) governs the granting of a protective order. A protective order should be granted when the moving party establishes "good cause" for the Order and "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." *Federal Rules of Civil Procedure,* Rule 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." See, *Phillips v. General Motors Corp.,* 307 F.3d 1206, 1210 (9th Cir.2002); *Beckman Industries, Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir.), *cert. denied,* 506 U.S. 868 (1992). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."*Beckman Industries,* 966 F.2d at 476 (internal quotations marks omitted).

### B. Plaintiffs Failed to Comply with the Meet and Confer and Certification Requirements of the Federal Rules

**PLAINTIFFS** failed to include a *Federal Rules of Civil Procedure,* Rule 26(c) certification with their motion, certifying that they fulfilled the meet and confer requirement set forth in the *Federal Rules of Civil Procedure.* "*Federal Rule of Civil Procedure,* Rule 26(c) specifically states that a motion for a protective order must be 'accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.'"*Khoa Hoang v. Trident Seafoods Corp.,* No. C 06-1158 RSL, 2007 WL 2138780 at *1 (W.D. Wash. Jul. 23, 2007); *see also Pallaske v. Island County,* No. 06-1735-RSL-JPD, 2007 WL 3306738 at *1 (W.D. Wash. Nov. 5, 2007) (holding that the plain language of Rule 26(c) requires a certification. "Plaintiff failed to make any such attempt, and for that reason, his motion should be denied.") For this reason alone, **PLAINTIFFS** motion should be denied. Moreover, not only did **PLAINTIFFS** not include a certification, they failed to attempt to meet and confer

regarding the specific issues raised in this motion. In fact, despite Plaintiff O'Brien's proclivity for excessive communication, she never even contacted counsel for **UNITED** prior to filing this Motion. [See, Declaration of Todd C. Worthe at ¶ 8.] Had she done so, Defendants would have had the opportunity to attempt to resolve some of these issues with **PLAINTIFFS**. This is not only a violation of the *Federal Rules*, but also a violation of Northern District Local Rule 37-1(a). Under Local Rule 37-1(a): "The Court *will not entertain* a request or a motion to resolve a disclosure or discovery dispute" unless the parties have met and conferred. *See, e.g., Williby v. City of Oakland*, 2007 U.S. Dist. LEXIS 76532 at *3-4 (N.D. Cal. 2007) (motion to compel denied in part for failure to meet and confer).

C.  **Plaintiffs Have Not Carried the Heavy Burden to Justify the Issuance of a Protective Order.**

What **PLAINTIFFS** present as the factual grounds for their "good cause" is actually a mixture of exaggeration and fear of embarrassment of their own making. **PLAINTIFFS'** argument rests on the alleged insults, accusations, and threats (of questionable seriousness) directed at Plaintiff O'Brien by Mr. Worthe during the January 11, 2008 depositions. The **PLAINTIFFS** primary proffered justification for the requested Protective Order is her fear of further "harassment and abuse" by Todd C. Worthe, Esq. at the **PLAINTIFFS'** noticed depositions. The claim that Mr. Worthe was abusive during the depositions and thus justifies the issuance of Protective Order is without merit as Mr. Worthe had already informed **PLAINTIFFS** that he would not be taking their depositions.

The instant motion presents important issues related to attorney conduct during civil litigation. The protective order sought by **PLAINTIFFS** is unsupportable as a matter of law and fact, and if granted would only serve to further increase the money and resources already expended in this matter. This motion is part of a larger legal strategy that has been at play since the plaintiff first sent her demand letter to **UNITED** on April 30, 2006. Because of the unrelenting harassment and lack of

professionalism demonstrated by Plaintiff O'Brien and her co-counsel, **UNITED** has already been damaged and prejudiced. Instead of focusing on the substantive issues of this case, Defendant has been forced to focus its efforts on controlling Plaintiff's unethical and harassing behavior. Not only have **PLAINTIFFS** engaged in what is, by all accounts, a frivolous litigation, but they have embarrassed themselves in the process.

Based on the evidence already procured, it's clear that **PLAINTIFFS'** real concern as regards the herein motion for protective order is the significant possibility of acute embarrassment. The evidence clearly shows that **PLAINTIFFS**, on insufficient knowledge, made allegations in their verified Complaint they cannot support. Contrary to **PLAINTIFFS'** contentions, the evidence shows that **PLAINTIFFS** never paid for a ticket that **UNITED** later refused to honor.

