**WORTHE HANSON & WORTHE**
A Law Corporation
1851 East First Street, Ninth Floor
Santa Ana, California 92705
Telephone (714) 285-9600
Facsimile (714) 285-9700
jworthe@whwlawcorp.com
tworthe@whwlawcorp.com

JEFFREY A. WORTHE, SBN 080856
TODD C. WORTHE, SBN 177452

Attorneys for Defendant, UNITED AIRLINES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NOAH BUTLER and COLLEEN O'BRIEN, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED AIR LINES, INC., and DOES 1 through 100, Inclusive, <br><br> Defendants. | **CASE NO.: C07-4369(CRB)** <br> **ASSIGNED TO:** <br> **HON. CHARLES R. BREYER** <br><br> **DEFENDANT UNITED AIR LINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF TODD C. WORTHE, ESQ. IN SUPPORT** <br><br> DATE:  February 29, 2008 <br> TIME:   8:30 a.m. <br> DEPT.:  Courtroom 8, 19th Floor |

**JURISDICTION** of this Court is invoked on the basis of diversity of citizenship and pursuant to 28 U.S.C. 1332, 28 U.S.C. 1441 and 28 U.S.C. 1446.

**COMES NOW** Defendant and Responding party, United Airlines, Inc. ("**UNITED**") and submits this Opposition to Plaintiffs, Colleen O'Brien and Noah Butler's (collectively, "**PLAINTIFFS**") Motion for Sanctions.

///

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

3    **PLAINTIFFS** have filed this Motion for Sanctions against Todd C. Worthe,

4    Esq. counsel for Defendant, United Airlines, Inc.,  under *Federal Rules of Civil*

5    *Procedure*, Rule 26(c), 30(d)(4), 37(a)(3)(B)(i) and 37(d)(2) resulting from the

6    termination of Monica Afkari's deposition on January 11, 2008, and for the alleged

7    unreasonable annoyance, embarrassment, harassment, and oppression he caused to

8    Plaintiff and her co-counsel.  By her motion, **PLAINTIFF** seeks to terminate

9    **UNITED**'s application for Motion for Protective Order as a sanction for refusing to

10   allow Ms. Afkari to be questioned regarding her Declaration in support of the

11   Motion, for Orders directing that **PLAINTIFFS'** declarations be conducted under

12   court supervision or upon written questions, and exorbitant monetary sanctions.

13   **PLAINTIFFS'** brief contains numerous misleading factual representations and

14   outright omissions.  **PLAINTIFFS** arguments are unpersuasive and her reliance the

15   cited authority is misplaced.   These arguments fail for the following reasons:

16   •    **PLAINTIFFS** failed to comply with the meet and confer and certification

17        requirements set forth in *Federal Rule of Civil Procedure,* Rule 37(d)(1)(B),

18        which provides in pertinent part, "A motion for sanctions for failing to answer

19        or respond must include a certification that has in good faith conferred or

20        attempted to confer with the party failing to act in an effort to obtain the answer

21        or response without court action."  Following the termination of the deposition

22        on January 11, 2008, neither Plaintiff nor her co-counsel attempted to contact

23        counsel for **UNITED** prior to filing the herein Motion for Protective Order on

24        Sunday, January 13, 2008.

25   •    **PLAINTIFFS'** demand for sanctions under *Federal Rules of Civil Procedure,*

26        Rule 37(a)(3)(B)(I) must be denied as Plaintiff filed the motion before

27        attempting in good faith to obtain the disclosure without court action in

28        conformity with Rule 37(a)(5)(A)(I).  Moreover, counsel for **UNITED** was

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

substantially justified in instructing his client not to answer questions on collateral matters which will be addressed by Defendant's Motion for Protective Order pursuant to *Federal Rules of Civil Procedure,* Rule 37(a)(5)(A)(ii).

- As to **PLAINTIFFS** claim for sanctions under *Federal Rules of Civil Procedure,* Rule 37(d)(2) , **UNITED**'s counsel was justified in terminating the deposition of Monica Afkari as **UNITED** has a Motion for Protective Order pending on the issues Plaintiff **O'BRIEN** attempted to question her.

- Finally, as to Plaintiff's claim for sanctions under Title 28 U.S.C. § 1927, Plaintiff has not and cannot demonstrate the requisite finding of "subjective bad faith" on the part of Todd C. Worthe, Esq.  The heated exchanges between counsel which culminated in the termination of the second deposition of January 11, 2008, where the direct result of Plaintiff and her co-counsel's actions. Likewise, it was **O'BRIEN**'s misconduct (i.e. contact with represented parties), which forced Defendant **UNITED** to move the court for an Order of Protection. In both events, Defendant's counsel endeavored to protect the privacy rights and privileges of his client; rights and privileges **PLAINTIFFS** believe must yield to their right to conduct discovery.

