**WORTHE HANSON & WORTHE**
A Law Corporation
1851 East First Street, Ninth Floor
Santa Ana, California 92705
Telephone (714) 285-9600
Facsimile (714) 285-9700
jhanson@whwlawcorp.com
tworthe@whwlawcorp.com

JOHN R. HANSON, SBN 149794
TODD C. WORTHE, SBN 177452

Attorneys for Defendant, UNITED AIRLINES, INC.

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NOAH BUTLER and COLLEEN O'BRIEN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIR LINES, INC., and DOES 1 through 100, Inclusive,<br><br>Defendants. | **CASE NO.: C07-4369(CRB)**<br>**ASSIGNED TO:**<br>**HON. CHARLES R. BREYER**<br><br>**DECLARATION OF TODD C. WORTHE, ESQ., IN SUPPORT OF OPPOSITION TO MOTION FOR SANCTIONS**<br><br>*[FILED CONCURRENTLY WITH OPPOSITION TO MOTION FOR SANCTIONS]*<br><br>DATE:  February 29, 2008<br>TIME:   8:30 a.m.<br>DEPT:  Courtroom 8, 19th Floor |

I, TODD C. WORTHE, ESQ., declare as follows:

1.     I am an attorney at law duly licensed to practice before all the courts in the State of California, and am a partner in the law firm of Worthe Hanson & Worthe, a law corporation, attorneys of record for Defendant, UNITED AIRLINES, INC. ("**UNITED**"). As such, I have personal knowledge of the file and pleadings in this matter, as well as the facts stated herein. If called upon as a witness, I could and would competently testify to the following:

1

2.    Plaintiff, Colleen O'Brien ("**O'BRIEN**") is a party in pro per in this action. She is representing herself and her husband (both of whom are percipient witnesses) and is a licensed attorney admitted to practice law in the State of California. Due to the unyielding barrage of telephone calls and e-mails, your declarant directed Plaintiff **O'BRIEN** to contact me via writing in regard to all discovery issues.

3.    On Thursday, December 20, 2007, your declarant caused to be delivered via facsimile and U.S. Mail a letter to **O'BRIEN** advising her to "cease and desist" all direct contact with any employee of United Airlines, Inc., including Monica Afkari, relative to her litigation. [A true and correct copy of my correspondence to **O'BRIEN** dated December 21, 2007 is attached hereto as Exhibit "**A**".]

4.    On Friday, December 21, 2007,  contacted **O'BRIEN** in an effort to meet and confer in accordance with *Local Rules of the Northern District*, Rule 37-1, requesting **O'BRIEN** to "cease and desist" from any further communications with employees of **UNITED**. [A true and correct copy of my correspondence to **O'BRIEN** dated December 21, 2007 is attached hereto as Exhibit "**B**".]

5.    During our conversation **O'BRIEN** advised me that the Motion for Protective Order was unnecessary as she would not be contacting Ms. Afkari again.

6.    Concerned with the conduct of **O'BRIEN**, your declarant filed an ex-parte Application for  Motion for Protective Order on December 28, 2007, regarding Plaintiff **O'BRIEN**'s *Ex-parte* communications and harassment of **UNITED** employees at the private residences. Your declarant did not bring this Motion for Protective Order for any improper purpose such as harassment or delay, but to protect the privacy rights of **UNITED** employees.

7.    Through the meet and confer process, your declarant coordinated the deposition of the **UNITED** PMK and **UNITED** employee, Monica Afkari, for January 11, 2008 with Plaintiff, **O'BRIEN**. In good faith, your declarant represented that both depositions would go forward on the mutually agreeable date and location.

2

1    [A true and correct copy of that correspondence is attached hereto as Exhibit "**C**".]

2    8.    At the depositions of January 11, 2008, Plaintiff **O'BRIEN** and her co-

3    counsel, Daniel C. Kelleher, Esq., were unprepared, unable to ask questions without

4    drawing valid and necessary objections, and repeatedly conferred with each other on

5    the record.    Plaintiff did not have exhibits prepared and had clearly not prepared for

6    the deposition, contrary to what she claims.    During the course of the deposition,

7    Daniel C. Kelleher informed your declarant that "they are independently wealthy" and

8    they "do this for fun."

9    9.    There were two depositions held January 11, 2008, one of United's PMK

10   and the other of **UNITED** employee, Monica AFkari. Plaintiff **O'BRIEN** questioned

11   the **UNITED** PMK for five (5) hours regarding the substantive issues in this case.

