Colleen O'Brien (Bar No. 215514)
O'Brien & Kelleher, LLP
1655 N. Main St, Suite 220
Walnut Creek, CA 94596-4642
Telephone: (925) 280-1250
Fax: (775) 249-9120
colleen@EastBayAttorneys.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NOAH BUTLER, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED AIR LINES, INC.,<br><br>        Defendant. | Case No.: C07-04369 CRB<br><br>DECLARATION OF COLLEEN O'BRIEN IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND IN SUPPORT OF PLAINTIFFS' REPLY TO MOTIONS FOR SANCTIONS AND A PROTECTIVE ORDER<br><br>Hearing Date: February 29, 2008<br>Time: 8:30 a.m.<br>Courtroom No.: 8, 19th Floor |

I, Colleen O'Brien, declare as follows:

1. I am a resident of Oakland, California, and an attorney licensed and practicing in Walnut Creek, California. I am a member of the state bars of California and Pennsylvania. I have personal knowledge of the facts set forth below, and if called as a witness I would testify truthfully as follows:

2. I am familiar with the exhibits attached to this declaration as Exhibit numbers 32-41, and they are true and correct copies of my documents, my phone records, depositions I took, the documents I have received from United in discovery in this matter, and documents with which I am familiar.

3. I was aware in December 2007, that, as a party, the Rule of Professional Conduct regarding contact with a represented party—Rule 2-100—does not apply to a lawyer who is also a party.

4. Despite my awareness of that rule and my rights as a party, I decided to hold myself voluntarily to the attorney professional standard for conduct.

5. I never contacted Ms. Afkari in November 2007, as she claims. I initiated only two phone calls to Ms. Afkari: the first was at a phone number for a "Derrick Stockton" at 510.222.6930 on December 6, 2007 at 2:50 p.m., for a duration of 1 minute or less. I did not speak to anyone. I left a message identifying myself by first and last name and asking if there was an "Afkari" there who used to work for United Air Lines, and I left my phone number.

6. The second call I made to Afkari was to a cell phone that she had given me when she had called me on December 6. That second call was on December 17, 2007 at 3:57 p.m., for a duration of 2 minutes during which I attempted again to ascertain if Ms. Afkari was still or ever employed by United Air Lines. These calls were only made to determine whether this person named "Afkari" was the right person and whether Afkari still worked for United, because on December 4, 2007, Mr. Worthe had written to me complaining that I did not give him a first name for "Afkari" and stating he did not know if she still worked for United. That letter left me with the impression that the burden was on me to find Afkari and supply him with a first name.

7. <u>On December 6, 2007, contrary to her sworn testimony, Ms. Afkari initiated four telephone calls to me at my home, one of them from her home number and three from her cell phone number 818.808.8415 (her deposition confirms this is her cell phone number).</u> See Exhibits 36 and 41, showing all four calls from Afkari on December 6, 2006. I terminated the calls from Afkari because Afkari would not tell me whether or not she still worked for United. In fact, the distinct impression I had (until Mr. Worthe told me he was representing Ms. Afkari on December 19) was that she did not work for United. She never mentioned "United's Legal Department" during any phone call. I told her repeatedly during our short calls that I was a lawyer, and did not want to talk to her if she still worked for United. It is possible she was somewhat confused about what I was saying and thought I was referring to "my lawyers" because neither of us was being very clear. For my part, the reason I was not being very clear is that I did not want to discuss the subject matter of the litigation with Ms. Afkari if she still worked for United. She did

not want to tell me if she still worked for United, so I ended the calls. She never told me not to call her again until December 17, and I never did call her after that date. I never discussed the subject matter of the representation with Afkari as UAL claims, even though I had every right to as a party to the litigation.

8. I was deposing Ms. Afkari about these exact facts (which formed the alleged basis for Mr. Worthe's ex parte motion for a protective order) when Mr. Worthe terminated her deposition and insulted me at length on the record and in front of other people.

    I declare under penalty of perjury of the laws of the state of California that the foregoing is true and correct.

Date: February 8, 2008    _____/s/_____
                                                     Colleen O'Brien
                                                     Attorney for Plaintiffs and Plaintiff

DECLARATION OF COLLEEN O'BRIEN IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND IN SUPPORT OF PLAINTIFFS' REPLY TO MOTIONS FOR SANCTIONS AND A PROTECTIVE ORDER