Colleen O'Brien (Bar No. 215514)
O'Brien & Kelleher, LLP
1655 N. Main St, Suite 220
Walnut Creek, CA 94596-4642
Telephone: (925) 280-1250
Fax:  (775) 249-9120
Email: colleen@eastbayattorneys.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NOAH BUTLER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED AIR LINES, INC.,<br><br>　　　　Defendant. | Case No.: C07-04369 CRB<br><br>REPLY TO DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS<br><br>Judge: Hon. Charles R. Breyer<br>Date: February 29, 2008<br>Time: 8:30 a.m.<br>Place: Courtroom 8, 19th Floor |

PLAINTIFFS hereby reply to DEFENDANT UNITED AIR LINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR PROTECTIVE ORDER and for SANCTIONS as follows.

1. Plaintiffs disagree with Mr. Worthe's account of and views on how they have prosecuted this litigation.  They will not go into extensive detail to rebut his allegations, except to note the items below and to point out that Mr. Worthe does not deny he abused Ms. O'Brien: he simply argues he was justified because he disagrees with her position, thinks her case is "frivolous", and thinks she is "unprepared".

2. Defendant also claims that his abusive treatment is justified because Plaintiff and Plaintiff's counsel's conduct rose to the level of "harassment" because she is alleged to have repeatedly contacted a UNITED employee, Monica Afkari, "at her private residence".  Mr. Worthe never cites to any authority for his proposition that this alleged contact at one's home is

1  "harassment", and the tenuousness of his legal position is underscored in PLAINTIFFS'
2  OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR A PROTECTIVE
3  ORDER, which is incorporated into this response.
4  3. Ms. O'Brien will not go into great detail about why her actions have been completely
5  proper at all times, but will offer a couple of points for the record, as Mr. Worthe seems to
6  suggest that Ms. O'Brien's contact with Ms. Afkari rose to civil harassment and that Ms.
7  O'Brien was unjustified in asking her about the contact and Afkari's sworn declaration.
8  4. First, Ms. O'Brien was aware that as a party, the Rule of Professional Conduct regarding
9  contact with a represented party—Rule 2-100—does not apply to her in this case.
10 5. Nevertheless, Ms. O'Brien voluntarily held herself to the attorney standard for conduct.
11 Ms. O'Brien initiated only two phone calls to Ms. Afkari: the first was on December 6, 2007 at
12 2:50 p.m., for a duration of 1 minute or less, during which Plaintiff left a message identifying
13 herself by first and last name and asking if there was an "Afkari" there who used to work for
14 United Air Lines; the second call to Afkari was to a cell phone on December 17, 2007 at 3:57
15 p.m., for a duration of 2 minutes during which Plaintiff attempted again to ascertain if Ms.
16 Afkari was employed by United Airlines. These calls were only made to determine whether
17 this person named Afkari was the right person and whether Afkari still worked for United,
18 because on December 4, 2007, Mr. Worthe had written to Plaintiffs counsel saying he did not
19 have a first name for Afkari and he did not know if she still worked for United. <u>On December
20 6, 2007, contrary to her sworn testimony, Ms. Afkari initiated four telephone calls to Ms.
21 O'Brien, one of them from her home number and three from her cell phone.</u> Ms. O'Brien
22 terminated the calls from Afkari because Afkari would not tell her whether or not she still
23 worked for United. Ms. O'Brien never discussed the subject matter of the representation with
24 Afkari as UAL claims, even though she had every right to as a party to the litigation.
25 5. Ms. O'Brien was deposing Ms. Afkari about theses exact facts (which formed the alleged
26 basis for Mr. Worthe's ex parte motion for a protective order) when Mr. Worthe terminated her
27 deposition and insulted Ms. O'Brien at length on the record and in front of other people. The
28

1  court can see from that videotape which has been lodged with this court that Ms. Afkari does
2  not appear to be uncomfortable or harassed.
3  6. Defendant's attorney, Todd Worthe, claims that Plaintiffs failed to meet and confer before
4  filing Plaintiffs' Motions for Sanctions and for a Protective Order   In fact, the meet and confer
5  attempts are detailed in Plaintiffs' motions.  Plaintiff asked Mr. Worthe to discuss the
6  termination of the deposition and he replied "don't talk to me".  Prior to this, he said on the
7  record:

> - It's over.  Get a protective order.  Game over.  Let's go home.
> - You have made nothing but an absolute joke of this profession, absolutely.  You want to compel this deposition, you do it in front of the judge.  Let's get that handled right now.  This is done.
> - I would love for you to get the judge on the phone.  Do it on Monday with somebody who cares.
>
> DEPOSITION OF MONICA AFKARI, page 36.

7. Defendant's attorney, Todd Worthe, is misstating the facts when he claims that he was informed that "Plaintiff is independently wealthy" and that they "do this for fun."  In fact, Mr. Kelleher stated, during an off the record conference when questioned by Mr. Worthe as to why he was "wasting his day" at the deposition, that he himself was independently wealthy, and made no reference to Plaintiffs or Ms. O'Brien either being independently wealthy or "do[ing] this for fun".

Respectfully submitted,

Date: _____8 Feb 08_____        _____/s/_____
                                            Colleen O'Brien
                                            O'Brien & Kelleher, LLP
                                            Attorneys for Plaintiffs