Colleen O'Brien (Bar No. 215514)
O'Brien & Kelleher, LLP
1655 N. Main St, Suite 220
Walnut Creek, CA 94596-4642
Telephone: (925) 280-1250
Fax: (775) 249-9120
colleen@EastBayAttorneys.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NOAH BUTLER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED AIR LINES, INC.,<br><br>    Defendant. | Case No.: C07-04369 CRB<br><br>PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANT UNITED AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT<br><br>Date: February 29, 2008<br>Time: 8:30 a.m.<br>Courtroom No.: 8, 19th Floor |

PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANT UNITED AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

    Plaintiffs object to the Declaration of Mina Taheri submitted by Defendant United Air Lines, Inc. The Declaration of Mina Taheri submitted in support of Defendant's Motion for Summary Judgment is not competent, lacks knowledge and a proper foundation, contains unauthenticated matter, contains hearsay statements and irrelevant matter, is not more probative than prejudicial on any point and should be stricken in its entirety.

    Ms. Taheri's alleged "personal knowledge" is based entirely her review in the course of this litigation of documents that are not difficult for a layperson to read, and to the extent they are relevant, do not need an "interpreter" from United. This court is requested to strike the entire Declaration of Mina Taheri. Failing that, this court is requested to strike portions of that

declaration that fail to meet the standards articulated in the Federal Rules of Evidence for admissible evidence:

1. Paragraph 1 indicates that Mina Taheri is familiar with the facts and circumstances surrounding the allegations contained within the Complaint of Plaintiffs. She lacks knowledge as she did not ever examine any of the documents in this case until after August or December 2007, well after the litigation was filed. See Declaration of Colleen O'Brien in Opposition to Defendant's Motion for Summary Judgment, Exh. 32, 136:3-15; 147:4-16

2. Paragraph 3 indicates that Ms. Taheri has reviewed and attached documents such as the "passenger name record" that are not included in her exhibits, again, underscoring her lack of knowledge and the lack of foundation for her entire testimony.

3. Paragraph 5 indicates that "the tickets were not paid for". That statement lacks foundation and knowledge, and contains pure speculation. It is unsupported by any document.

4. The entirety of Paragraphs 6-8 lack foundation and knowledge, and contain pure speculation. They are unsupported by any document. This fact is underscored by Paragraph 9 in which Taheri indicates she contacted Chase Bank in January 2008 "in an effort to determine what happened".

5. Paragraph 10 lacks foundation and knowledge, appears to be based on hearsay, and is irrelevant to Plaintiff's claims.

6. The entirety of Paragraphs 11-14 lack foundation and knowledge, and contain pure speculation. They are unsupported by any document. This fact is underscored by Paragraph 9 in which Taheri indicates she contacted Chase Bank in January 2008 "in an effort to determine what happened".

7. Exhibit A is a number of irrelevant and unauthenticated documents, some of which contain hearsay that actually contradicts the documents themselves. The first page contains hearsay but also tends to show that "Merchant Services" rejected United's response to the first "chargeback", siding with Plaintiffs, a fact that is not in dispute. The second page appears to be a request for information from UAL. The third and fourth pages also indicate unauthenticated hearsay and unexplained relevance. The fifth page lacks relevance to this dispute as it relates to the earlier

(April 2006) reservation. The same is true of the sixth and seventh pages. The same is true of the eighth page, which also contains hearsay. The ninth and tenth pages are duplicates of earlier pages. The eleventh, twelfth, and thirteenth pages indicate unauthenticated hearsay and unexplained relevance. The fourteenth-through-eighteenth pages all contain unexplained hearsay statements that contradict the documents themselves (e.g. documents which describe themselves as "first chargeback" have "second chargeback" written on them in an out-of-court hand). These documents all appear to have something to do with UAL's attempts to get credits from Chase. Their relevance to this case is incomprehensible. (UAL could not have been debited twice as it claims before Plaintiffs initiated their second dispute on July 19, 2006—well over a month after UAL claims to have been double-billed in May or June.)

8. Exhibit B is an unauthenticated email string from January 2008 that is hearsay, hearsay within hearsay, lacks a proper foundation and is irrelevant to the matter at hand. It was developed for this litigation and can meet no business record exception. Plaintiffs do not dispute that UNITED would have been charged back twice for the tickets after July 19, 2006 as there were two disputes initiated by Plaintiffs.

Date:  8 Feb 08                                            Respectfully Submitted,


_____/s/_____
Colleen O'Brien
O'Brien & Kelleher, LLP
Attorney for Plaintiffs