Colleen O'Brien (Bar No. 215514)
O'Brien & Kelleher, LLP
1655 N. Main St, Suite 220
Walnut Creek, CA 94596-4642
Telephone: (925) 280-1250
Fax:  (775) 249-9120
colleen@EastBayAttorneys.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NOAH BUTLER, et al.,<br><br>                  Plaintiffs,<br><br>         v.<br><br>UNITED AIR LINES, INC.,<br><br>                  Defendant. | Case No.: C07-04369 CRB<br><br>PLAINTIFFS' REPLY TO DEFENDANT UNITED AIR LINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date:  February 29, 2008<br>Time:  8:30 a.m.<br>Courtroom No.:  8, 19th Floor |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**

**1.  PLAINTIFFS ARE ENTITLED TO A GRANT OF PARTIAL SUMMARY JUDGMENT, AS UNITED'S ADMISSIBLE SUBMISSIONS DO NOT GIVE RISE TO ISSUES OF CONTESTED FACT.**

At this point in the briefing, it is likely apparent to the court why this case could not be resolved without litigation, why it is still in litigation, why Plaintiffs' Motion for Partial Summary Judgment should be granted, and why a consumer remedy that provides for punitive damages and attorneys' fees is so desperately called for in this case.

Plaintiffs have ample documentary evidence of the June 3, 2006 re-bill by DEFENDANT UNITED AIR LINES, INC. (hereinafter, "UNITED" or "UAL"), they have their e-ticket receipts and itineraries and their credit card statements, and they have the only witness testimony of what transpired on that date.  Those documents and that testimony are not contradicted by admissible,

competent evidence or contrary first-hand statements.  UNITED has no evidence to support its claim that it did not re-bill Plaintiffs on June 3, 2006, other than its claim that the re-bill was not done in accordance with UNITED's practice.

Plaintiffs presented all their evidence to UNITED (evidence to which UNITED had equal access) long before these cross-motions for summary judgment were filed.  Rather than attempting to resolve this issue with Plaintiffs or to discuss it with them, UNITED ignored Plaintiffs for a year.  UNITED never responded to Plaintiffs' Consumer Legal Remedies Act Notice, or to any of the multiple letters written to UNITED by Plaintiffs, presumably because UNITED believes that deregulation provides it with immunity from suit, and that it will be too expensive and complicated for a passenger to sue it.  When Plaintiffs did finally file suit after a year a being ignored by UNITED (the limitations period called for in UNITED's own contract of carriage), Plaintiffs were called "thieves" and "unethical" by UNITED's first lawyer, then treated to abuse and ridicule by UNITED's second lawyer.

For the first time, in the course of these summary judgment motions—long after Plaintiffs spent over a year-and-half writing to and calling UNITED in an attempt to resolve their legitimate claims—UNITED is claiming to this court and to Plaintiffs that it did not bill them and that it was not paid by their credit card company for their tickets.  It is undisputed that this scenario (which is contradicted by Plaintiffs' credit card bills) was concocted by UNITED in December 2007 and January 2008, and was never claimed by UNITED in the preceding year-and-a-half.

UNITED's current position is both incredible and unlikely: it requires an extraordinary amount of coincidence, it requires one to ignore all the documentary evidence to the contrary, it requires incompetence and neglect by the both the credit card company and UNITED, and it also requires one to disregard entirely the testimony of Ms. O'Brien that she telephoned UNITED, spoke with a UNITED agent, and re-contracted with UNITED for tickets on June 3, 2006.

Looking at the filings, it is clear Plaintiffs have presented evidence that they were the victims of fraud/misrepresentation, suffered emotional distress, were the victims of UNITED's breach.  There can be no summary judgment for UNITED on these claims. The only remaining question is whether UNITED has presented any evidence sufficient to survive Plaintiffs' Motion for Partial Summary Judgment.