Moreover, **PLAINTIFFS'** motion attempts to establish the "good cause" required by *Federal Rule of Civil Procedure,* Rule 26(c) on the basis of wildly speculative allegations. They have made a mistake in this case -- spending thousands of dollars and using the courts to exact revenge upon **UNITED** for their own amusement[3]. As stated, they were embarrassed when they attempted to use airline tickets they had not paid for, they were embarrassed when the evidence demonstrated that they had never paid **UNITED** for the ticket, and they are embarrassed that their inability to conduct discovery in this matter did not go unnoticed by counsel for **UNITED**.

Defendant, **UNITED** points out the following key points:

- First and foremost, **PLAINTIFFS** persist in ignoring that Defendant attempted, in good faith to meet and confer on all discovery issues.

- The relief sought -- a protective order protecting **PLAINTIFFS** from Mr.

---

[3] At the January 11, 2008 depositions, counsel for Plaintiff informed counsel for Defendant that Plaintiff is "independently wealthy" and they "do this for fun".

8

Worthe's harassing and abusive behavior -- has nothing to do with and can extend no conceivable benefit to the substantive issues in this case. Moreover, in light of the fact **PLAINTIFFS** were already informed that Mr. Worthe would not be taking their depositions, no 'harm or prejudice' will result if the Protective Order is not issued.

- The "proof" constituting the requisite "good cause" is speculative and has nothing to do with defendant or the protective order sought, and does not support **PLAINTIFFS'** claims. For example, the comments made by Mr. Worthe during the deposition were not made in a vacuum; Plaintiff and her co-counsel's conduct prior to and during the subject deposition elicited the commentary. This shows this motion is purely tactically designed, among other things, to further distract and make the defense impossible.
- Based on the evidence already produced. Defendant **UNITED** does not anticipate taking **PLAINTIFFS** deposition and have already filed a Motion for Summary Judgment. Assuming *arguendo* that the **PLAINTIFFS'** depositions were to go forward, **PLAINTIFFS** were informed that Mr. Worthe would not be taking their depositions and therefore their concerns are nothing more than pure speculation and fantasy. Moreover, Mr. Worthe is a consummate professional and one of the best in the industry. Unlike the Plaintiff, he is always prepared, well-versed in litigation procedures, and always prepared to defend his client's interests. Assuming he were to take **PLAINTIFFS'** depositions, he certainly would be prepared, aware of and abide by deposition procedures, and focus on the substantive issues of the case, not a litany of collateral matters. [See, Declaration of Todd C. Worthe at ¶ 11.]
- Finally, and perhaps most importantly, **PLAINTIFFS** continue to attempt to mislead the Court. It was Plaintiff O'Brien's unethical conduct which forced Defendant **UNITED** to file its Motion for Protective Order and it was Plaintiff O'Brien's insistence on questioning the **UNITED** employee about her own

9

unethical conduct and other collateral matters (while the Motion for Protective Order is pending) which led to the termination of the deposition.

As stated previously, Plaintiff O'Brien's conduct led Mr. Worthe to instruct her to send all correspondence regarding discovery issues via U.S. Mail early on in the discovery process. The barrage of harassing e-mails and phone calls was not only unprofessional, but detracted from Mr. Worthe's ability to prepare his defense. This appears to be Plaintiff's chosen litigation tactic. To be embarrassed when opposing counsel acknowledges one's missteps is natural, to run into court to prevent further embarrassment is absurd. The better remedy, i.e. which doesn't require the court's involvement, would be to conduct oneself with the professionalism and integrity expected of each of us when admitted to the profession.

## III. CONCLUSION.

Here, a Protective Order is neither warranted or necessary. As stated, Defendant, **UNITED** does not intend to take either **PLAINTIFFS'** deposition in light of the evidence already produced. Therefore, the issue is moot. Further, **PLAINTIFFS** failed to certify that they met and conferred prior to filing the herein motion and on that basis alone the Motion should be denied. Lastly, **PLAINTIFFS** have failed to meet their burden of demonstrating "good cause" as mere speculation does not and cannot constitute evidence of "harm or prejudice" that would result in the absence of the Protective Order. Therefore, **PLAINTIFFS** COLLEEN O'BRIEN and NOAH BUTLER Motion for Protective Order should be denied.

DATED: January 28, 2008

**WORTHE HANSON & WORTHE**

By: /s/
TODD C. WORTHE, ESQ.
Attorneys for Defendant, UNITED AIRLINES, INC.