Based on the foregoing and for reasons sets forth below, **PLAINTIFFS'** Motion for sanctions must be denied.

## I.    STATEMENT OF FACTS.

This action arises from the purchase, and then cancellation, of airplane tickets by plaintiff Colleen O'Brien, a licensed California attorney, and her husband, Noah O'Brien.    According to Ms. O'Brien's *Verified* Complaint, on or about April 23, 2006, she and her husband purchased airline tickets that **UNITED** refused to honor. **PLAINTIFFS** asserts cause of action for breach of contract, fraud, violation of the Consumers Legal Remedies Act, violations of the Song-Beverly Consumer Warranty Act, *Civil Code* section 1790, and the Magnuson-Moss Act, and finally causes of action for negligent and intentional infliction of emotional distress.

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

Discovery in this matter has established that **PLAINTIFFS** did in fact purchase tickets for travel on **UNITED**.  However, due to Ms. O'Brien's dissatisfaction with her seating - she alleges she was verbally promised seats in the Economy Plus section of the aircraft -  she sent correspondence to **UNITED** cancelling her reservation and demanding a refund of the amounts paid.  In a letter dated April 30, 2006 to **UNITED**, Ms. O'Brien stated, "This is to inform you that I am cancelling reservation number LSDN10 issued 23 April for passengers due to your breach of contract... I have notified my credit card company to remove all the **UNITED** charges from my account.  You are on notice that if **UNITED** makes any attempt to assert a right to those disputed charges based on an assertion of non-refundability, I will bring a legal action against **UNITED** for damages."

Despite her instructions to her credit card company to cancel the charge paid to **UNITED** for the tickets, and despite her statement to **UNITED** that she was cancelling payment and threatening **UNITED** not to dispute her action, **PLAINTIFFS** apparently attempted to fly on the reservation at issue on or about July 18, 2006.   When they arrived and attempted to check in, they were told they were denied boarding due to their failure to pay.  On July 19, 2006, Ms. O'Brien again wrote to **UNITED**, stating, "This is to inform you that I intend to file suit against your company in California for breach of contract, fraud, infliction of emotional distress and any other statutory violations stemming from reservation LSDN10 and your repeated failure to honor it on July 18 and July 19."  She again states, "I have notified my credit card company to remove all the UNITED charges from my account.  You are on additional notice that if UNITED makes any attempt to assert a right to those disputed charges based on an assertion of "non-refundability", I will include a claim for additional damages." [1]

---

[1]  On July 18, 2007, PLAINTIFFS purchased and used tickets from another airline for approximately $1,400.00.  Therefore, even if a contract had been formed and breached, Plaintiff's actual damages would be approximately **$500.00**.

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1    From the outset, discovery in this matter has been exceedingly contentions due

2    to personal nature of this case.  Specifically, Plaintiff is representing herself in *pro*

3    *per* and is one of the attorneys of record for her husband.  Despite the fact the

4    evidence clearly demonstrates Plaintiff did not have a valid contract with **UNITED**,

5    Plaintiff initiated the instant action because she is "independently wealthy " and

6    "does this for fun". [See, Declaration of Todd C. Worthe at ¶ 8.] **PLAINTIFFS**' lack

7    of decorum was made apparent at the outset of this action.  Plaintiff constantly

8    telephoned counsel for **UNITED**.  When it became apparent Plaintiff would do or say

9    anything in the course of the telephonic conversations, counsel for **UNITED**

10   requested that all correspondence regarding discovery be in writing. [See, Declaration

11   of Todd C. Worthe at ¶ 2.]  When Plaintiff's daily borage of e-mails became

12   harassing, Defendant's counsel instructed her to send letters via U.S. Mail. Plaintiff

13   refused and the harassing conduct continued. [See, Declaration of Todd C. Worthe at

14   ¶ 2.]

15      **PLAINTIFFS**' conduct rose to the level of harassment requiring the Court's

16   intervention when she repeatedly contacted a **UNITED** employee, Monica Afkari, at

17   her private residence.  Defendant's counsel requested that she cease and desist any

18   further *Ex-Parte* communications, at which point Plaintiff asserted she had a right to

19   such contact by virtue of *Rule of Professional Conduct* 2-100; exploiting her dual role

20   as both litigant in *pro per* and attorney of record on behalf of Plaintiff, Noah Butler.