12   Plaintiff **O'BRIEN** then attempted to question the second employee, Monica Afkari,

13   about the collateral matter encompassed by the pending Motion for Protective Order.

14   Your declarant raised the appropriate privacy and privilege objections and instructed

15   Ms. Afkari not to answer. When Plaintiff **O'BRIEN** persisted in the improper line of

16   questioning, your declarant terminated the deposition at 4:30 p.m. on Friday, January

17   11, 2008.

18   10.    On Monday, January 14, 2008, your Declarant received correspondence

19   from Plaintiff **O'BRIEN** dated January 13, 2008, indicating that neither she nor her

20   husband would be appearing at their depositions scheduled fro January 14, 2008.  The

21   letter further advised that she would filing a Motion for Protective Order and

22   sanctions.  No attempt to meet and confer with your declarant was made prior to the

23   filing her Motion for Protective Order.  [A true and correct copy of that

24   correspondence is attached hereto as Exhibit "**D**".]

25   11.    On January 14, 2008, your declarant caused to be delivered via U.S. Mail

26   and Facsimile correspondence reiterating the reason for the early termination of the

27   deposition and that based on the evidence of presented thus far, that the deposition of

28   Plaintiff **O'BRIEN** and Butler were unnecessary and would not be going forward.  [A

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1  true and correct copy of that correspondence is attached hereto as Exhibit "E".]

2      12.    Your declarant certifies that I have attempted, in good faith, to meet and

3  confer with Plaintiff **O'BRIEN** and her co-counsel, Daniel C. Kelleher. Your

4  declarant further represents that the termination of the deposition was not for an

5  improper purpose such as harassment or delay, but to protect the privacy rights of my

6  client.

7      I declare under penalty of perjury under the laws of the State of California that

8  the foregoing is true and correct, and executed this 28th day of January, 2008, at

9  Santa Ana, California.

10

11

                                TODD C. WORTHE, Declarant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE (714) 285-9600

EXHIBIT "A"

**WORTHE HANSON & WORTHE**

A LAW CORPORATION

FAXED
12/20/07

THE XEROX CENTRE
1851 EAST FIRST STREET
NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600
FACSIMILE: (714) 285-9700
info@whwlawcorp.com

TODD C. WORTHE
PARTNER

December 20, 2007

CLIENT NO. 87216

DIRECT DIAL: (714) 955-6960
tworthe@whwlawcorp.com

**Via Facsimile and U.S. Mail:**

Colleen O'Brien, Esq.
O'Brien & Kelleher, LLP
1655 N. Main St. Ste. 220
Walnut Creek, CA 95496

Re:     *O'Brien/Butler v. United Airlines, Inc.*

Dear Ms. O'Brien:

I have been advised by the Department of Risk Management for **our client** United Airlines, Inc., that you have attempted to contact their employee, someone you believe to be a percipient witness in this case **directly,** and have done so on numerous occasions. I am further advised you have asked for an employee's home address and telephone number. You are hereby notified that you are to **immediately cease and desist from any attempts to speak with United Airlines' personnel in connection with your action against the company.**

Thank you for your professional cooperation and courtesy.

Very truly yours,

**WORTHE HANSON & WORTHE**

By: _____
    TODD C. WORTHE

TCW:gmf

# WORTHE HANSON & WORTHE
## A LAW CORPORATION

---

### FACSIMILE TRANSMITTAL SHEET

---

**TO:**
**COLLEEN O'BRIEN**

**FROM:**
**TODD C. WORTHE, ESQ.**

**CC:**

**DATE:**
**DECEMBER 20, 2007**

**FAX NUMBER:**
775-249-9120

**NO. OF PAGES:**
**3 (INCLUDING THIS COVER PAGE)**

**FILE NO.:**
87216

**PHONE NUMBER:**

**RE:**
**O'BRIEN/BUTLER V. UNITED AIRLINES, INC.**

---

NOTES/COMMENTS:

Attached please find our December 20, 2007 correspondence.  Thank you.

**CONFIDENTIALITY NOTICE:**
The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copy of this telecopy is strictly prohibited.  If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address below via the U.S. Postal Services.  Thank you.