PLAINTIFFS' REPLY TO DEFENDANT UNITED AIR LINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

**2.  PLAINTIFFS HAVE ESTABLISHED THE CONTRACT AND CONSIDERATION.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First, it must be noted that UNITED cites to no law for its novel proposition that consideration requires receipt of payment.

Second, the only admissible, competent evidence confirms Ms. O'Brien's accounts of the June 3, 2006 reservation and credit card payment, which establish the contract.  Ms. O'Brien is the only competent witness as to what transpired on that date.  Plaintiffs' Exhibits 8, 9, 10, 11, 12, 34, and 35[1]—all of which are UNITED-generated documents— all support her account. United has no evidence, such as documents or witness declarations, to show that the June 3, 2006 conversation did not take place and that Plaintiffs were not rebilled, other than the assertion of UNITED's attorney, "UNITED has no record of any telephone purchase by Ms. O'Brien on this date." UAL Opp. at 6:11-12.  Significantly, UNITED is arguing only against the purchase of a new ticket on June 3, 2006: no one disputes that there was telephone contact between the parties on that date or that billing appeared on Plaintiffs' credit card on June 3, 2006.  UNITED does not offer the transcript of the June 3, 2006 telephone call or testimony of the agent to contradict Ms. O'Brien's account, even though it is clear from Plaintiffs' Exhibit 35 that an agent "V008742" performed two separate actions on June 3, 2006: a "reval" and a "created".  Ms. O'Brien's account is the only one in evidence, and summary judgment should be granted on the contract claim.

UNITED states, "On June 3, 2006, *after* UNITED's account was debited by plaintiff's credit card company, UNITED contacted O'BRIEN regarding a schedule change."  UAL Opp. at 2:14-19.  This is the unsupported assertion of UNITED's attorney who is not competent to testify in this matter—not even Ms. Taheri says this anywhere in her speculative declaration.  There is no evidence whatsoever to support this important factual claim.  Further, how exactly does UNITED's lawyer know whether this spontaneous and unexplained "re-billing" by the credit card company took place *before or after* this alleged contact by UNITED?  There are no billing times on Plaintiffs' credit card statement, and UNITED is alleged to have known nothing about this rebill.  It could not know the order of these events by its own account.  It should be noted

---

[1] For ease of reference, Plaintiffs will refer to the numerically ordered documents attached to the DECLARATIONS OF COLLEEN O'BRIEN submitted in support of Plaintiffs' Motion for Partial Summary Judgment and in opposition to Defendant's Motion for Summary Judgment by Plaintiffs Exhibit Number.

PLAINTIFFS' REPLY TO DEFENDANT UNITED AIR LINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER

1  that UNITED is careful not to specify whether that alleged contact was by phone or email.

2  Neither Plaintiffs nor UNITED have any record of that contact initiated from UNITED to

3  Plaintiffs because it never happened.

4          Further, if the June 3, 2006, phone call was from UNITED to Plaintiffs to advise of a

5  schedule change, why would UNITED have sent both Exhibits 9 <u>and</u> 10 within minutes of each

6  other?  UNITED's own PNR (Exhibit 34) indicates that both these emails were sent at Ms.

   O'Brien's request.  There is no schedule change whatsoever on Exhibit 9[2], only "E-ticket

7  Receipt" billing information.  Plaintiffs' Exhibit 1 (the April 23, 2006 E-ticket Receipt) and

8  Exhibit 9 (the first June 3, 2006 email, the E-ticket Receipt) are identical in terms of the fare and

9  charge information and the flight numbers and departure times.  Exhibit 10 (the second June 3,

10 2006 email) reflects the schedule changes, new flight numbers and the new seat assignments.