21   Plaintiff's position forced Defendant to move the Court for a Protective Order

22   preventing further harassment of Defendant's employees[2].   [See, Declaration of

23   Todd C. Worthe, at ¶ 6.]

24      **PLAINTIFFS** harassing, unethical, and unprofessional conduct continued at the

25   depositions of **UNITED** employees, Mina Teheri and Monica Afkari, held January

26   11, 2008.  Despite the fact everyone but Plaintiff O'Brien and her partner, Daniel C.

27

28      [2] Defendant, United Air Lines, Inc.'s Motion for Protective Order was filed on December 27, 2008.

Kelleher, Esq., had incurred the expense of flying in for the depositions, she was unprepared, unprofessional and insisted she was entitled to a seven-hour deposition over what is actually a $500.00 dispute, at best. During the deposition, Plaintiff asked objectionable questions, conferred with co-counsel, Daniel C. Kelleher, Esq., on the record, and disregarded valid defense objections. After spending five (5) hours questioning one employee, Plaintiff O'Brien attempted to question the same **UNITED** employee whom she'd harassed on collateral matters regarding O'Brien's alleged misconduct, whilst the Motion for Protective Order filed by Defendant **UNITED** was pending. Counsel for **UNITED** attempted to assert his client's privacy rights, to no avail. Frustrated by the futility of his attempts to meet and confer with Plaintiff and her co-counsel, **UNITED**'s counsel instructed his client not to answer and terminated the deposition at 4:30 p.m. on Friday, January 11, 2008.

Defendants submit this Memorandum of Law in Opposition to **PLAINTIFFS'** Motion for Sanctions. **PLAINTIFFS** have failed to meet the requirements set forth in Rule 37(d) and 28 U.S. C. § 1927, and cannot demonstrate the requisite "bad faith" required for the imposition of sanctions. It is clear that **PLAINTIFFS'** over-reaching motion is designed principally to delay and to avoid engaging in discovery, to prejudice defendants, and to avoid embarrassment.

## II. LEGAL ARGUMENT

### A. Standard for Motion for Sanctions

Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) *Federal Rule of Civil Procedure*, Rule 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power.

District Court's have inherent authority to impose sanctions against litigants and their counsel for bad faith, which includes a broad range of willful and improper conduct. See, *Fink v. Gomez* 239 F. 3d 989, 992 (C.A. 9 2001). The Court in *Fink*

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1  held that:

2      "[I]t could not impose sanctions without "subjective bad faith." The district

3      court was correct that mere recklessness, without more, does not justify

4      sanctions under a court's inherent power. ....[S]anctions are available if the

5      court specifically finds bad faith or conduct tantamount to bad faith.

6      **Sanctions are available for a variety of types of willful actions,**

7      **including recklessness when combined with an additional factor such**

8      **as frivolousness, harassment, or an improper purpose.**" See, Id. at 99

9      In California, the imposition of sanctions is governed by the *Code of Civil*

10  *Procedure*, §128.5. The court, in *Brewster v. Southern Pacific Transportation Co.*, 1

11  Cal.Rptr.2d 89 (Cal.App.4Dist. 1991), held that §128.5 allows a court to order

12  sanctions when expenses are incurred by the opposing party as a result of bad faith

13  actions or tactics that are frivolous or solely intended to cause unnecessary delay.

14  Thus, a bad faith subjective standard is still in place in California.

15      Here, Defendant, **UNITED**'s actions at the depositions of January 11, 2008

16  were not motivated by an improper purpose and counsel for **UNITED** did not intend

17  to harass Plaintiff O'Brien or her co-counsel.  Frustration over Plaintiff's counsel's

18  lack of preparation and refusal to acknowledge the valid privacy objections raised by

19  **UNITED**'s counsel led to heated exchange and termination of the second deposition.

20  Plaintiffs' right to depose a witness does not trump that witnesses right to privacy.

21  Plaintiff O'Brien's unwillingness to forego the improper line of questioning led not

22  only to conflict at the deposition of January 11, 2008, but ultimately to its termination

23  for cause.

24  **B.    Sanctions Should Not Be Imposed Under Rule 37(d)**

25      *Federal Rules of Civil Procedure*, Rule 37(d)(1) governs the granting of

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

sanctions. *Federal Rules of Civil Procedure,* Rule 37(d)(1)(B) provides in pertinent part, as follows:

> "(B) *Certification.* **A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.**" [Emphasis added.]