1851 East First Street, Ninth Floor, Santa Ana, California 92705
(714) 285-9600; Fax (714) 285-9700

EXHIBIT "B"

# WORTHE HANSON & WORTHE
## A LAW CORPORATION

THE XEROX CENTRE
1851 EAST FIRST STREET
NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600
FACSIMILE: (714) 285-9700
info@whwlawcorp.com

TODD C. WORTHE
PARTNER

December 21, 2007

CLIENT NO. 87216

DIRECT DIAL: (714) 955-6960
tworthe@whwlawcorp.com

**Via Facsimile and U.S. Mail:**
Colleen O'Brien, Esq.
O'Brien & Kelleher, LLP
1655 N. Main St. Ste. 220
Walnut Creek, CA 95496

Re:    *O'Brien/Butler v. United Airlines, Inc.*

Dear Ms. O'Brien:

This is an effort to meet and confer in accordance with *Local Rules for the Northern District*, Rule 37-1. Needless to say the enclosed Statement of Ms. Afkari is troublesome to say the least. It is inconceivable that a licensed attorney in the State of California (**without a history of discipline**) would directly contact someone whom she knows to be represented by counsel after notifying her attorney that she wants to take that deposition. United Airlines, Inc., is going to move for a Protective Order preventing any further contact with any employee of United Airlines, Inc.

Please contact me upon receipt of this letter so that we may further discuss same. If I do not hear from you by close of business December 28, 2007, we will move the court Ex Parte for the relief requested.

Very truly yours,

WORTHE HANSON & WORTHE

By:

TODD C. WORTHE

TCW:gmf

# WORTHE HANSON & WORTHE
## A LAW CORPORATION

---

### FACSIMILE TRANSMITTAL SHEET

---

**TO:**
COLLEEN O'BRIEN

**FROM:**
TODD C. WORTHE, ESQ.

**CC:**

**DATE:**
DECEMBER 21, 2007

**FAX NUMBER:**
775-249-9120

**NO. OF PAGES:**
3 (INCLUDING THIS COVER PAGE)

**FILE NO.:**
87216

**PHONE NUMBER:**

**RE:**
O'BRIEN/BUTLER V. UNITED AIRLINES, INC.

---

NOTES/COMMENTS:

Attached please find our December 21, 2007 correspondence and Second Supplemental Disclosure. Thank you.

**CONFIDENTIALITY NOTICE:**

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address below via the U.S. Postal Services. Thank you.

1851 East First Street, Ninth Floor, Santa Ana, California 92705
(714) 285-9600; Fax (714) 285-9700

**HP Officejet 7410**
Personal Printer/Fax/Copier/Scanner

**Log for**
Worthe Hanson & Worthe
714-285-9700
Dec 21 2007 12:37PM

### Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Dec 21 | 12:29PM | Fax Sent | 917752499120 | 5:42 | 8 | OK |

EXHIBIT "C"

# WORTHE HANSON & WORTHE
## A LAW CORPORATION

THE XEROX CENTRE
1851 EAST FIRST STREET
NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600
FACSIMILE: (714) 285-9700
info@whwlawcorp.com

TODD C. WORTHE
PARTNER

January 2, 2008

CLIENT NO. 87216

DIRECT DIAL: (714) 955-6960
tworthe@whwlawcorp.com

Colleen O'Brien, Esq.
O'Brien & Kelleher, LLP
1655 N. Main St. Ste. 220
Walnut Creek, CA 95496

Re:    *O'Brien/Butler v. United Airlines, Inc.*

Dear Ms. O'Brien:

This follows your unsolicited attempt to secure a unilateral meet and confer, pursuant to Local Rules, Rule 37-1. Your telephone call after hours on Thursday, December 27, 2007, was as usual inappropriate.

If you truly have a substantive meet and confer discussion, then by all means schedule one and provide your authority for the subject dispute in advance.

The Notice of Deposition served by your office, and without conferring in advance in violation of *Rules of Court*, Rule 50-1, was improper. United Airlines, Inc., served an Objection thereto. Most importantly, your overbroad and open ended discovery requests do in fact seek disclosure of attorney-client privilege information. You have previously been provided with a privilege log in connection with the Initial Disclosures served pursuant to *Federal Rules of Civil Procedure*, Rule 26.

Having said that, Ms. Monica Afkari will submit for deposition on a date and time mutually selected and prior to your self-imposed discovery cut-off date of January 15, 2008. United Airlines, Inc., will also present two separate witnesses, who will serve as persons most knowledgeable relative to the overbroad subject matter in your PMK deposition notice. There will be two witnesses; one will testify as to your reservation and the other will testify as to the refund of that reservation.