   Exhibit 10 does not have the fare and charge information that Exhibit 9 has.  Exhibits 1 and 9

11 describe themselves as "E-ticket Receipts"; Exhibit 10 does not.  If Plaintiffs had not spoken to

12 United on June 3, 2006 and United had not agreed to rebill them for their tickets following the

13 dispute, there would have been no reason to send Exhibit 9.  The only reason Exhibit 9 exists and

14 was sent at all is as proof of the rebill.  Tellingly, UNITED does not discuss the corroborative

15 nature of these two June 3 emails anywhere in its opposition.  It does not discuss its own PNR

16 which says, "email(s) requested, (rcvd)".

17         This June 3, 2006 is the exact same day on which UNITED claims (speculates),

18 ""Plaintiffs credit card company may have re-billed O'BRIEN's credit card in the amount of

19 $838.38.  However, UNITED had no part in that re-billing and was not credited for that amount."

   Defendant's Opposition to Plaintiffs' Motion for Partial Summary Judgment at 2:27-28.  This

20 position is absurd: believing UNITED's unsupported speculation here requires this court to

21 ignore all of Ms. O'Brien's documentary evidence, her first-hand account of what happened on

22 that date, and to further accept that the Plaintiffs' credit card company—randomly and without

23 reason—spontaneously rebilled Plaintiffs in United's name on a random day a month-and-a-half

24

25

26 _____

   [2] Plaintiffs erroneously identified the two June 3 emails in their moving papers as Exhibits 8 and 9; they are actually

27 Exhibits 9 and 10.  Exhibit 9 is the E-Ticket Receipt and Exhibit 10 is the schedule change.  Exhibit 8 is the earlier

28 April 23, 2006 E-ticket Receipt.

PLAINTIFFS' REPLY TO DEFENDANT UNITED AIR LINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER

1

2
before the flight, which, coincidentally, is the exact same day on which Plaintiffs contact

UNITED and receive a new E-ticket Receipt.

3

4
        There is no evidence to indicate that United has "no record" of the June 3, 2006 call, as

UNITED's lawyers claim.  No competent evidence is offered on this point.  In fact, United

5

6
should have records of all the calls of all the transactions, to include April 23, 2006 and June 3,

2006.  However, given that it does not even have a record of refusing Plaintiffs' boarding passes,

it not surprising it does not have records as to any of the other contacts with Plaintiffs.  However,

7

8
Plaintiffs do have records that confirm and establish their contacts.  UNITED's alleged absence

of corroborating evidence is not evidence of anything.

9

10

11
## 3.  UNITED HAS NO EVIDENCE THAT PLAINTIFFS' OWN CREDIT CARD COMPANY 'REBILLED' THEM.

12

13

14
        Even if the Email string supplied by Mina Taheri were not inadmissible hearsay, it would

not be probative on any point because Plaintiffs do not have any relationship to "Cyril Ferguson"

and "ChasePaymentech Solutions, LLC".  Plaintiffs have no idea what or who that person or

15

16
LLC is and no idea what relevance Ms. Taheri's emails to them regarding "duplicate

chargebacks" alleged to have taken place in May and June 2006 have to do with anything

17
relevant to this motion.[3]

18

19
## 4.  PLAINTIFFS PAID FOR THEIR TICKETS.

20

21
        Plaintiffs paid for their tickets twice, not once, as UNITED argues.  They were billed the

first time on April 23, 2006 and paid the entire bill for that month.  They were billed on June 3,

22

23

24

25

26

27

28
[3] UAL does not explain why it must be presumed competent when it comes to billing or charges when it woul have

one believe it regularly loses thousands or hundreds of thousands of dollars through its negligent handing of

chargebacks.

PLAINTIFFS' REPLY TO DEFENDANT UNITED AIR LINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER

2006 and paid the entire bill on of $2,445.00 June 10, 2006.  Exhibit 11.   They disputed the charges twice—once on or about May 1, 2006 and once on or about July 19, 2006.[4]

## 5.  PLAINTIFFS DO NOT CLAIM THAT UNITED AGENTS "MODIFIED, ALTERED, OR WAIVED" ANY PROVISIONS OF THE CONDITIONS OF CONTRACT.