**PLAINTIFFS** failed to include a *Federal Rules of Civil Procedure,* Rule 37(d)(1)(B) certification with their motion, certifying that they fulfilled the meet and confer requirements set forth in the *Federal Rules of Civil Procedure.* Plaintiff's actions and attempted line of questioning at the Friday, January 11, 2008, depositions led to the termination on that date. Despite Plaintiff O'Brien's custom of contacting counsel for **UNITED** *ad nauseam,* Plaintiff O'Brien filed this Motion for Sanctions on Sunday, January 13, 2008, without attempting to meet and confer and without so much as even a phone call, let alone a letter. For this reason alone, **PLAINTIFFS'** motion for sanctions on these grounds should be denied.

Moreover, Defendant was justified in terminating the deposition as Plaintiff O'Brien refused to forego the improper line of questioning. Lastly, Plaintiff O'Brien's request for costs and expenses should also be denied as she is in *pro per* and therefore not entitled to such an award.

**C.    Sanctions Should Not Be Imposed Under Title 28 U.S. C. 1927**

Title 28 U.S.C. § 1927 provides in pertinent part, as follows:

"Any attorney or other person admitted to conduct cases in any court of the UNITED States or any Territory thereof who so multiplies the proceedings

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-0600

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1    in any case unreasonably and vexatiously may be required by the court to

2    satisfy personally the excess costs, expenses, and attorneys' fees

3    reasonably incurred because of such conduct."

4

5    Defendant, **UNITED**'s counsel has attempted to resolve this matter without the

6    Court's involvement and as expeditiously as possible.  **UNITED** has complied with

7    all discovery and disclosure requirements.  **UNITED** has submitted to all depositions

8    and has attempted to meet and confer with Plaintiff and her co-counsel in good faith

9    on all issues.  **UNITED** was forced to move the court for an Order of Protection

10   following Plaintiff O'Brien's continued harassment of a **UNITED** employee at her

11   private residence.  Defendant's counsel terminated Monica Afkari's deposition after

12   Plaintiff O'Brien insisted, over objection, on pursuing an improper line of

13   questioning not only collateral to the issues of this case but central to the pending

14   Motion for Protective Order.  On the basis of privacy and privilege the deposition

15   was terminated.

16

17   On the other hand, Plaintiff O'Brien and her co-counsel have embarked on a

18   campaign to exact revenge upon **UNITED** for properly denying them boarding.

19   Despite the fact **PLAINTIFFS'** actual monetary damages would be no more than

20   $500.00, if a contract had been formed with **UNITED** (which is expressly denied),

21   **PLAINTIFFS** have initiated litigation which has cost **UNITED** thousands of dollars.

22   When pressed for an explanation as to why, Plaintiff O'Brien's co-counsel indicated

23   that "they are independently wealthy" and "do this for fun". [See Declaration of Todd

24   C. Worthe at ¶8.]

25

26   *Federal Rules of Civil Procedure*, Rule 11(b)(1)  provides in pertinent part, as

27   follows:

28

-8-

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

**"(b) <u>Representations to the Court</u>.**

By presenting to the court a pleading, written motion, or other paper —
whether by signing, filing, submitting, or later advocating it — an attorney
or unrepresented party certifies that to the best of the person's knowledge,
information, and belief, formed after an inquiry reasonable under the
circumstances:

> (1) it is not being presented for any improper purpose, such as
> to harass, cause unnecessary delay, or **needlessly increase the**
> **cost of litigation**..." [Emphasis added.]

Without justification in regard to the actual monetary loss sustained by
**PLAINTIFFS**, Plaintiff O'Brien and her co-counsel have propounded excessive
discovery, noticed the depositions of all interested parties and even sought to depose
**UNITED** employees on substantive *and* collateral matters. Their actions have led to
an unnecessary increase in the cost of litigation. **UNITED** and its counsel were and
remain frustrated by the waste of professional and judicial resources, but have not
conducted themselves in bad faith or for an improper purpose. Therefore, sanctions
pursuant to 28 U.S.C. § 1927 should be denied.

## III. <u>CONCLUSION</u>.

For all of the foregoing reasons, an award of costs, expenses, and sanctions are
neither warranted nor necessary. **PLAINTIFFS'** own actions led to the termination
of the depositions on January 11, 2008. As stated, Defendant, **UNITED's** actions
prior to and during the depositions of January 11, 2008 were not motivated by

1  vindictiveness, obduracy, or *mala fides*. Defendant **UNITED** properly asserted

2  objections based on privacy and privilege, which were not well-received by Plaintiff

3  O'Brien. Further, **PLAINTIFFS** failed to certify that they met and conferred prior to

4  filing the herein motion and on that basis alone the Motion should be denied in its

5

6  entirety.

7  DATED: January 28, 2008                    **WORTHE HANSON & WORTHE**

8

9                                              By:_____

10                                             *for* TODD C. WORTHE, ESQ.
                                               Attorneys for Defendant, UNITED AIR
11                                             LINES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600