If documents are to be produced they will be done so in accordance with your request which called for production on the date of the deposition. Again, those witnesses along with Ms. Afkari will be provided by your self-imposed discovery cut off date of January 15, 2008. This was previously represented in correspondence dated December 20, 2007. [In the unlikely event

WORTHE HANSON & WORTHE
A LAW CORPORATION

Colleen O'Brien
O'Brien/Butler v. United Airlines, Inc.
Page 2

you did not receive a copy of that letter, the letter and facsimile confirmation sheet are enclosed
herewith for your review.]

With respect to your deposition, on December 21, 2007, this office caused to be delivered
via facsimile and U.S. Mail, and accordance with Local Rules, Rule 50-1, correspondence
requesting a date for your deposition. Again, United Airlines, Inc., recognizes the fact that you
want to take these depositions first. We have represented to you on prior occasions that is the
case. Your deposition will follow.

I cannot stress to you that this office unlike yours has more than one file. You cannot
dictate the terms of litigation and/or demand strict compliance with your discovery in light of
your refusal to provide any courtesy and cooperation. [Please see your letter indicating that you
would provide no extension to your discovery; a copy of which is also enclosed herewith for your
review.]

Do not contact me via telephone without first setting up a substantive meet and confer
conference.

Please provide me with some available dates between January 7 and 15. Your deposition
will go forward on a unilaterally selected date unless and until you respond in accordance with
Local Rules, Rule 50-1.

Very truly yours,

**WORTHE HANSON & WORTHE**

By:

TODD C. WORTHE

TCW:gmf
Enclosures

# O'BRIEN & KELLEHER, LLP

### ATTORNEYS AT LAW
### WALNUT CREEK • VACAVILLE

**VIA OVERNIGHT MAIL**

December 10, 2007

Todd C. Worthe, Esq.
Worthe, Hanson & Worthe
1851 E. First Street, 9th Floor
Santa Ana, CA 92705

Re: *Butler v. UAL*, NDCA, C 07-04369

Dear Mr. Worthe,

Enclosed please find Plaintiffs' First Sets of Requests for Admissions, Special Interrogatories, and Request for Inspection and Production of Documents. I read in your letter of December 4 that your office is very busy in December and January. That is unfortunate (and fortunate); however, the court-imposed deadline for dispositive motions makes it imperative for me to get all the requested discovery from your client by very early January. The court said in its order after CMC that discovery can go forward and set tight deadlines for dispositive motions with an eye toward trial. I will need all this discovery in early January not just for the opposition to your summary judgment motion, but the MSJ I anticipate filing which will also be due in January. My time is extremely limited as I have a jury trial scheduled at the end of January. I also do not want to pay for any rush transcripts so I urge that we plan ahead. This means I will not be able to grant any extensions of time on my discovery requests, and you should prioritize on all these requests accordingly.

I believe Ms. Afkari (or Afkart's) first name is "Monica". Her employee ID Number when she worked for United was U121217. Please let me know one way or the other if she still works for United and if I should notice her deposition through you. If not, I will just subpoena her.

I do not believe the information I obtained from you is comprehensive. For example, I only have the Electronic Ticket Information System for one ticket, not two. I am also missing at least one letter from Elena Daniel from November of 2006. Most importantly, the documents you have provided to me are incomplete. I do not have the entire PNR for ticket numbers 0162140207653 and 0162140207654, and I do not have the entire electronic ticket history/itinerary for these reservations. In fact, you 26(f) disclosures indicate that you have provided the PNR for a ticket number "0164066700850". Please provide complete copies of these documents. I am happy to confer with you by telephone if any of these items are unclear. Thank you for your prompt attention to these requests.

● Page 2                                                    December 10, 2007


Very Truly Yours,
**O'Brien & Kelleher, LLP**

Colleen O'Brien
Attorney for Plaintiffs

# WORTHE HANSON & WORTHE
## A LAW CORPORATION

THE XEROX CENTRE
1851 EAST FIRST STREET
NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600
FACSIMILE: (714) 285-9700
info@whwlawcorp.com

TODD C. WORTHE
PARTNER

December 21, 2007

CLIENT NO. 87216

DIRECT DIAL: (714) 955-6960
tworthe@whwlawcorp.com

**Via Facsimile and U.S. Mail:**
Colleen O'Brien, Esq.
O'Brien & Kelleher, LLP
1655 N. Main St. Ste. 220
Walnut Creek, CA 95496

     Re:    *O'Brien/Butler v. United Airlines, Inc.*

Dear Ms. O'Brien:

    Due to the incredible amount of discovery you have been propounding on this very straightforward matter, we feel it necessary to conduct your deposition. We will take your deposition at the following location: Barkley Court Reporters, 222 Front Street, Ste. 600, San Francisco, CA 94111, and on a mutually convenient date prior to your self-imposed discovery cut-off of January 15, 2008. Since you noticed the depositions of the United employees first, you may take those depositions first and we will follow with yours. Please provide this office with available dates presumably on Monday, January 14 and Tuesday, January 15. I will try to coordinate the United Airlines' employee depositions for the week of Monday, January 7, 2008.

    This is an attempt to meet and confer in accordance with *Civil Local Rules of the Northern District*, Rule 50-1. We have no problem with you waiting for a reply until such time as United Airlines, Inc., provides me with available dates for their depositions. However, you are on notice that we will conduct your deposition prior to your self-imposed deadline of January 15, 2008.

                  Very truly yours,

                  WORTHE HANSON & WORTHE

By:

                  TODD C. WORTHE

TCW:gmf

**HP Officejet 7410**
Personal Printer/Fax/Copier/Scanner

**Log for**
Worthe Hanson & Worthe
714-285-9700
Dec 21 2007 11:30AM

Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Dec 21 | 11:28AM | Fax Sent | 917752499120 | 1:32 | 2 | OK |

# WORTHE HANSON & WORTHE
## A LAW CORPORATION

THE XEROX CENTRE
1851 EAST FIRST STREET
NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600
FACSIMILE: (714) 285-9700
info@whwlawcorp.com

TODD C. WORTHE
PARTNER

December 20, 2007

CLIENT NO. 87216

DIRECT DIAL: (714) 955-6960
tworthe@whwlawcorp.com

**Via Facsimile and U.S. Mail:**
Colleen O'Brien, Esq.
O'Brien & Kelleher, LLP
1655 N. Main St. Ste. 220
Walnut Creek, CA 95496

      Re:    *O'Brien/Butler v. United Airlines, Inc.*

Dear Ms. O'Brien:

I did not receive your telephone call or message. Thank you for your correspondence of December 19, 2007. The Notice of PMK Deposition was unilaterally scheduled on January 8, 2008, in your office. The Request for Production of Documents requested production of documents at the same time and location. United Airlines, Inc., served its written Response to the incredibly overbroad Request for Production of Documents. The Responses indicate that United Airlines, Inc., will produce all "non-privileged" documents relating to the claim. Those documents "assuming they exist" will be produced at the time United Airlines, Inc., presents its PMK.

United Airlines, Inc., has complied with *Federal Rules of Civil Procedure*. Rule 26. All documents within its possession, custody and control have been produced.

If other documents exist and are responsive to your Requests for Production in connection with the PMK Deposition they will also be produced. Keep in mind you have also served an unbelievable and unnecessary amount of written discovery including seventy three (73) separate Requests for Admission of Fact and Genuineness of Documents, ten (10) separate Requests for Production of Documents, two (2) sets of Special Interrogatories. You have refused to provide our client with an extension of time during the discovery process.

I cannot provide you with the person's name as we are attempting to locate the PMK. I do not know of any authority which requires United Airlines, Inc., to do so prior to the

WORTHE HANSON & WORTHE
A LAW CORPORATION

Colleen O'Brien
O'Brien/Butler v. United Airlines, Inc.
Page 2

deposition. More importantly, you are demanding a deposition of a employee who you claim has some involvement with your predicament. We have located this person. However, the time frame which you have demanded may not work out.

You may also remember that you served a Notice of Unavailability for the period of January 28, 2008, through February 22, 2008. I highly doubt your State Court authority would be persuasive before the United States Magistrate Judge.

United has complied with *Federal Rules of Civil Procedure*, Rule 26. United has advised you that you will have the depositions you have requested. It may not occur on your unilaterally selected date. Rest assured, we will endeavor to provide both witnesses well in advance of your deadline of January 15, 2008. I will get back to you once I determine Ms. Afkari's schedule and who the PMK will be. You do not have to notice these depositions and the witnesses will be provided without reference to any statutory notice. This courtesy will be given despite your inability to do the same.

If you believe this does not respond to your query, then by all means, file your Motion to Compel. At this point, you have no grounds and United Airlines, Inc., will seek all appropriate monetary sanctions incurred with any opposition to a frivolous motion which has no basis.

If you still have difficulty with the concept that you cannot dictate the terms of this litigation, then by all means give me a call. Otherwise, you will have your depositions by January 15, 2008, and I will try to get some dates by the end of the week. However, if I do not provide you with dates by the end of the week you should think twice before engaging in law and motion; in light of your letter refusing to provide any discovery extensions notwithstanding the extensive amount of discovery you have served.

I trust this addresses your concern(s).

Very truly yours,

WORTHE HANSON & WORTHE

By:

TODD C. WORTHE

TCW:gmf

**HP Officejet 7410**
Personal  Printer/Fax/Copier/Scanner

**Log for**
Worthe  Hanson  &  Worthe
714-285-9700
Dec  20  2007  10:52AM

### Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Dec  20 | 10:50AM | Fax  Sent | 917752499120 | 2:27 | 3 | OK |

EXHIBIT "D"



# O'BRIEN & KELLEHER, LLP

### ATTORNEYS AT LAW

### WALNUT CREEK • VACAVILLE

**Via FAX – (714) 285-9700**

January 13, 2008

Todd C. Worthe, Esq.
Worthe Hanson & Worthe
1851 E 1st St 9FL
Santa Ana, CA 92705

Dear Mr. Worthe:

Please be advised that because of the conduct you displayed towards me and my colleague at the depositions on Friday, January 11, 2008, the Depositions of Plaintiffs Colleen O'Brien and Noah Butler are suspended, and Plaintiffs will not appear for deposition on either Monday, January 14, 2008 or Thursday, January 17, 2008, pursuant to FRCP 26(c), 30(d)(4), and 37(d)(2), so that Plaintiffs can file a motion for a protective order and for sanctions.

Again, Plaintiffs will not appear pending the outcome of a motion for a protective order and sanctions to be filed with the court as soon as practicable. You should take all immediate steps to cancel the court reporter and videographer. I am notifying you of the suspension by facsimile and by telephone call to your office.

The court has not set a deadline for the close of discovery, so suspending the depositions will not work any hardship on your client. I am aware, however, that the court's deadline for filing a summary judgment motion approaches. If you wish to file a motion to continue the summary judgment hearing pending the outcome of Plaintiffs' motion and until such time as the depositions of Plaintiffs can be conducted, I will not oppose that motion.

In the meantime, if you wish to conduct a deposition on written questions, Plaintiffs will respond to that request.

Very truly yours,
**O'Brien & Kelleher, LLP**

Colleen O'Brien

---

EXHIBIT "E"

# WORTHE HANSON & WORTHE
## A LAW CORPORATION

THE XEROX CENTRE
1851 EAST FIRST STREET
NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600
FACSIMILE: (714) 285-9700
info@whwlawcorp.com

TODD C. WORTHE
PARTNER

January 14, 2008

CLIENT NO. 87216

DIRECT DIAL: (714) 955-6960
tworthe@whwlawcorp.com

## Via Facsimile and U.S. Mail:
Colleen O'Brien, Esq.
O'Brien & Kelleher, LLP
1655 N. Main St. Ste. 220
Walnut Creek, CA 95496

Re:    *O'Brien/Butler v. United Airlines, Inc.*

Dear Ms. O'Brien:

I have your correspondence of Sunday, January 13, 2008, for reference. I appreciate your position but once again you are totally incorrect. One has nothing to do with the other. The deposition of Ms. Afkari was suspended due to your improper line of questioning which has nothing to do with the merits of your Complaint. Your conduct was harassing and I welcome the opportunity to review your conduct with the trial court. The Motion for Protective Order relative to any further deposition for Ms. Afkari will be heard simultaneously with any Motion to Compel. Furthermore, based on the evidence presented thus far, your deposition and that of your husband are unnecessary. Your own credit card company has confirmed that United Airlines, Inc., was not paid for your alleged "rebill."

Good luck.

Very truly yours,

**WORTHE HANSON & WORTHE**

By:

TODD C. WORTHE

TCW:gmf

**HP Officejet 7410**
Personal  Printer/Fax/Copier/Scanner

**Log for**
Worthe  Hanson  &  Worthe
714-285-9700
Jan  14  2008  10:50AM

## Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Jan  14 | 10:48AM | Fax  Sent | 917752499120 | 1:28 | 2 | OK |