Defendant claims that the missed flight scenario in *Wittenberg v. Eastern Airlines, Inc.*, 126 F.Supp. 459 (D.C.S.C. 1954) is "similar" to the issue in this case.  In *Wittenberg*, the Plaintiff flew on a plane.  Here, there was no flight.  Plaintiffs' claim is that they bought tickets and fulfilled the terms of the bargain by allowing their card to be billed.  They do not argue for an alteration or modification; they allege they did everything they were required to do and were assured by UNITED that they had tickets.

## 6.  PLAINTIFF O'BRIEN'S ACCOUNTS OF PHONE CONVERSATIONS SHE HAD WITH DEFENDANT ARE NOT "HEARSAY".

Plaintiffs' testimony about their conversations with the airlines are not "hearsay" statements; they are fact witnesses and the testimony is about operative conduct, and to show that the words were spoken.

## 7.  PLAINTIFFS' CONSUMER CLAIMS HAVE NOTHING TO DO WITH DIRECT STATE REGULATION OF AIR CARRIER "MARKETING".

This case does not involve direct state regulation of air carrier marketing as in *Wolens*.

---

[4] If anything UAL was claiming with regard to any of these "chargebacks" made any sense, then UAL should actually be out more money than it claims.  Plaintiffs did not dispute the charges until July 19, 2006, after they were not permitted to fly and they were unable to resolve it with UAL.  All Ms. Taheri's handwritten chargebacks are from May and June 2006.  Where is the third alleged set of"chargebacks"?  Nevertheless, the fact remains that none of this alleged chargeback activity or negligence argued by UAL has anything do with Plaintiffs and everything to do with United and its negligence in handling charges and its accounts.

PLAINTIFFS' REPLY TO DEFENDANT UNITED AIR LINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

*Wolens* involved a large plaintiffs' class action suit alleging that an application of changes to mileage credits they had previously accumulated violated the Illinois Consumer Fraud and Deceptive Business Practices Act and constituted a breach of contract.

Here, Plaintiffs have moved for summary judgment not on a "marketing" theory, but under the consumer legal remedies act, which provides that its purpose is to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection. That act provides for a defendant to have a chance to cure its breach. UNITED has every opportunity to do that, and refused. What has followed from that refusal has been unfair to Plaintiffs, involved deception on the part of UNITED, and has been highly inefficient and uneconomical.

UNITED has not demonstrated what effect Plaintiffs' private prosecution of fraud and other torts would have on the price of a ticket, airline rates, or how that effect would have "an immediate and massive effect on the prices charged by air carriers" as UNITED claims. That demonstration is required in this Circuit, as demonstrated in PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT, incorporated into this response. However, the benefit to consumers such as Plaintiffs would be significant. Perhaps UNITED would think again before refusing to make other arrangements for or to compensate Plaintiffs for their losses. Perhaps United would cease believing that it is immune from suit under the Consumer Legal Remedies Act, and that Plaintiffs can only ever recover in contract from them.

**8. FRE 803(6) DOES NOT PERMIT DEFENDANT TO INTRODUCE CONCLUSORY, SELF-SERVING AFTER-THE-FACT EMAILS AS BUSINESS RECORDS.**

Ms. Taheri's emails with Cyril Ferguson are not records of regularly conducted activity, and they are not relevant to the question of whether UNITED billed Plaintiffs on June 3, 2006. F.R.E. 803(6):

> (6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as

1

2

3

shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

4

The Emails, between Taheri and Ferguson, are at best informal investigation into the situation,

5

and are not probative.

6

## **CONCLUSION**

7

8

For the reasons listed above, and in Plaintiffs' Motion and Opposition papers, this court is

9

requested to grant summary judgment in favor of Plaintiffs.

10

11

12

Date:  ___2/15/2008_____          _____/s/_____

Colleen O'Brien

13

O'Brien & Kelleher, LLP

Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' REPLY TO DEFENDANT UNITED AIR LINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER